05/22/2018 01:32:00 PM

| | | | | PLAINTIFF'S ATTORNEY: | | | DEFENDANT'S ATTORNEY: |
|---|---|---|---|---|---|---|---|
| SUIT NO. 1019581 | | | | CARMOUCHE, JOHN H | | | UNASSIGNED, UNASSIGNED |
| PARISH OF CAMERON ET AL | | | | 17405 PERKINS RD | | | |
| VS | | | | BATON ROUGE, LA 70810 | | | , |
| BAY COQUILLE INC ET AL | | | | TALBOT CARMOUCHE & MARCELLO | | | UNASSIGNED |

DIVISON:　　TYPE:　　　　　DATE FILED: 02/04/2016　　　DATE AS OF: 05/22/2018　　　SUIT STATUS: OPN

Page: 1

| COUNT | DATE | PCODE | DESCRIPTION | PARTY | COSTS | RUNNING COSTS | DEPOSITS | PAYEE | PAID_DATE | REFERENCE # |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 04/22/2002 | 000001 | SEE D2 FOR NOTICE OF REMOVAL | D 3 | 0.00 | | | 000001 | / / | |
| 2 | 02/04/2016 | 000068 | ADM-NEW SUIT | P 1 | -22.00 | -22.00 | | 000001 | 02/12/2016 | 22657 |
| 3 | 02/04/2016 | 005600 | JUDICIAL EXPENSE FUND | P 1 | -15.00 | -37.00 | | 005600 | 02/12/2016 | 22667 |
| 4 | 02/04/2016 | 000201 | JUDGES' SUPPLEMENTAL COMP FUND | P 1 | -24.00 | -61.00 | | 000201 | 02/12/2016 | 22664 |
| 5 | 02/04/2016 | 005605 | SUPREME COURT ACT 405 | P 1 | -0.50 | -61.50 | | 027832 | 02/12/2016 | 22675 |
| 6 | 02/04/2016 | 005316 | SUPREME COURT OF LOUISIANA | P 1 | -5.00 | -66.50 | | 005316 | 02/12/2016 | 22666 |
| 7 | 02/04/2016 | 000516 | CASE PROCESSING FEES/CASE | P 1 | -5.00 | -71.50 | | 000001 | 02/12/2016 | 22657 |
| 8 | 02/04/2016 | 000001 | FR SUPREME COURT REPORTING FORM | P 1 | -6.00 | -77.50 | | 000001 | 02/12/2016 | 22657 |
| 9 | 02/04/2016 | 000001 | FR PET;CC;WITH HOLD CITATION | P 1 | -163.00 | -240.50 | | 000001 | 02/12/2016 | 22657 |
| 10 | 02/05/2016 | 000000 | DEPOSIT - TALBOT CARMOUCHE | P 1 | | -240.50 | 250.00 | 000000 | 02/05/2016 | 14405 |
| 11 | 03/14/2016 | 000001 | FR PET OF INTERVENTION/ NO SERVICE | P 2 | -29.00 | -269.50 | | 000001 | / / | |
| 12 | 03/31/2016 | 000001 | FR ORDER | P 2 | -13.00 | -282.50 | | 000001 | / / | |
| 13 | 04/04/2016 | 000001 | FR RULE TO SHOW CAUSE | P 2 | -13.00 | -295.50 | | 000001 | / / | |
| 14 | 04/04/2016 | 000016 | RULE FIXED FOR 04-25-16 @ 10 | P 2 | 0.00 | -295.50 | | 000001 | / / | |
| 15 | 04/13/2016 | 000001 | FR PET OF INTERVENTION/HOLD SERVICE | P 3 | -49.00 | -344.50 | | 000001 | / / | |
| 16 | 04/21/2016 | 000055 | ISSUE CITATIONS-12 | P 1 | -240.00 | -584.50 | | 000001 | 05/16/2016 | 22793 |
| 17 | 04/22/2016 | 000001 | FR NOTICE OF FILING NOTICE OF | D 2 | -57.00 | -641.50 | | 000001 | 05/02/2016 | 22771 |
| 18 | 04/22/2016 | 000001 | FAX CHARGES | D 2 | -74.00 | -715.50 | | 000001 | 05/02/2016 | 22771 |
| 19 | 04/22/2016 | 000001 | SEE D2 FOR NOTICE OF REMOVAL | D 5 | 0.00 | -715.50 | | 000001 | / / | |
| 20 | 04/22/2016 | 000001 | SEE D2 FOR NOTICE OF REMOVAL | D 9 | 0.00 | -715.50 | | 000001 | / / | |
| 21 | 04/22/2016 | 000001 | SEE D2 FOR NOTICE OF REMOVAL | D 11 | 0.00 | -715.50 | | 000001 | / / | |
| 22 | 04/28/2016 | 000000 | DEPOSIT -KUCHLER POLK SCHELL | D 2 | | -715.50 | 158.00 | 000000 | 04/28/2016 | 17080 |
| 23 | 05/09/2016 | 000000 | DEPOSIT -TALBOT CARMOUCHE | P 1 | | -715.50 | 230.50 | 000000 | 05/09/2016 | 14685 |
| 24 | 05/11/2018 | 000000 | DEPOSIT -TALBOT CARMOUCHE | P 1 | | -715.50 | 130.00 | 000000 | 05/11/2018 | 16845 |
| 25 | 05/11/2018 | 000049 | REQUEST FOR WRITTEN NOTICE/TRIAL | P 1 | -21.00 | -736.50 | | 000001 | 05/15/2018 | 23980 |
| 26 | 05/11/2018 | 000001 | FR LETTER TO ISSUE ORIG PET | P 1 | -29.00 | -765.50 | | 000001 | 05/15/2018 | 23980 |
| 27 | 05/14/2018 | 000001 | FR US DIST COURT DOCKET SHEET | D 2 | -96.00 | -861.50 | | 000001 | / / | |
| 28 | 05/14/2018 | 000028 | FRC JUDGMENT | D 2 | -6.00 | -867.50 | | 000001 | 05/15/2018 | 23980 |
| 29 | 05/15/2018 | 008000 | POSTAGE (ACT 243) | P 1 | -2.47 | -869.97 | | 000001 | / / | |

| LEDGER BALANCE | | | |
|---|---:|---:|---|
| Deposits | 768.50 | | |
| PrePaid Deposits | 0.00 | | |
| Total Deposits | | 768.50 | |
| Costs | -869.97 | | |
| PrePaid Costs | 0.00 | | |
| Total Costs | | -869.97 | |
| Refunds | | 0.00 | |
| Ledger Balance | | -101.47 | |
| Escrows | | 0.00 | |

| CASH BALANCE | | | |
|---|---:|---:|---|
| Deposits | 768.50 | | |
| PrePaid Deposits | 0.00 | | |
| Total Deposits | | 768.50 | |
| Costs | -667.50 | | |
| PrePaid Costs | 0.00 | | |
| Total Costs | | -667.50 | |
| Refunds | | 0.00 | |
| Cash Balance | | 101.00 | |
| Escrows | | 0.00 | |

**38TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CAMERON**

**STATE OF LOUISIANA**

DOCKET NO. 10-19581

**THE PARISH OF CAMERON**

**VERSUS**

**BAY COQUILLE, INC., BURLINGTON RESOURCES OIL & GAS COMPANY LP, CHEVRON U.S.A. HOLDINGS, INC., ENDEAVOR ENERGY RESOURCES, L.P., EXXON MOBIL CORPORATION, HELIS OIL & GAS COMPANY, L.L.C., HILCORP ENERGY COMPANY, KILROY COMPANY OF TEXAS, INC., MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC., SOUTHPORT EXPLORATION, INC., THE TEXAS COMPANY AND VINTAGE PETROLEUM, L.L.C.**

FILED: _____          _____
                                                                    **DEPUTY CLERK**

_____

**PETITION FOR DAMAGES
TO THE
CAMERON PARISH COASTAL ZONE**

NOW INTO COURT come plaintiffs, through undersigned counsel, to allege the following:

**PARTIES PLAINTIFF AND DEFENDANT**

**1.**

The Plaintiffs are: (1) the PARISH OF CAMERON, and (2) the State of Louisiana *ex rel.* PARISH OF CAMERON. The Parish of Cameron is a local government of this State that has been authorized since 1983 to operate an approved Local Coastal Zone Management Program pursuant to La. R.S. 214.28. As shown more fully below, the Parish of Cameron is authorized by state statute to bring appropriate actions on its own behalf and in the name of the State of Louisiana for enforcement of the State and Local Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq.*, hereinafter, the "**CZM Act of 1978**"), and the applicable regulations, rules, orders and ordinances promulgated or adopted thereunder by the State or Cameron Parish, as amended (hereinafter, collectively and together with the CZM Act of 1978, the "**CZM Laws**").

North Deep Lake

**2.**

Made defendants herein are the following entities (hereinafter, collectively, "**Defendants**"):

**BAY COQUILLE, INC.** is a foreign corporation whose principal place of business is located in Metarie, Louisiana, and whose registered agent, Richard F. Price, Jr., is located at 474 Metairie Rd., #203, Metairie, LA 70005.

**BURLINGTON RESOURCES OIL & GAS COMPANY LP** is a foreign partnership whose registered agent, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802.  Burlington Resources Oil & Gas Company LP is named as successor to **Burlington Resources Oil & Gas Company** and **Meridian Oil Inc.**

**CHEVRON U.S.A. HOLDINGS INC.** is a foreign corporation whose registered agent, Angie Wang c/o ChevronTexaco, is located at P.O. Box 6028, San Ramon, CA 94583.  Chevron U.S.A. Holdings, Inc. is named as successor to **Texaco E&P, Inc.** and **Texaco, Inc.**

**ENDEAVOR ENERGY RESOURCES, L.P.** is a foreign limited partnership registered agent, CT Corporation System, is located at 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.  Endeavor Energy Resources, L.P. is named as successor to **Northern Michigan Expl. Co.**

**EXXON MOBIL CORPORATION** is a foreign corporation whose registered agent, Corporation Service Company, is located at 320 Somerulos St., Baton Rouge, LA 70802.  Exxon Mobil Corporation is named as successor to **Mobil E&P North America, Inc.** and **The Superior Oil Company.**

**HELIS OIL & GAS COMPANY, LLC** is a domestic company organized under the laws of Louisiana, whose member, Helis Energy LLC, is a citizen of New Orleans, Louisiana. Helis Oil & Gas Company, LLC's registered agent, David A. Kerstein, is located at 228 St. Charles Ave., Suite 912, New Orleans, LA 70130.  Helis Oil & Gas Company, LLC is named as successor to **The William G. Helis Company, L.L.C.**

North Deep Lake

**HILCORP ENERGY COMPANY** is a foreign corporation whose registered agent, C T Corporation System, is located at 5615 Corporate Blvd., STE. 400B, Baton Rouge, LA 70808.

**KILROY COMPANY OF TEXAS, INC.** is a foreign corporation whose registered agent, CT Corporation System, is located at 350 North St. Paul Street, Dallas, Texas 75201.

**MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC.** is a foreign corporation whose registered agent, Corporation Service Company, is located at 320 Somerulos Street, Baton Rouge, Louisiana 70802.

**SOUTHPORT EXPLORATION, INC.** is a foreign corporation whose registered agent, Michael D. Cooke, is located at 4100 Bank of Oklahoma Tower, Tulsa, Oklahoma 74172.

**THE TEXAS COMPANY** is a foreign corporation whose registered agent, The Prentice-Hall Corporation System, Inc., is located at 320 Somerulos St., Baton Rouge, LA 70802.

**VINTAGE PETROLEUM, LLC** is a foreign company whose registered agent, The Corporation Trust Company, is located at Corporation Trust Center 1209 Orange St., Wilmington, DE, 19801. Vintage Petroleum, LLC is named as successor to **Vintage Petroleum, Inc.**

## AREAL EXTENT OF COMPLAINED-OF OPERATIONS

### 3.

In general, Plaintiffs allege below that certain of Defendants' oil and gas exploration, production and transportation operations associated with the development of the North Deep Lake Oil & Gas Field in Cameron Parish were conducted in violation of the CZM Laws and that these activities caused substantial damage to land and waterbodies located in the "Coastal Zone" (hereinafter so called), as defined by the CZM Act of 1978, within Cameron Parish. A map of the entire Louisiana Coastal Zone is attached hereto as Exhibit A.

North Deep Lake

In the detailed allegations that follow, the term "**Operational Area**" (hereinafter so called) is used to describe the geographic extent of the area within which the complained-of operations and activities occurred. On information and belief, the areal extent of the Operational Area is identified on the maps contained in Exhibit B attached hereto.

## JURISDICTION, VENUE, AND STATUTORY AND REGULATORY FRAMEWORK

### 4.

The CZM Act of 1978 states that it is the public policy of the state "[t]o protect, develop, and where feasible, restore or enhance the resources of the state's coastal zone." La. R.S. 49:214.22(1).

### 5.

Louisiana's Coastal Zone is specifically defined in La. R.S. 49:214.24(5). *See* Exhibit A. The Coastal Zone includes "the coastal waters and adjacent shorelands within the boundaries of the coastal zone . . . ." The term "coastal waters" includes "bays, lakes, inlets, estuaries, rivers, bayous, and other bodies of water within the boundaries of the coastal zone which have measurable seawater content (under normal weather conditions over a period of years)." La. R.S. 49:214.23(4).

### 6.

The Operational Area is located in Cameron Parish and within the Coastal Zone, and therefore certain activities within the Operational Area are governed by the CZM Laws.

### 7.

The CZM Laws regulate certain "*uses*" within the Coastal Zone. La. R.S. 49:214.30 states that "[n]o person shall commence a use of state or local concern without first applying for and receiving a coastal use permit." A map of the coastal use permits known to have been issued for work within the Operational Area is attached hereto as Exhibit C. A list of those coastal use permits is attached hereto as Exhibit D. The term "use" is defined at La. R.S. 49:214.23(13) as

North Deep Lake

"any use or activity within the coastal zone which has a direct and significant impact on coastal waters." "Uses of state concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and which are in need of coastal management and which have impacts of greater than local significance or which significantly affect interests of regional, state, or national concern. Use of state concern shall include, but not be limited to:
>
> (a)   Any dredge or fill activity which intersects with more than one water body.
>
> (b)   Projects involving use of state owned lands or water bottoms.
>
> * * *
>
> (f)   All mineral activities, including exploration for, and production of oil, gas, and other minerals, all dredge and fill uses associated therewith, and all other associated uses.
>
> (g)   All pipelines for the gathering, transportation or transmission of oil, gas and other minerals.
>
> (h)   Energy facility siting and development."

(La. R.S. 49:214.25(A)(1)).

## 8.

"Uses of local concern" are defined as:

> "Those uses which directly and significantly affect coastal waters and are in need of coastal management but are not uses of state concern and which should be regulated primarily at the local level if the local government has an approved program. Uses of local concern shall include, but not be limited to:
>
> (a)   Privately funded projects which are not uses of state concern.
>
> * * *
>
> (c)   Maintenance of uses of local concern.
>
> * * *
>
> (e)   Dredge or fill projects not intersecting more than one water body.
>
> * * *
>
> (i)   Maintenance dredging.
>
> * * *
>
> (k)   Uses on cheniers, salt domes, or similar land forms."

(La. R.S. 49:214.25(A)(2)).

North Deep Lake

**9.**

Enforcement of the CZM Laws is within the authority, *inter alia*, of an appropriate district attorney or a local government with an approved program. La. R.S. 49:214.36D. The Parish of Cameron, having obtained approval of its Coastal Zone Management Program from the Secretary of the Louisiana Department of Natural Resources (hereinafter, the "**LDNR**") on January 4, 1985 is a "local government with an approved program" within the meaning of the CZM Laws. *See* La. R.S. 49:214.23(8) and La. R.S. 49:214.28.

**10.**

Paragraph D of La. R.S. 49:214.36 states that "[t]he secretary [of the LDNR], the attorney general, an appropriate district attorney, or a local government with an approved program may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." Accordingly, the Parish of Cameron is authorized under the provisions of La. R.S. 49:214.36 to bring appropriate actions in its own behalf and in the name of the State of Louisiana for enforcement of the CZM Laws within Cameron Parish. Plaintiffs are empowered to bring declaratory, civil damages, or other actions as are necessary to ensure that no uses of state or local concern "are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." La. R.S. 49:214.36(D); La. R.S. 16:2D.

**11.**

Paragraph E of La. R.S. 49:214.36 states that "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of the restoration costs; require, where feasible and practical, actual restoration of areas disturbed; or otherwise impose reasonable and proper sanctions for uses conducted within the coastal zone without a coastal use permit where a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit. The court in its discretion may award costs and reasonable attorney's fees to the prevailing party."

North Deep Lake

**12.**

Paragraph G of La. R.S. 49:214.36 states that "[a]ny action pursuant to this Section...
must be brought in any parish in which the use or activity is situated."

**13.**

Venue for this action in this district is proper under La. R.S. 49:214.36(G). Plaintiffs are
the proper parties to bring the causes of action set forth herein pursuant to La. R.S. 49:214.36(D).

**14.**

Defendants have engaged in uses of state and local concern in Cameron Parish within the
Operational Area in violation of La. R.S. 49:214.21, *et seq.*

**15.**

The Louisiana CZM Laws require the secretary of the LDNR to develop a coastal
management program and guidelines to further the policies and goals of La. R.S. 49:214.21, *et
seq.* The adopted guidelines shall be followed in the development of the state program and local
programs and shall serve as criteria for the granting, conditioning, denying, or modifying of
coastal use permits. One of the goals of the guidelines is the "careful consideration of the
impacts of uses on water flow, circulation, quantity, and quality and require that the discharge or
release of any pollutant or toxic material into the water or air of the coastal zone be within all
applicable limits established by law, or by federal, state, or local regulatory authority." La.
R.S. 49:214.27(3).

**16.**

The state coastal management regulations contemplated by La. R.S. 49:214.21, *et seq.,*
are codified at LAC 43:I.700, *et seq.* These state regulations provide that coastal use permits
required by La. R.S. 214.30 are *in addition to* "any other permit or approval required or
established pursuant to any other constitutional provision or statute." LAC 43:I.700. These state
regulations further provide that "[m]ineral and production sites shall be cleared, revegetated,
detoxified, and otherwise restored as near as practicable to their original condition upon

termination of operations to the maximum extent practicable." LAC 43:I.719.M.  As discussed below, Defendants have failed to clear, revegetate, detoxify, and restore the mineral and production sites and other areas affected by their operations and activities within the Operational Area to their original condition, as required by LAC 43:I.719.M.  Defendants are liable to Plaintiffs under the CZM Laws for all damages associated with their failure to adhere to LAC 43:I.719.M.

### 17.

The coastal zone regulations further require that "[d]rilling and production sites shall be prepared, constructed, and operated using the best practical techniques to prevent the release of pollutants or toxic substances into the environment."  LAC 43:I.719.F.  These regulations also require that:

- "[t]he location and operation of waste storage, treatment, and disposal facilities shall be avoided in wetlands to the maximum extent practicable, and best practical techniques shall be used to minimize adverse impacts which may result from such use." LAC 43:I.715.A

- "[w]aste facilities located in wetlands shall be designed and built to withstand all expectable adverse conditions without releasing pollutants." LAC 43:I.715.C.

- "[w]aste facilities shall be designed and constructed using best practical techniques to prevent leaching, control leachate production, and prevent the movement of leachate away from the facility." LAC 43:I.715.D.

- "[a]ll waste disposal sites shall be marked and, to the maximum extent practicable, all components of waste shall be identified." LAC 43:I.715.F.

- "[w]aste facilities in wetlands with identifiable pollution problems that are not feasible and practical to correct shall be closed and either removed or sealed, and shall be properly revegetated using the best practical techniques." LAC 43:I.715.G.

- "[w]aste shall be disposed of only at approved disposal sites." LAC 43:I.715.H.

- "[r]adioactive wastes shall not be temporarily or permanently disposed of in the coastal zone." LAC 43:I.715.I.

As alleged below, the operations and activities of Defendants within the Operational Area have resulted in the release of contaminants, pollutants, waste, leachate, and toxic substances into the environment and away from the operated facilities, all in violation of LAC 43:I.715.A

North Deep Lake

through I and LAC 43:I.719.F. Furthermore, the drilling and production sites and waste facilities of Defendants within the Operational Area were not built to withstand all expectable adverse conditions without releasing pollutants, were not prepared using best practical techniques to prevent the release of pollutants or toxic substances, and were not designed and constructed to prevent leaching, control leachate production, or prevent the movement of leachate away from the facility. Defendants are liable for all damages resulting from their violation of the CZM Laws.

## 18.

Finally, the state coastal zone regulations prohibit the temporary or permanent disposal of radioactive wastes in the coastal zone. LAC 43:I.715.I. The operations and activities of Defendants in the Operational Area have resulted in the disposal of radioactive materials, including radium 226, radium 228, and naturally occurring radioactive materials (NORM), for which Defendants are liable.

## *FACTUAL ALLEGATIONS*

## 19.

Defendants drilled and/or operated numerous oil and gas wells within the Operational Area. A map showing the oil and gas wells within the Operational Area is attached hereto as Exhibit E. A list of the oil and gas wells drilled and/or operated by each Defendant is attached hereto as Exhibit F. The operations and activities of Defendants alleged in this petition to be in violation of the CZM Laws were conducted (or are being conducted) to enable or support the drilling and operation of the oil and gas wells listed on Exhibit F.

## 20.

The oil and gas operations and activities of Defendants in the Operational Area included the construction and use of unlined earthen waste pits, which are simply holes, ponds, or excavations dug into the ground or marsh. Many of these waste pits have never been closed or have not been closed in conformance with the state and local CZM Laws and other applicable

North Deep Lake

state environmental laws and regulations, including Statewide Order 29-B and the Louisiana Risk Evaluation/Corrective Action Program (RECAP).

### 21.

The use of waste pits in the Operational Area has a direct and significant impact on state coastal waters located within Cameron Parish, and thus each such pit required a coastal use permit after the enactment of the CZM Act of 1978. To the extent that, contrary to Plaintiffs' allegations, the use of any such waste pit was legally commenced prior to the enactment of the CZM Act of 1978, the continued existence of such waste pit following cessation of the operations supported by it constituted a new use for which a coastal use permit was required. In addition, the closure of any individual waste pits in the Operational Area would have involved substantial movement of materials and substantial alteration of the native terrain, and likewise required a state and/or local coastal use permit. On information and belief, Defendants never obtained the required state and/or local coastal use permits for the closure and/or post-CZM operations of their waste pits in the Operational Area. Additionally, these waste pits and areas adjacent thereto have never been cleared, revegetated, detoxified, and/or otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants have failed to design and construct their waste pits located in the Operational Area using best practical techniques to prevent leaching and to prevent the movement of leachate away from their waste facilities, as required by LAC 43:I.715.D.

### 22.

The Defendants use of waste pits in the Operational Area, and their failures to properly close those waste pits, to clear, revegetate, detoxify, and return the property affected thereby to its original condition, and to properly design those waste pits have caused ever increasing damage to the Cameron Parish Coastal Zone, for which Defendants are liable under the CZM Laws.

North Deep Lake

**23.**

Defendants have also discharged or disposed of oil field wastes from their waste pits and/or from their other oil and gas operations directly into the Operational Area. Each incident involving the discharge of oil field waste, including, without limitation, oil field brines, has a direct and significant impact on state coastal waters located in Cameron Parish and constitutes a use for which a state and/or local coastal use permit was required after the enactment of CZM Act of 1978 (Acts 1978, No. 361). On information and belief, Defendants never obtained the required state and/or coastal use permits for the discharge of oil field wastes into the Operational Area. Additionally, the areas of the Cameron Parish Coastal Zone that have received such discharges have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F, and failed to design and construct their waste pits in a manner to prevent leaching and the resulting discharge wastes, as required by LAC 43:I.715.D. Finally, Defendants knew or should have known that their oilfield wastes contain unacceptable and inherently dangerous levels of radioactive materials, including Radium 226 and 228, and thus the discharge of such materials into the Operational Area after 1978 was a flagrant violation of the CZM Laws, particularly LAC 43:I.715.I. As a result of these failures, Defendants are liable under the CZM Laws for damages and the other relief sought herein.

**24.**

In addition to the use of unpermitted waste pits, the failure to close waste pits properly, and the unpermitted discharge of oil field waste, including, without limitation, oilfield brines, in the Operational Area, Defendants' oil and gas activities have caused the Cameron Parish Coastal Zone, and in particular the canals, bayous, sediments, marshes, soils, and groundwaters in the Operational Area, to become contaminated or polluted in excess of applicable state standards, which has a direct and significant impact on state coastal waters. Each of these uses constitutes a use for which a coastal use permit was required beginning with the enactment of the CZM Act of 1978. The state coastal zone regulations, at LAC 43.I.700, *et seq.*, define "contaminant" as "an

North Deep Lake

element causing pollution of the environment that would have detrimental effects on air or water quality or on native floral or faunal species." The contamination deposited in the Operational Area as a result of Defendants' activities has had a detrimental effect on the quality of the receiving state waters, on plant and animal life, and on humans who are exposed to such contamination. In addition, Defendants have utilized the Operational Area for the storage of their pollution or contamination, which likewise is a use for which a state and/or local coastal use permit has been required since 1978. On information and belief, Defendants never obtained the required state and/or local coastal use permits for the deposition or storage of contamination or pollution in the Operational Area. The areas of the Cameron Parish Coastal Zone that have been affected by such pollution or contamination have never been cleared, revegetated, detoxified, and otherwise restored to their original condition as required by LAC 43:I.719.M. Furthermore, Defendants have failed to prevent the release of pollutants or toxic substances into the environment in accordance with LAC 43:I.719.F. Defendants have also allowed the accumulation of radioactive materials in the soils and groundwaters of the Operational Area, in violation of LAC 43:I.715.I. Defendants are thus liable for their acts of contamination in violation of the CZM Laws, including La. R.S. 49:214.36.

## 25.

Since 1978 and before, Defendants' oil and gas activities have resulted in the dredging of numerous canals in, through, and across the Operational Area. The dredging of canals in the Operational Area has a direct and significant impact on the state coastal waters within Cameron Parish. On information and belief, Defendants in some instances exceeded the limits of the coastal use permits issued in connection with the dredging of such canals, and in other instances failed to obtain the coastal use permits required for the dredging of such canals. Furthermore, Defendants failed to design, construct and maintain said canals using the best practical techniques to prevent bank slumping, erosion and saltwater intrusion and to minimize the potential for inland movement of storm-generated surges in accordance with LAC 43:I.705.J. As a consequence thereof, Defendants' dredging activities have resulted in the degradation of the Operational Area, including the erosion of marshes and the degradation of terrestrial and aquatic

North Deep Lake

life therein. Additionally, the destruction of the Cameron Parish Coastal Zone has increased the risk of damage from storm-generated surges and other flooding damage, and has enabled and/or accelerated saltwater intrusion. Furthermore, Defendants failed to revegetate, refill, clean, detoxify, and otherwise restore these canals to their original condition as required by LAC 43:I.705.N, 711.F and 719.M.

## 26.

The above activities of Defendants lie in stark contrast to, and in violation of, the policies enumerated at LAC 43:I.701(G), which states as follows:

"It is the policy of the coastal resources program to avoid the following adverse impacts . . . :

(4)    alterations in the natural concentration of oxygen in coastal waters;

(5)    destruction or adverse alterations of streams, wetland, tidal passes, inshore waters and waterbottoms, beaches, dunes, barrier islands, and other natural biologically valuable areas or protective coastal features;

\* \* \*

(8)    detrimental changes in existing salinity regimes;

(9)    detrimental changes in littoral and sediment transport processes;

\* \* \*

(13)    discharges of pathogens or toxic substances into coastal waters;

\* \* \*

(16)    adverse alteration or destruction of unique or valuable habitats, critical habitat for endangered species, important wildlife or fishery breeding or nursery areas, designated wildlife management or sanctuary areas, or forestlands;

\* \* \*

(18)    adverse disruptions of coastal wildlife and fishery migratory patterns;

(19)    land loss, erosion, and subsidence;

(20)    increases in the potential for flood, hurricane and other storm damage, or increase in the likelihood that damage will occur from such hazards;

North Deep Lake

(21)   reduction in the long term biological productivity of the coastal ecosystem.

### 27.

On information and belief, at least some of the activities of Defendants described above may have been permitted and/or authorized by the Louisiana Department of Natural Resources, Office of Conservation (hereinafter, the "**LDNR-OC**").   Paragraph B of La. R.S. 49:214.31 states that "[p]ermits issued pursuant to existing statutory authority of the office of conservation in the Department of Natural Resources for the location, drilling, exploration and production of oil, gas, sulfur or other minerals shall be issued in lieu of coastal use permits, provided that the office of conservation shall coordinate such permitting actions pursuant to R.S. 49:214.31(B) and (D) and **shall ensure that all activities so permitted are consistent with the guidelines, the state program and any affected local program.**" (Emphasis added).   The *Memorandum of Understanding Between the Coastal Management Section of the Department of Natural Resources and the Office of Conservation of the Department of Natural Resources*, dated July 8, 1980, reinforces section La. R.S. 49:214.31, wherein it states that the LDNR-OC "will issue in-lieu permits only if the proposed activity is consistent with the Coastal Use Guidelines, the Louisiana Coastal Resources Program and affected approved local programs."

### 28.

To the extent that Defendants operated or conducted activities in the Operational Area under "in lieu" permits authorized or granted by the LDNR-OC or another state agency, Defendants were obligated to comply fully with the CZM Laws in the conduct of such operations or activities.

### 29.

Furthermore, Plaintiffs allege that most, if not all, of Defendants' operations or activities complained of herein were not "lawfully commenced or established" prior to the implementation of the coastal zone management program. *See* LAC 43:723(B)(8). The complained-of operations and activities were prohibited prior to 1978 by various provisions of Louisiana Statewide Orders

North Deep Lake

29, 29-A, and 29-B, various field wide orders, as well as various orders of the Louisiana Stream Control Commission.

### 30.

Defendants are required to comply not only with all applicable state environmental laws and state regulations, but also with any additional requirements imposed by the State of Louisiana or Cameron Parish through the coastal zone management program. Defendants have failed to comply with numerous provisions of the state coastal zone management program, as previously alleged, and thus they are liable under the CZM Laws for any damages resulting from these violations.

### 31.

The Defendants are liable for the foregoing violations of the state and local CZM Laws, including without limitation, the failure to clear, revegetate, detoxify, and restore to their original condition those portions of the Cameron Parish Coastal Zone affected by Defendants' activities within the Operational Area.

### 32.

The damages, costs, and attorney fees provided by La. R.S. 49:214.36 are in addition to any fine, forfeiture, other penalty, or costs imposed under any other provision of law.

### 33.

Notwithstanding any allegations or language to the contrary contained elsewhere in this petition, Plaintiffs expressly limit the scope of the claims and allegations of this petition as follows:

(a)     Plaintiffs allege only those state law causes of action that they have a right to pursue under La. R.S. 49:214.21, *et seq.*, as amended, and the state and local regulations, guidelines, ordinances and orders promulgated pursuant thereto and consistent therewith;

North Deep Lake

(b)     Plaintiffs have not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law or federal regulations, and assert no such claims herein; Plaintiffs allege no claims subject to federal question jurisdiction;   Plaintiffs do not pursue or allege any claims or causes of action arising under federal common law;

(c)     To the extent any state law claims alleged in this petition are preempted by federal law, such claims are not alleged herein;

(d)     Plaintiffs do not pursue or allege any claims that have been discharged in bankruptcy;

(e)     Plaintiffs do not pursue or allege any claims "arising under the Constitution, laws, or treaties of the United States";

(f)     Plaintiffs do not allege or pursue any claims wherein their right to relief under any cause of action necessarily depends on a resolution of a substantial, disputed question of federal law;

(g)     Plaintiffs do not allege or pursue any claims arising under the Rivers and Harbors Act of 1899, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**RHA**"), and do not pursue or allege any claims arising under any U.S. Army Corps of Engineers regulations or permits;

(h)     Plaintiffs do not pursue or allege any claims arising under the Clean Water Act of 1972, as amended, or any regulations issued pursuant thereto (hereinafter, collectively, the "**CWA**");

(i)     Plaintiffs do not pursue or allege any claims arising under any federal regulations;

(j)     Plaintiffs do not allege or pursue any claim that any Defendant violated a federal permit or failed to obtain a federal permit;

North Deep Lake

(k)     Plaintiffs do not allege that they are third party beneficiaries of any obligation between Defendants and any governmental body, or that they are third party beneficiaries of any permitting scheme;

(l)     Plaintiffs do not allege that they are third party beneficiaries of any permit, contract, or right of way agreement, or other conventional servitude or servitude imposed by law;

(m)     Plaintiffs do not allege that they have the right to enforce a federal permit as a third party beneficiary;

(n)     Plaintiffs do not allege that they represent any class; further, Plaintiffs do not pursue or allege any claim over which there is CAFA jurisdiction of this case; Plaintiffs bring this action only on their own behalf and not on behalf of any class or group of individuals or legal entities.

(o)     Plaintiffs do not allege that any acts, omissions, operations or activities occurring on the Outer Continental Shelf violated the CZM Laws.  None of the acts, omissions, operations or activities that form the basis of the Plaintiffs' claims in this petition involve operations or activities on the Outer Continental Shelf.  Plaintiffs do not pursue or allege any claim arising under the Outer Continental Shelf Lands Act (the "**OCSLA**")(43 U.S.C. § 1331 *et seq.*); Plaintiffs do not pursue or allege any claim subject to the jurisdiction of the OCSLA; further, Plaintiffs do no pursue or allege any claim within the jurisdiction established by 43 U.S.C. § 1349;

(p)     Plaintiffs do not pursue or allege any claim for activities conducted on a federal enclave or for damage to a federal enclave, and do not pursue or allege any claims regarding any land held in trust by the federal government, its officers, agencies, or agents; Plaintiffs do not pursue or allege any claims over which the federal government contests title.  Plaintiffs do not pursue or allege any claims for damages to any federal floodwalls, federal levees, or any other federal installations or properties. Plaintiffs do not allege that any event, activity, or claim pursued in this petition occurred on a federal enclave. Plaintiffs do not allege or pursue any claim

for an alleged injury in circumstances where the alleged injury arose on a federal enclave and the injury is indivisible from an injury that did not occur on a federal enclave.

(q)     Plaintiffs make no claims under Louisiana tort law, contract law, mineral law, or property law;

(r)     Plaintiffs do not allege or pursue any claims that are: (1) covered by or subject to the jurisdiction of the All Writs Act, 28 U.S.C. §1651, et seq., as amended; or, (2) covered by or subject to the jurisdiction of the Convention on the Recognition of Foreign Arbitral Awards, 9 U.S.C. §201, et seq., as amended. Plaintiffs do not allege or pursue any claims under the federal Oil Pollution Act of 1990, as amended;

(s)     Plaintiffs do not allege any claim or cause of action arising under the federal Natural Gas Act, 15 U.S.C. 717 – 717w.

(t)     In summary, Plaintiffs limit the claims asserted in this petition to state law claims arising under the CZM Laws. The attachment of the map of the entire Louisiana Coastal Zone (See Exhibit A) or the attachment of any other exhibits to this petition shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. With regard to any permit alleged in this petition to have been violated, the inclusion of language in such permit referring to federal laws or federal regulations shall in no way be interpreted as an expansion of the scope of the specific state law claims alleged in this petition. Any allegation in this petition that any defendant has violated a coastal use permit shall not be construed as an allegation that plaintiffs have alleged federal causes of action based on the violation of any federal law or regulation generally or specifically referenced in the permit or any application therefor. Further, to the extent the CZM Laws contain any citation of or reference to any federal laws, statutes or regulations, no claims or causes of action are alleged under those federal laws, statutes or regulations. Any allegation in this petition that any defendant has violated the CZM Laws shall not be construed as an allegation of a federal cause of action based on the violation of federal laws, statutes or regulations referenced in the CZM Laws. The quotation or reference in this petition to provisions of certain CZM Laws concerning "uses" of national or regional

North Deep Lake

concern shall not be construed as an allegation that Plaintiffs are making claims arising under the Constitution, laws, or treaties of the United States. The use of the term "navigation" or such similar terms in the CZM Laws shall not be construed to imply that Plaintiffs are asserting maritime or admiralty claims.

(u)     Plaintiffs do not plead any claim or cause of action pertaining to private property located within the Cameron Parish Coastal Zone: (1) that is the subject of any present or future demand for environmental restoration or remediation, regardless of whether the relief demanded is specific performance, damages or a mandatory or prohibitive injunction; or, (2) that is the subject of any pending or future litigation under Act 312 of 2006 (La. R.S. 30:29, et seq., as amended). Plaintiffs do not seek injunctive relief.  Further, Plaintiffs do not plead any claims related to any pending environmental statutory or regulatory claims or actions filed or taken by any federal agency, including, but not limited to, the Environmental Protection Agency and the U.S. Army Corps of Engineers.

**34.**

Subject to all of the limitations set forth in this petition, including, but not limited to, paragraph 33, Plaintiffs Parish of Cameron and the State of Louisiana claim all damages and remedies appropriate under the CZM Laws, including, but not limited to, restoration and remediation costs; actual restoration of disturbed areas to their original condition; costs necessary to clear, revegetate, detoxify and otherwise restore the affected portions of the Cameron Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M; declaratory relief in circumstances where such relief is required, in addition to money damages, to accomplish the purposes of La. R.S. 49:214.21 *et seq.*; costs and expenses of litigation, including costs of environmental assessments and expert costs, and reasonable attorney's fees; and all other damages or remedies provided for in La. R.S. 49:214.21, *et seq.*

**35.**

Plaintiffs allege that the damage caused by defendant's complained-of activities within the Operational Area resulted from the defendants' violation of coastal use permits *and* from

North Deep Lake

unpermitted uses of the coastal zone. Plaintiffs' claims are limited to the civil remedies provided for in La. R.S. 49:214.36; plaintiffs do not assert claims for any criminal or quasi-criminal remedies set forth in La. R.S. 49:214.36.

36.

Plaintiffs allege that defendants are *solidarily* liable for the damage caused by defendant's complained-of activities within the Operational Area. The CZM Laws render the defendants liable for the cumulative impacts of their permit and regulatory violations. While the individual defendants may have acted independently of each other in certain circumstances, their statutory, regulatory and permit violations resulted in "cumulative impacts" to the area of the coastal zone damaged by defendant's complained-of activities within the Operational Area. "Cumulative Impacts" are defined in La. Admin. Code tit. 43, pt. I, § 700 as "impacts increasing in significance due to the collective effects of a number of activities." La. Admin Code. tit. 43, pt. I, § 701 states that the "likelihood of, and extent of impacts of, resulting secondary impacts and cumulative impacts" "shall be utilized by the permitting authority in evaluating whether the proposed use is in compliance with the guidelines," and that "all uses and activities shall be planned, sited, designed, constructed, operated, and maintained to avoid to the maximum extent practicable significant" "adverse effects of cumulative impacts." The defendants' unpermitted uses of the coastal zone the defendants' violations of coastal use permits resulted in "cumulative impacts" to area of the coastal zone damaged by defendant's complained-of activities within the Operational Area. Such damage could have been avoided had defendants followed the statutory and regulatory requirements of the CZM Laws. Further, the restoration requirements set forth in La. R.S. 49:214.36 D and E cannot be accomplished by ignoring the combined effects of multiple violations of the CZM Laws. La. R.S. 49:214.36 (E) provides for a "restoration" remedy that is "feasible and practical." Restoration objectives must respond to environmental impacts caused by the cumulative effects of oil and gas operations. Both the CZM Laws and the LDNR Coastal Management Division's standard operating procedures recognize the need to evaluate the cumulative and compound impacts of defendants' violations. The statute mandating the development of the state's master plan states: "The task

North Deep Lake

of... restoring and developing a sustainable coastline will require implementation of a holistic, comprehensive engineering plan..." *See* La. R.S. 49:214.4.1(A)(3).

La. C. C. art. 1815 provides that an obligation is indivisible when the object of the performance is "not susceptible of division." Indivisible obligations are subject to the rules governing solidarity. La. C.C.P. art. 1818. Under Louisiana law, if the consecutive and/or concurrent wrongful acts of defendants contribute in unknown proportions to property damage, defendants are *solidarily* liable because their obligations are indivisible.

37.

Plaintiffs demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants (subject to the limitations set forth in this petition), as follows:

(a)     Awarding damages and other appropriate relief specifically provided in the CZM Laws for violations of all applicable state coastal zone management program statutes and regulations within the Cameron Parish Coastal Zone;

(b)     Ordering the payment of costs necessary to clear, revegetate, detoxify and otherwise restore the Cameron Parish Coastal Zone as near as practicable to its original condition pursuant to LAC 43:I.705.N, 711.F and 719.M.;

(c)     Requiring actual restoration of the Cameron Parish Coastal Zone to its original condition;

(d)     Awarding reasonable costs and attorney fees;

(e)     Awarding pre-judgment and post-judgment interest at the maximum rate allowable by law;

(f)     Such other and further relief available in the premises, subject to the limitations set forth in the petition; and

North Deep Lake

(g)     Plaintiffs request trial by jury.

Respectfully submitted:

**TALBOT, CARMOUCHE & MARCELLO**
17405 Perkins Road
Baton Rouge, LA  70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, #2226 (dcoffice@tcmlawfirm.net)
Victor L. Marcello, #9252 (vmarcello@tcmlawfirm.net)
John H. Carmouche, #22294 (jcarmouche@tcmlawfirm.net)
William R. Coenen, III, #27410 (wcoenen@tcmlawfirm.net)
Brian T. Carmouche, #30430 (bcarmouche@tcmlawfirm.net)
Todd J. Wimberley, #34862 (twimberley@tcmlawfirm.net)
Ross J. Donnes, #33098 (rdonnes@tcmlawfirm.net)
D. Adele Owen, #21001 (aowen@tcmlawfirm.net)
Leah C. Poole, #35092 (lpoole@tcmlawfirm.net)

Chad E. Mudd, #25188 (cmudd@camtel.net)
David P. Bruchhaus, #24326 (dbruchhaus@camtel.net)
M. Keith Prudhomme, #14336 (kprudhomme@camtel.net)
Matthew P. Keating, #30911 (mkeating@camtel.net)
**MUDD & BRUCHHAUS, L.L.C.**
410 E. College St.
Lake Charles, LA  70605
Telephone:  (337) 562-2327
Fax:  (337) 562-2391

*Attorneys for Plaintiffs*

**PLEASE HOLD SERVICE**

North Deep Lake

## EXHIBIT A

### Louisiana Coastal Zone Boundary



A-1

*North Deep Lake*

## EXHIBIT B

### Map of the Operational Area

(Overview)



*North Deep Lake*

## EXHIBIT B

## Map of the Operational Area

(Detail View)

# 2014 Aerial



*North Deep Lake*

**EXHIBIT C**

**Map of Coastal Use Permits within the Operational Area**

Yellow and orange shapes represent work locations described in Coastal Use Permits.
*Source: LDNR*

# 2014 Aerial



*North Deep Lake*

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19810032 | Whitestone Petroleum Corp. - Dredge card and slip for drilling barge. Approx. 4 miles SW of White Lake |
| P19810344 | K-B Exploration Company - Dredge for slip to access well, dredging off existing canal about 18200 cu yds placed in wetlands. NW of Pecan Island |
| P19811955 | LARESOURCES - GAS // 6" GAS FLOWLINE // 3' MIN BLW MARSH // // Begin: K.B.-MIAMI WELL#1A // End: TIE-IN @ EXST L.R.C. 6" P/L // Status: Authorization Granted - Special Conditions |
| P19820078 | Seagull Energy Corporation - Sweep 500 cy of existing canal and dredge slip (20K cy) for oil and gas. 2.2 acres fresh marsh disturbed. West of White Lake |
| P19820141 | K-B Exploration Company - Construct canal and slip to prepare well site, 44833 cy excavation required. NW of Pecan Island |
| P19830234 | Southport Exploration, Inc - Dredge 500' canal and slip for well, 3 acres fresh marsh impacted excavating 17898 cy material stockpiled on canal banks. 14 mi NW Pecan Island |
| P19830808 | Southport Exploration, Inc - Dredge and maintain extension to existing canal for access to proposed well location, 65233 cu yds deposited into wetlands, 14.5 mi NE of Pecan Island |
| P19840599 | QUINTANA - GAS // 4" GAS // 3' BLW MARSH // // Begin: PRODUCTION FACILITY // End: UNSPEC TIE-IN @ MIAMI WELL#2-A // Status: Authorization Granted - Special Conditions |
| P19840599 | QUINTANA - LIQUID // 2" LIQUID // 3' BLW MARSH // // Begin: PRODUCTION FACILITY // End: UNSPEC TIE-IN @ MIAMI WELL#2-A // Status: Authorization Granted - Special Conditions |
| P19840611 | Southport Exploration, Inc. - Excavated ~52,400 yd.^3 of marsh and ~5,444 yd.^3 of pond bottom to construct access canal and drilling slip; material piled into continuous levee on location; install well head protection structure; S15, T15S-R3W; ~17 miles E of Grand Chenier, LA |
| P19840612 | SOUTHPORT - FLOWLINE // 4" FLOWLINE // 3' MIN BLW MARSH // // Begin: SOUTHPORT-MIAMI CORP. WELL#2-22 // End: TIE-IN @ EXST. L.R.C. P/L // Status: Authorization Granted - Special Conditions |
| P19840613 | Southport Exploration, Inc. - Installation of pile clusters and production barge to service Miami Corp. well and construct time pile bents for pipeline support; 18 miles SE of Lowry, LA; S15, T15S-R3W |
| P19840686 | Southport Exploration, Inc. - excavate ~19,050 yd.^3 of marsh to construct oil/gas access canal 430' x 150' x 8'; spoil placed adjacent with gaps between it to allow water movement; S23, T15S-R3W off existng canal ~17.5 miles E of Grand Cheniere |
| P19841086 | Quintana Petroleum Corp. - Dredge 999.7' canal and slip to access well location; ~40,721 yd.^3 of marsh will be excavated and deposited continuously around slip and canal; S14, T15S-R3W, ~11 miles NW of Pecan Island |
| P19841456 | SOUTHPORT - FLOWLINE // 2 7/8" FLOWLINE // 3' MIN BLW MARSH LEVEL // // Begin: SOUTHPORT-MIAMI WELL#3 // End: PRODUCTION BARGE // Status: Authorization Granted - Special Conditions |

D-1

*North Deep Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
| --- | --- |
| P19841509 | SOUTHPORT - FLOWLINE // 2 7/8" FLOWLINE // 3' MIN BLW MARSH LEVEL // // Begin: SOUTHPORT-MIAMI WELL#4 // End: PRODUCTION BARGE // Status: Authorization Granted - Special Conditions |
| P19850139 | Southport Exploration, Inc. - Excavate 16700 cy for parallel slip off existing canal for well site, 1.2 acres existing spoil and 1.2 acres fresh marsh may be altered; |
| P19850755 | Quintana Petroleum Corp. - Proposed canal & slip for drilling a well 11 mi NW of Pecan Island |
| P19850756 | Quintana Petroleum Corp. - Proposed canal & slip for drilling a well 11 mi NW of Pecan Island |
| P19850841 | QUINTANA - FLOWLINE // 2" FLOWLINE // 3' MIN BLW GROUND, UNSPECIFIED @ CANAL XING // // Begin: TIE-IN @ UNSPEC LOC @ MIAMI CORP WELL#A-2 // End: MIAMI CORP WELL#A-3 // Status: Authorization Granted - Special Conditions |
| P19851073 | Quintana Petroleum Corp. - Dredge appx 160x350 slip; Appx 26,450 cy (2.5 acres of fresh marsh) of marsh dredged and deposited on existing spoil banks |
| P19851111 | Southport Exploration, Inc. - Dredge 374x120 parallel slip; appx 16,700 cy of existing spoil bank/native material to be dredged & deposited; loss of 1.2 acres of intermediate marsh; 18 miles W of Grand Chenier, La |
| P19860128 | Northern Michigan Exploration Co. - Dredge ±21490 CY to build canal & slip to D/P Miami Corp. Well # A-3, Sec. 24, T15S - R3W. ±3.7 acs. of intermediate marsh will be altered. |
| P19860337 | Northern Michigan Exploration Co. - ±345' slip is nearly parallel and will alter only 2.0 acres of intermediate marsh. Miami Corp Well #5, Sec. 23, T15S - R3W. |
| P19860523 | NORTHERN MICHIGAN - // 6" PIPELINE // BURIED 3 FT BELOW MUD LEVEL // // Begin: TIE-IN @ UNSPECIFIED LOCATION // End: METER STATION // Status: Authorization Granted - Special Conditions |
| P19860524 | NORTHERN MICHIGAN - // 3" PIPELINE // BURIED 3 FT MINIMUM // // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P19860866 | NORTHERN MICHIGAN - PIPELINE // 6" PIPELINE // 3' MIN COVER // // Begin: SOUTHPORT EXPLORATION PRODUCTION BARGE (P840612) // End: TIE-IN @ 4" NRTHRN MICH. P/L // Status: Authorization Granted - Special Conditions |
| P19870495 | NORTHERN MICHIGAN - FLOWLINE // 2.5" FLOWLINE // 3' MIN BLW MARSH LEVEL & M/L IN SLIP // // Begin: NORTHERN MICHIGAN WELL#5-23 // End: PRODUCTION BARGE // Status: Authorization Granted - Special Conditions |
| P19871211 | Northern Michigan Exploration Company - Proposed drilling barge, well protection structure and slip; North Deep Lake field |
| P19881150 | Medallion Petroleum, Inc - Drilling barge, well protection structure, and well slip near Grand Chenier, 16568 cy marsh to be excavated |
| P19900151 | Culvert |
| P19900151 | MMP Area |
| P19900151 | Plug/Dam |
| P19900151 | Weir |

D-2

# EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P19920819 | Dwight Savoie - Local Concern. Trenasse maintenance remove organic mater as needed. Secs. 10, 11, 14, 15, 17, 21, 22, 23, 26, 27, 28, 34 & 35, T15S - R3W |
| P19961038 | DUPONT DARRELL FATS - NOT A PIPELINE // TRENASSE MAINTENANCE // // // Begin: // End: // Status: Review complete Transferred to Local Program for Authorization |
| P19971999 | DRILL BARGE + PROTECTION STR TO DRILL  23 WELL #1 |
| P19972011 | RME Petroleum Company - Well name: Miami Corp. A-23. Well #1. H2O block: Pilings or dolphins. Dev: Indstrl/cmrl. Impact: .1 ac.. Sec. 23, T15S - R3W. |
| P19972012 | RME Petroleum Company - Well nm: Miami Corp. 35. Well #1. Dredge: Cnl/slp (9445 CY). H2O: Plngs or dlphns. Sec.35, T15S - R3W. Impacts: 2.08 & 2.51 acs.. |
| P19972025 | RME Petroleum Company - Application withdrawn. Well name: Miami Corp. 26. Well #1. Sec. 26, T15S - R3W. |
| P19980055 | RME Petroleum Company - Well : Miami Corp 24. Well #1. Misc: Prdtn/Htr pltfrm. H2O block: plngs/dlphns. Sec. 24, T15S - R3W. Imapcts: .1 acs.. |
| P19981756 | CLEANOUT TO DRILL WELL #2 |
| P19981756 | MIAMI CORP 22 WELL #1 ; DRILL BARGE & STRUCTURES |
| P20000173 | DREDGE |
| P20000173 | SPOIL |
| P20000173 | WELL MIAMI CORP WELL NO. 1 |
| P20010317 | DRILLING BARGE, A.M. MHIRE WELL NO. 1 |
| P20010317 | WELL PROTECT STRUCTURE |
| P20011006 | DRILLING BARGE |
| P20020340 | HOLLIER, STEPHEN P. - NOT A PIPELINE // TRENASSE MAINTENANCE // // // Begin: // End: // Status: Review complete Transferred to Local Program for Authorization |
| P20040691 | CLEANOUT |
| P20040691 | SPOIL |
| P20040691 | STRUCTURES MIAMI CORP NO A-5 WELL, CLEANOUT |
| P20041144 | CLEANOUT TO DRILL WELL #1 |
| P20041144 | MIAMI CORP. NO 1 WELL: DRILLING BARGE & STRUCTURES |
| P20041144 | SPOIL |
| P20061586 | NORTH DEEP LAKE PUD #5 WELL LOCATION |
| P20061586 | PROPWASH & SLIP |
| P20061879 | BANK STABILIZATION |
| P20061879 | HILCORP ENERGY COMPANY - FLOWLINE ROUTE A // 2" // 3' MIN BLW NATURAL GROUND, SPOIL BANKS & ML // PROPOSED // Begin: LINE HEATER PLATFORM MIAMI WELL #5 // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P20061879 | HILCORP ENERGY COMPANY - FLOWLINE ROUTE A // 4" // 3' MIN BLW NATURAL GROUND, SPOIL BANKS & ML // PROPOSED // Begin: LINE HEATER PLATFORM MIAMI WELL #5 // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |

*North Deep Lake*

## EXHIBIT D

## Coastal Use Permits for Work in the Operational Area

| CUP No. | Description |
|---------|-------------|
| P20061879 | HILCORP ENERGY COMPANY - FLOWLINE ROUTE B // 4" // 3' MIN BLW NATURAL GROUND, SPOIL BANKS & ML // PROPOSED // Begin: LINE HEATER PLATFORM MIAMI WELL #5 // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P20061879 | HILCORP ENERGY COMPANY - FLOWLINE ROUTE B // 6" // 3' MIN BLW NATURAL GROUND, SPOIL BANKS & ML // PROPOSED // Begin: LINE HEATER PLATFORM MIAMI WELL #5 // End: EXISTING FACILITY // Status: Authorization Granted - Special Conditions |
| P20061879 | LINE HEATER PLATFORM, WALKWAY |
| P20070540 | EAGLE GEOPHYSICAL, INC. - NOT A PIPELINE // 2-D SEISMIC LINE //  //  // Begin: // End: // Status: Authorization Granted - Special Conditions |
| P20080710 | DOCK REMOVAL |
| P20080710 | EXXONMOBIL PRODUCTION COMPANY - FLOWLINE // 2" // TOP OF PIPERACK // REMOVAL // Begin: RISER TO REMOVE // End: RISER TO REMOVE // Status: Authorization Granted - Special Conditions |
| P20080710 | EXXONMOBIL PRODUCTION COMPANY - FLOWLINE // 3" // TOP OF PIPERACK // REMOVAL // Begin: RISER TO REMOVE // End: RISER TO REMOVE // Status: Authorization Granted - Special Conditions |
| P20080710 | EXXONMOBIL PRODUCTION COMPANY - FLOWLINE // 4" // TOP OF PIPERACK // REMOVAL // Begin: RISER TO REMOVE // End: RISER TO REMOVE // Status: Authorization Granted - Special Conditions |
| P20080710 | EXXONMOBIL PRODUCTION COMPANY - PIPELINE // 3" // VARIES TO 11.3' BLW ML // REMOVAL // Begin: WELL # E-1 : 3" RISER TO REMOVE // End: RISER TO REMOVE // Status: Authorization Granted - Special Conditions |
| P20080710 | EXXONMOBIL PRODUCTION COMPANY - PIPELINE // 4" // VARIES TO 11.3' BLW ML // REMOVAL // Begin: WELL # E-1: 4" RISER TO REMOVE // End: RISER TO REMOVE // Status: Authorization Granted - Special Conditions |
| P20080710 | PLATFORM REMOVAL |
| P20080710 | REMOVAL 2" RISER |
| P20080710 | REMOVAL 3" RISER |
| P20080710 | REMOVAL 4" RISER |
| P20080710 | SLAB REMOVAL |
| P20080710 | STRUCTURE REMOVAL @ MIAMI FEE WELL #E-1 |
| P20080710 | WALKWAY REMOVAL |
| P20120205 | DYNAMIC EXPLORATION PARTNERS, LLC - EXISTING PIPELINE //  // 3.5' BLW ML // ACTIVE // Begin:  // End:  // Status: Authorization Granted - Special Conditions |
| P20120205 | PROPWASH SLIP |
| P20120205 | WELL LOCATION & STRS: MIAMI CORP NO 1 |

D-4

*North Deep Lake*

## EXHIBIT E

### Map of Oil & Gas Wells within the Operational Area

Orange triangles indicate the surface locations of Oil & Gas Wells. *Source: LDNR*

# 2014 Aerial



*North Deep Lake*

## EXHIBIT F

## Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

### BAY COQUILLE, INC.

230252

### BURLINGTON RES OIL & GAS CO

| | | |
|---|---|---|
| 94781 | 190842 | 199294 |
| 113310 | 192147 | 205251 |

### HILCORP ENERGY COMPANY

| | | |
|---|---|---|
| 94781 | 190842 | 205251 |
| 113310 | 199294 | 234930 |

### KILROY CO. OF TEXAS, INC.

| | | |
|---|---|---|
| 94781 | 117981 | 160937 |
| 113310 | 119143 | |
| 113311 | 158210 | |

### MERIDIAN OIL INC.

| | | |
|---|---|---|
| 94781 | 190842 | 205251 |
| 113310 | 192147 | |
| 175368 | 199294 | |

### MOBIL E&P NORTH AMERICA INC.

169368

### MOBIL OIL E & P SOUTHEAST INC

| | |
|---|---|
| 169368 | 227757 |

### NORTHERN MICHIGAN EXPL. CO.

| | |
|---|---|
| 188065 | 201960 |
| 194101 | 205308 |

### SOUTHPORT EXPLORATION, INC.

| | | |
|---|---|---|
| 173841 | 192147 | 201960 |
| 188065 | 194101 | |

F-1

*North Deep Lake*

## EXHIBIT F

### Oil & Gas Wells Operated by Defendants and their Predecessors within the Operational Area (by LDNR Well Serial No.)

**TEXACO E & P INC.**

168226

**TEXACO, INC.**

168226

**THE SUPERIOR OIL COMPANY**

169368

**THE TEXAS COMPANY**

168226

**THE WM G HELIS COMPANY, L.L.C.**

227757

**VINTAGE PETROLEUM, INC.**

94781
113310
190842
199294
205251

F-2

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption:

The Parish of Cameron        vs.  Bay Coquille, Inc.

Court: 38th JDC                Docket Number: 10-19581

Parish of Filing: Cameron        Filing Date: 2.4-201

Name of Lead Petitioner's Attorney: John H. Carmouche

Name of Self-Represented Litigant: _____

Number of named petitioners: 2        Number of named defendants: 12

Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

- ☐ Auto: Personal Injury
- ☐ Auto: Wrongful Death
- ☐ Asbestos: Property Damage
- ☐ Product Liability
- ☐ Intentional Bodily Injury
- ☐ Intentional Wrongful Death
- ☐ Business Tort
- ☐ Defamation
- ☐ Environmental Tort
- ☐ Intellectual Property
- ☐ Legal Malpractice
- ☐ Other Professional Malpractice
- ☐ Maritime
- ☐ Wrongful Death
- ☐ General Negligence

- ☐ Auto: Property Damage
- ☐ Auto: Uninsured Motorist
- ☐ Asbestos: Personal Injury/Death
- ☐ Premise Liability
- ☐ Intentional Property Damage
- ☐ Unfair Business Practice
- ☐ Fraud
- ☐ Professional Negligence
- ☐ Medical Malpractice
- ☐ Toxic Tort
- ☐ Other Tort (describe below)
- ☐ Redhibition
- ☐ Class action (nature of case)
- ✓ Enforcement of State Coastal Statutes and State Regulations and Local Coastal Regulations and/or Ordinances.

Please briefly describe the nature of the litigation in one sentence of additional detail:

ENFORCEMENT OF STATE COASTAL STATUTES AND STATE REGULATIONS AND LOCAL COASTAL REGULATIONS AND/OR ORDINANCES

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name  John H. Carmouche        Signature _____

Address  17405 Perkins Road, Baton Rouge, LA 70810

Phone number: 225-400-9991        E-mail address: jcarmouche@tcmlawfirm.net

**THIRTY EIGHTH JUDICIAL DISTRICT COURT**

**PARISH OF CAMERON**

**STATE OF LOUISIANA**

NO.   10-19581

**THE PARISH OF CAMERON**

**VS**

**BAY COQUILLE, INC., ET AL.**

' DATE FILED: _____          DEPUTY CLERK:_____

---

**PETITION FOR INTERVENTION**

NOW INTO COURT, through undersigned counsel, comes THE STATE OF LOUISIANA, *EX REL.* JEFF LANDRY, ATTORNEY GENERAL, who respectfully intervenes in this action to protect and enforce the rights of the citizens of the State of Louisiana to a sustainable coastal zone:

**1.**

The Parish of Cameron (hereinafter "the Parish") has alleged violations of the Louisiana Coastal Resources Management Act of 1978, as amended (La. R.S. 214.21, *et seq.*, hereinafter, "the LCR") in Cameron Parish as a result of activities by the defendants. The Parish has filed this action to seek restoration of property and damages.

**2.**

Counsel for the Parish filed the original Petition "on its own behalf and in the name of the State of Louisiana" notwithstanding the fact that there is no contract between counsel and any State agency or State official authorized to represent the State of Louisiana. This purported co-representation was done under the Parish's interpretation of La. R.S. 49:214.36, which it believed authorized such a filing.

**3.**

On December 1, 2014, following removal of a nearly identical suit from Plaquemines Parish to federal court, Judge Jay C. Zainey agreed with Plaquemines Parish's interpretation that

the State of Louisiana was a real party in interest and that the Parish was authorized to sue in matters such as this under La. R.S. 49:214.36(D) *on behalf of* the State of Louisiana.[1]

**4.**

The Attorney General of the State of Louisiana files this Petition for Intervention as authorized by La. R.S. 49:214.36(D) and in accordance with his authority under Art. IV, Section 8, of the Louisiana Constitution to intervene in any lawsuit and supersede the attorneys in representing the interests of the State of Louisiana, more specifically, "as necessary for the assertion or protection of any right or interest of the state, the attorney general **shall have the authority** (1) to institute, prosecute, or intervene in any civil action or proceeding.

**5.**

The Attorney General, as the Chief Legal Officer of the State, has an overriding obligation to protect the interests of the State as a whole. This matter raises issues that have policy and legal implications that are far reaching and necessitate representation by the State's Chief Legal Officer.

**6.**

By filing this Petition, the State of Louisiana is not adopting the Parish's reasoning, nor Judge Zainey's dicta in the Plaquemines Parish suit regarding co-representation. However, to ensure that no State claims are encumbered absent the presence of the State's Chief Legal Officer, the Attorney General hereby seeks intervention.

**7.**

In addition to protecting the litigious rights provided by La. R.S.49:214.36(D), the State intervenes to enforce the contents of the LCR and to ensure that any and all unpermitted and unmitigated damage to the coastal zone is remediated and restored in accordance with the Constitution of the State of Louisiana and applicable laws and regulations administered by the Louisiana Department of Natural Resources, the Coastal Protection and Restoration Authority, the Attorney General, and any other agencies and political subdivisions of the State.

**8.**

In the alternative, the State intervenes under the authority of the Public Trust Doctrine, Louisiana Constitution Article IX, Section 1, which provides, in pertinent part,

---

[1] Judge Zainey's adoption of the Parish's reasoning on the purported representation of the State of Louisiana was dicta as the analysis followed his proclamation that "[t]he Court's ruling on the egregious misjoinder issue renders moot the question whether the claims on behalf of the State destroy diversity jurisdiction. For completeness, the Court nonetheless will address this potential impediment to diversity jurisdiction." *Plaquemines v. Total Petrochemical & Refining USA, INC. et al.*, 64 F.Supp.3d. 872, 887 (E.D.La. 2014).

The natural resources of the state, including the air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people.  The legislature shall enact laws to implement this policy.

### 9.

Further, the Attorney General intervenes pursuant to Article 1091 of the Louisiana Code of Civil Procedure in that the Attorney General, as the State's chief legal officer, has the authority and responsibility to bring a *parens patriae* action to protect and preserve the State's natural resources and the environment.

### 10.

An intervention is defined by La. C.C.P. Art. 1031 as an incidental demand and, because no answer has been filed in this case, La. C.C.P. Art. 1033 provides that the State may intervene without leave of court.

### 11.

Pursuant to the aforementioned authority, the State of Louisiana, *ex rel.* Attorney General Jeff Landry, asserts its jurisdiction over all claims originally asserted by the Parish of Cameron and hereby supersedes said claims as though made by the State through the Attorney General in the first instance.

### 12.

The State's claims track closely to those claims asserted by the Parish under La. R.S. 49:214.36 for dredging activities contributing to the degradation of property in the coastal zone. However, the State makes no claims related to waste pits, the release of contaminants, pollutants, waste leachate, and toxic substances as put forth by the Parish.

### 13.

The State's claims are limited to the Defendants' oil and gas activities that resulted in the dredging of numerous canals in Cameron Parish as originally detailed in Paragraphs 25-33 of the Parish's Petition.

### 14.

In sum, the State of Louisiana, through the Attorney General, seeks to intervene in this suit to protect the State's independent litigious rights under La. R.S. 49:214.36, which may be interpreted as being encumbered by the Parish's current posture in this case and by previous rulings of the United States District Court for the Eastern District of Louisiana.  For that reason,

the State, through the Attorney General, herein and hereby asserts as its own the Parish's claims in this matter under La. R.S. 49:214.36.

### 15.

The State of Louisiana asserts the right to recover all civil penalties, damages, payments of restorations costs, actual restoration of the disturbed areas, and other reasonable and proper sanctions for uses conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit.

### · 16.

The State of Louisiana further asserts the right to recover costs and attorney fees from any party found to be responsible.

### 17.

The State of Louisiana also reserves the right to seek injunctive relief, specific performance, and any other applicable remedies or equitable or relief permitted by law.

WHEREFORE, THE STATE OF LOUISIANA, *EX REL.* JEFF LANDRY, ATTORNEY GENERAL, prays:

(1)      that judgment be rendered in favor of Intervenor and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit in accordance with La. R.S. 49:214.21, *et seq.;*

(2)      that, alternatively, judgment be rendered in favor of Intervenor on behalf of the State in its capacity as public trustee or as *parens patriae*, and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit;

(3)      that judgment be rendered in favor of the Attorney General, the Chief Legal Office of the State, to supersede the Parish's attorneys.

(4)      that judgment be rendered in favor of Intervenor and against any party found to be responsible for damage from activities conducted within the coastal zone without a coastal use permit whether a coastal use permit is required or which are not in accordance with the terms and conditions of a coastal use permit, for damages, reasonable costs and attorney fees incurred by or on behalf of the State in responding to such activities and enforcing the State's rights;

(5)      that Defendants be ordered to restore the Cameron Parish Coastal Zone to its original condition or make payments for such restoration costs.;

(6)      such other and further relief available, subject to any limitations set forth in the petition.

(7)      The State of Louisiana requests trial by jury.

Intervenor further prays for all costs of these proceedings, for all necessary orders and decrees as may be required or proper in the premises and for full, general, and equitable relief.

Respectfully submitted:

**JEFF LANDRY**
**ATTORNEY GENERAL**

By: _____
Steven B. "Beaux" Jones (Bar # 33915)
Ryan M. Seidemann (Bar #28991)
Elizabeth B. Murrill (Bar #20685)
Wilbur L. Stiles, III (Bar #27654)
Assistant Attorneys General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone No.:    (225) 326-6085
Facsimile:    (225) 326-6099
*Attorneys for the State of Louisiana*

**SHERIFF: PLEASE WITHHOLD SERVICE**

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.   10-19581

THE PARISH OF CAMERON

VS

BAY COQUILLE, INC., ET AL.

RECEIVED & FILED
2016 MAR 14  PM 4 05
CLERK OF COURT
CAMERON PARISH, LA.

---

FILED _____                    _____ DEPUTY CLERK

---

## ORDER

Considering the above and foregoing Petition for Intervention filed by THE STATE OF LOUISIANA, EX REL. JEFF LANDRY, ATTORNEY GENERAL;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the State of Louisiana's Petition for Intervention is hereby granted for the Attorney General to supersede the Plaintiff's claims in this matter on behalf of the State of Louisiana in this case.

Cameron, Louisiana, this 17th day of March, 2016.

_____

HONORABLE PENELOPE RICHARD

JUDGE, 38th JUDICIAL DISTRICT COURT

THIRTY EIGHTH JUDICIAL DISTRICT COURT

PARISH OF CAMERON

STATE OF LOUISIANA

NO.    10-19581

THE PARISH OF CAMERON

VS

BAY COQUILLE, INC., ET AL.

FILED: _____     _____
                                                    DEPUTY CLERK

REQUEST FOR NOTICE

THE STATE OF LOUISIANA, *ex rel.* JEFF LANDRY., ATTORNEY GENERAL,
respectfully requests written notice of the trial date, hearings (whether on the merits or
otherwise), orders, judgments, and interlocutory decrees, and any and all other matters as
provided in the Louisiana Code of Civil Procedure articles 1572, 1913, and 1914.

Respectfully submitted:

JEFF LANDRY
ATTORNEY GENERAL

By: _____
Steven B. "Beaux" Jones (Bar # 33915)
Ryan M. Seideman (Bar #28991)
Elizabeth B. Murrill (Bar #20685)
Wilbur L. Stiles, III (Bar #27654)
Assistant Attorneys General
Louisiana Department of Justice
1185 North 3rd Street
Baton Rouge, Louisiana 70802
Telephone No.:      (225) 326-6085
Facsimile:            (225) 326-6099
*Attorneys for the State of Louisiana*



**State of Louisiana**
DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. BOX 94005
BATON ROUGE
70804-9005

Jeff Landry
Attorney General

March 28, 2016

Honorable Carl E. Broussard                          **By US Mail**
Clerk of Court
Cameron Parish, 38th JDC
P.O. Box 549
Cameron, LA 70631

Re:    Parish of Cameron v. BEPCO, L.P., et al., No.10-19572
       Parish of Cameron v. Brammer Engineering, Inc., et al., No.10-19573
       Parish of Cameron v. Ballard Exploration Co., et al., No.10-19574
       Parish of Cameron v. Burlington Resources Oil and Gas Co., et al., No.10-19575
       Parish of Cameron v. BP America Production Co., et al., No.10-19576
       Parish of Cameron v. Atlantic Richfield Co., et al., No.10-19577
       Parish of Cameron v. Anadarko E&P Onshore LLC, et al., No.10-19578
       Parish of Cameron v. Apache Corporation of Delaware, et al., No.10-19579
       Parish of Cameron v. Alpine Exploration, Inc. et al., No.10-19580
       Parish of Cameron v. Bay Coquille, Inc., et al., No.10-19581
       Parish of Cameron v. Auster Oil & Gas, et al., No.10-19582

Dear Sir:

       I am enclosing herewith an original and one (1) copy of the State's Proposed Order to Vacate Judge Richard's Order to be filed in the above-referenced matters. Please file the original into the record and return a date-stamped copy for my files in the enclosed self-addressed, postage-prepaid envelope. If you have any questions regarding this matter, please feel free to contact me at (225) 326-6085. Thank you in advance for your courtesies.  Inasmuch as this request is being made on behalf of the State of Louisiana, no court costs are due.

                                    Sincerely,

                                    JEFF LANDRY
                                    ATTORNEY GENERAL

                                    By:
                                    Steven B. "Beaux" Jones
                                    Assistant Attorney General

JL/SBJ/tp: Enclosures: cc: All known counsel of record

38TH JUDICIAL DISTRICT COURT

RECEIVED & FILED

PARISH OF CAMERON 2016 MAR 31 PM 3 28

STATE OF LOUISIANA

CLERK OF COURT
CAMERON PARISH LA.

NO.   10-19581

THE PARISH OF CAMERON

VS

BAY COQUILLE, INC., ET AL.

DATE FILED: _____          DEPUTY CLERK:_____

ORDER

MAY IT PLEASE THE COURT:

CONSIDERING the request by the State of Louisiana and subsequent filing of a Rule to

Show Cause regarding the Attorney General's request to supersede the Parish's Attorney's

pursuant to La. Const. Art. IV, §8,

IT IS HEREBY ORDERED that the Court's Ex Parte Order granting the Attorney

General's request to supersede is HEREBY VACATED.

Cameron, Louisiana, this 1st day of April 2016.

*Penelope Richard*
Judge Penelope Q. Richard
38th Judicial District Court

4-4    2016    Steven Jones
I hereby certify that a copy of the foregoing        Chad Mudd
notice was this day mailed by me to the counsel      John Carmouche
of record for all parties and to such of the
litigants, is any, who are not represented by
counsel, which notices were addressed to them
respectively, at their last known
with postage prepaid.

_____
Dy Clerk of Court

Respectfully Submitted,

JEFF LANDRY
ATTORNEY GENERAL

BY: _____
Steven B. "Beaux" Jones (#33915)
Assistant Attorney General



### Office of the Governor
#### State of Louisiana

JOHN BEL EDWARDS
GOVERNOR

P.O. BOX 94004
BATON ROUGE, LOUISIANA 70804-9004
(225) 342-7015
GOV.LA.GOV

April 7, 2016

Honorable Cynthia P. King
Clerk of Court - Cameron Parish
Post Office Box 549
Cameron, LA 70631-0549

RE:  The Parish of Cameron v. Bay Coquille, Inc., et al.
Number: 10-19581, 38th JDC, Cameron
Our File Number 00062

Dear Ms. King:

Enclosed are an original and one copy of a Petition in Intervention to be filed on behalf of State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris in the above matter.

Please file the original, date-stamp the copy and return it to me in the enclosed self-addressed, stamped envelope. It is my understanding that there are no filing fees due at this time since the filer is a State entity. Please hold service at this time.

If you have any questions, please give me a call (225) 342-8212 or email (sherry.lassere@la.gov). With kindest regards, I remain

Very truly yours,

Sherry G. Lassere, CP
Assistant to Executive Counsel
    to the Governor, Matthew F. Block

enclosures

THE PARISH OF CAMERON

VERSUS

BAY COQUILLE, INC., BURLINGTON
RESOURCES OIL & GAS COMPANY LP,
CHEVRON U.S.A. HOLDINGS, INC.,
ENDEAVOR ENERGY RESOURCES,
L.P., EXXON MOBIL CORPORATION,
HELIS OIL & GAS COMPANY, L.L.C.,
HILCORP ENERGY COMPANY,
KILROY COMPANY OF TEXAS, INC.,
MOBIL OIL EXPLORATION &
PRODUCING SOUTHEAST INC.,
SOUTHPORT EXPLORATION, INC.,
THE TEXAS COMPANY AND VINTAGE
PETROLEUM, L.L.C.

NUMBER: 10-19581

RECEIVED & FILED

2016 APR 13   AM 10 41

38TH JUDICIAL DISTRICT COURT
CAMERON PARISH, LA.

PARISH OF CAMERON

STATE OF LOUISIANA

---

## PETITON IN INTERVENTION OF THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF NATURAL RESOURCES, OFFICE OF COASTAL MANAGEMENT

---

NOW INTO COURT, through undersigned counsel, come the **State of Louisiana,**

through the **Louisiana Department of Natural Resources, Office of Coastal Management** and

its **Secretary, Thomas F. Harris,** who respectfully represent as follows and request the Court

allow this intervention:

1.

Louisiana Code of Civil Procedure article 1091 provides:

A third person having an interest therein may intervene in a pending action to
enforce a right related to or connected with the object of the pending action
against one or more of the parties thereto by:

(1) Joining with plaintiff in demanding the same or similar relief against the
defendant;
(2) United with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.

2.

A two-fold inquiry has developed in Louisiana's jurisprudence regarding the

requirements for intervention: first, the intervenor must have a justiciable interest in, and a

connection to, the principle action. *Palace Props., L.L.C. v. City of Hammond*, (La.App. 1 Cir.

6/27/2003), 859 So.2d 15, 20, *citing Niemann v. American Gulf Shipping, Inc.*, 96-687, p. 6

(La.App. 5 Cir. 1/15/97), 688 So.2d 42, 45, *writ denied* 97-0404, (La. 3/27/97). 692 So.2d 397.

The First Circuit, in *Amoco Production Company v. Columbia Gas Transmission Corporation*,

455 So.2d 1260, 1264 (La.App. 1 Cir. 8/31/1984), defined "justiciable right" in the context of an

intervention as "the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both…." As to the second inquiry, the court further held that the justiciable right must be "so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights." *Id.* As set forth in more detail below, Louisiana law provides the State of Louisiana, through the Louisiana Department of Natural Resources ("DNR"), Office of Coastal Management ("OCM") with concurrent authority to enforce the provisions of law at issue in the current matter, thereby satisfying the justiciable interest prong. Moreover, that interest is directly connected to the principal action because any judgment issued in that action is subject to the requirements of La. R.S. 49:214.36(O), which requires monies received by a parish be used for integrated coastal protection. Consequently, DNR/OCM has a right to intervene in this proceeding in order to protect the rights of the State pursuant to their respective areas of statutory authority.

3.

Interventions must also be timely, in accordance with La. Code of Civ. Proc. art. 1031 and 1033. As an incidental demand under La. C.C.P. art. 1031, a petition for intervention can be filed without leave of court at any time up to and including the time the answer to the principal demand is filed. It may be filed after an answer, with leave of court, if it will not retard the progress of the principal action. La. C.C.P. art. 1033. The First Circuit Court of Appeal has held that, "[a]n intervention may be filed only while suit is pending and before judgment on the main demand." *Van Lieu v. Winn-Dixie of Louisiana, Inc.*, 446 So.2d 1362, 1366 (La.App. 1 Cir. 1984). Courts have great discretion in deciding whether to allow an intervention if such intervention will not retard the progress of the main demand. *See Madere v. Lennix*, 535 So.2d 1290 (La.App. 5 Cir. 1988), *citing Volume Shoe Corp. v. Armato*, 341 So.2d 611 (La.App. 2 Cir. 1977).

**BACKGROUND**

4.

On November 8, 2013, Cameron Parish and the State of Louisiana, *ex rel.* Parish of Cameron filed a Petition for Damages to the Cameron Parish Coastal Zone (the "Petition") against several oil and gas exploration, production, and transportation operations seeking damages for destruction to coastal land and waterbodies allegedly caused by the Defendants activities. The Plaintiffs specifically seek damages as provided in the State and Local Coastal

Resources Management Act of 1978, La. R.S. 49:214.21, *et seq.* ("SLCRMA"), the payment of restoration costs, and actual restoration of the Cameron Parish Coastal Zone.

5.

On December 18, 2013, the Defendants removed the state court action to the federal district court for the Eastern District of Louisiana alleging original jurisdiction based on diversity jurisdiction, Outer Continental Shelf Lands Act, general maritime law, and federal question jurisdiction. The Parish quickly moved to remand the matter back to state court, and on December 1, 2014, the court granted the Parish's motion remanding the matter to state court. No answers have to date been filed in this action.

6.

On March 14, 2016, Attorney General Jeff Landry intervened in this matter, along with all other similar suits seeking recovery under La. R.S. 49:214.21, *et seq.* This intervention by the State of Louisiana through DNR/OCM, in concert with the intervention filed by the Attorney General, ensures that that the State of Louisiana's interests will be fully protected in this matter, and that any funds resulting from this litigation will be properly spent on restoring Louisiana's coast.

## LEGAL FRAMEWORK

7.

The Louisiana Department of Natural Resources ("DNR") is an executive branch agency of the state and is responsible for the conservation, management, and development of water, minerals, and other such natural resources of the state, including coastal management. La. R.S. 36:351(A). The Office of Coastal Management is created within DNR and is charged with performing the functions of the state relative to the coastal zone management program. La. R.S. 36:358; *see also* La. R.S. 49:214.26 (establishing a coastal zone program within DNR and authorizing the Secretary of DNR or his designee to administer the program).

8.

Louisiana Constitution Article IX, Section 1 provides, in pertinent part:

> The natural resources of the state, including the air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people. The legislature shall enact laws to implement this policy.

9.

The Louisiana Legislature, in 1978, enacted the State and Local Coastal Resources Management Act ("SLCRMA") (Act 361 of 1978, codified at La. R.S. 49:214.21, *et seq.*) (*i.e.* the Louisiana Coastal Zone Management Program), in order to balance conservation and development within Louisiana's coastal zone. SLCRMA is one of the public trust laws enacted by the legislature pursuant to La. Const. art. IX, sec. 1.

10.

In August 1980, Louisiana's coastal management program, the Louisiana Coastal Resources Program ("LCRP"), was approved by the National Oceanic and Atmospheric Administration ("NOAA"), U.S. Department of Commerce, under section 306 of the Coastal Zone Management Act (16 U.S.C. § 1455(d)).

11.

Pursuant to the SLCRMA, in 1980, DNR adopted, and the legislature and the governor approved, the Louisiana Coastal Use Guidelines. *See* LAC 43:I.701-719. The enforceable policies of the LCRP, as approved by NOAA, include, but are not limited to, the 94 Coastal Use Guidelines adopted by the State, as well as Article IX, Section 1 of the Louisiana Constitution.

12.

In enacting SLCRMA, the legislature declared that it was the public policy of the State:

(1)     To protect, develop, and, where feasible, restore or enhance the resources of the state's coastal zone.

***

(5)     To develop and implement a coastal resources management program which is based on consideration of our resources, the environment, the needs of the people of the state, the nation, and of state and local government.

(6)     To enhance opportunities for the use and enjoyment of the recreational values of the coastal zone.

(7)     To develop and implement a reasonable and equitable coastal resources management program with sufficient expertise, technical proficiency, and legal authority to enable Louisiana to determine the future course of development and conservation of the coastal zone and to ensure that state and local governments have the primary authority for managing coastal resources.

(8)     To support sustainable development in the coastal zone that accounts for potential impacts from hurricanes and other natural disasters and avoids environmental degradation resulting from damage to infrastructure caused by natural disasters.

La. R.S. 49:214.22.

13.

Under the SLCRMA, there are two types of coastal uses: uses of State concern and uses of local concern. Uses of State concern are those uses that directly and significantly affect coastal waters and which are in need of coastal management and which have impacts of greater than local significance or which significantly affect interest of regional, state, or national concern. La. R.S. 49:214.25. Prior to commencing a use of the coastal zone, an applicant must first apply for and receive a coastal use permit ("CUP"). La. R.S. 49:214.30. The secretary of DNR ("Secretary") is designated to make decisions on coastal use permit applications for uses of State concern, whereas the local government makes decisions as to uses of local concern in areas where an approved local program is in effect. Prior to issuing a CUP, the Secretary must ensure that the activity for which the application is being made is consistent with the State's Comprehensive Master Plan for Integrated Coastal Protection ("Master Plan") and with the Coastal Use Guidelines. *Id. See also* LAC: 43.I.701, *et seq.*

14.

DNR/OCM is given specific, non-exclusive authority to enforce SLCRMA and the LCRP. La. R.S. 49:214.36(D) provides that the Secretary "may bring such injunctive, declaratory, or other actions as are necessary to ensure that no uses are made of the coastal zone for which a CUP has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit." According to La. R.S. 49:214.36(E), "[a] court may impose civil liability and assess damages; order, where feasible and practical, the payment of restoration costs; require, where feasible and practical, actual restoration of the areas disturbed; or otherwise impose reasonable and proper sanctions for uses conducted within the coastal zone...[t]he court may also award costs and attorney's fees to the prevailing party."

15.

Act No. 544 of the 2014 Regular Session of the Louisiana Legislature ("Act 544") added subsection (O) to La. R.S. 49:214.36 to provide that the only state or local governmental entity rights or causes of action arising from any activity subject to the permitting of SLCRMA are those outlined in that law. Act 544 further provided that "[a]ny monies received by any state or local governmental entity arising from or related to a state or federal permit issued pursuant to R.S. 49:214.21, *et seq.* ... a violation thereof, or enforcement thereof, or for damages or other

relief arising from or related to...shall be used for integrated coastal protection, including

coastal restoration, hurricane protection, and improving the resiliency of the coastal area."

Act 544 applies to all claims existing or pending on the effective date of the Act, which was June

6, 2014.

16.

"Integrated coastal protection" is not defined in SLCRMA; however, it is defined in La.

R.S. 49:214.2, as follows:

> "Integrated coastal protection" means plans, projects, policies, and programs
> intended to provide hurricane protection or coastal conservation or restoration,
> and shall include but not be limited to coastal restoration; coastal protection;
> infrastructure; storm damage reduction; flood control; water resources
> development; erosion control measures; marsh management; diversions; saltwater
> intrusion prevention; wetlands and central wetlands conservation, enhancement,
> and restoration; barrier island and shoreline stabilization and preservation; coastal
> passes stabilization and restoration; mitigation; storm surge reduction; or
> beneficial use projects.

17.

Many of the activities asserted by Cameron Parish in its Petition to have caused the

damages alleged are included within the list of activities for which a coastal use permit must be

issued, including, but not limited to: (1) dredge and fill activity which intersects with more than

one water body; (2) all mineral activities, including exploration for and production of, oil, gas,

and other minerals, all dredge and fill uses associated therewith, and all other associated uses;

and, (3) all pipelines for the gathering, transportation or transmission of oil, gas, and other

materials. *See* La. R.S. 49:214.25(A); *see also* Plaintiff's Petition, ¶ 19 – 25.

18.

The Parish has specifically included a list of the coastal use permits known to have been

issued within the area of the complained-of activity that forms the basis of the lawsuit. *See*

Plaintiff's Petition, ¶ 7 and Exhibit D.

19.

Cameron Parish has prayed for damages, restoration costs, and actual restoration in areas

of the coastal zone subject to SLCRMA. As such, DNR's authority to enforce SLCRMA and

seek the payment of restoration costs or require actual restoration of areas disturbed overlaps

with the relief requested by Parish. More importantly, Act 544 requires that any monies received

by a local governmental entity arising from or related to a coastal use permit, the enforcement of

SLCRMA, or related to any use of the coastal zone subject to SLCRMA be used for integrated

coastal protection. Thus, intervention is necessary to ensure that the State of Louisiana's interests, through the statutory authority of DNR/OCM, are fully protected and that in the event that the Parish is awarded any damages or other relief, restoration is achieved in a manner consistent with state law, including but not limited to Part II of Title 49 of the Louisiana Revised Statutes – Louisiana Coastal Protection, Conservation, Restoration, and Management.

20.

The legislature gave both DNR and local governmental entities with approved local coastal management programs the authority to enforce SLCRMA with respect to coastal use permits issued by those entities, as well as for uses for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of such permit. La. R.S. 49:214.36.

21.

Likewise, the legislature also provided for the mission of the state as it relates to integrated coastal protection, stating:

> The state must act to develop, implement, and enforce a comprehensive integrated coastal protection plan. The state must act to ensure that the plan incorporates a systems approach to integrate hurricane protection and coastal restoration efforts in order to achieve long-term and comprehensive integrated coastal protection. Comprehensive integrated coastal protection must proceed in a manner that recognizes that the proper functioning of each protective element is critical to the overall success of the plan and that without such proper functioning the safety of the state and its citizens and the viability of the entire plan are threatened. Further, comprehensive integrated coastal protection must proceed in a manner that recognizes the powers and duties of political subdivisions, including flood protection authorities, and levee districts, to fund and manage local activities that are consistent with the goals of a comprehensive integrated coastal protection plan. The state must act to conserve, restore, create, and enhance wetlands and barrier shorelines or reefs in coastal Louisiana while encouraging use of coastal resources and recognizing that it is in the public interest of the people of Louisiana to establish a responsible balance between development and conservation. Management of renewable coastal resources must proceed in a manner that is consistent with and complementary to the efforts to establish a proper balance between development and conservation.

La. R.S. 49:214.1(C).

22.

This statutory scheme makes clear that, while the parishes have certain missions, powers, and duties pursuant to SLCRMA, the state, through the designated executive branch agencies and offices, is also charged with conserving and restoring Louisiana's coast and developing and implementing policies, plans, and programs to achieve comprehensive integrated coastal protection *statewide*. Thus, state and local governmental entities are charged with acting in

coordination and cooperation with each other in performing coastal restoration and hurricane protection. And while the state is tasked with the authority to "articulate a clear statement or priorities and to focus development and implementation of efforts to achieve comprehensive integrated coastal protection," La. R.S. 49:214.1(B), the independent authority of local governmental entities, including parishes, flood protection authorities, political subdivisions, and levee districts has also been maintained.

23.

Considering the constitutional and statutory structure set forth in Louisiana law, the executive branch agencies and offices responsible for the enforcement of the coastal zone management program and coastal protection and restoration have a real interest in ensuring the continued coordination of integrated coastal protection activities. The Louisiana Department of Natural Resources, Office of Coastal Management files this intervention in order to assert and protect those interests.

24.

The defendants are required to comply with all applicable state laws and regulations, including but not limited to SLCRMA. The defendants are also charged with complying with all terms and conditions of their coastal use permits issued pursuant to SLCRMA. To the extent there was a failure by the defendants to obtain permits required by law or to comply with the terms and conditions of their coastal use permits, there has been a violation of SLCRMA, subjecting the defendants to enforcement pursuant to La. R.S. 49:214.36.

25.

Louisiana Revised Statute 49:214.36 authorizes the assessment of damages, the payment of restoration costs, and actual restoration upon a determination of liability under SLCRMA, and La. R.S. 49:214.36(O) requires that recoverable damages be spent on integrated coastal protection.

### PRAYER FOR RELIEF

WHEREFORE, the State of Louisiana through the Louisiana Department of Natural Resources, Office of Coastal Management and the Secretary of DNR, Thomas F. Harris, moves to intervene in this matter and pray that it be permitted to proceed as a party to this action, that after all parties have been duly cited to appear and answer and have been served with a copy of this Intervention, there be judgment in favor of Intervenor:

(1) That any party or parties found to be liable for violations of SLCRMA be assessed damages, the payment of restoration costs, and actual restoration of the coastal area, in addition to any other appropriate relief authorized by the State Local Coastal Resources Management Act, La. R.S. 49:214.21, *et seq.*, in accordance with La. R.S. 49:214.36 and specifically section 214.36(O);

(2) Ordering that any judgment requiring actual restoration of lands within the coastal area be consistent with La. R.S. 49:214.21, *et seq.*, and specifically La. R.S. 49:214.36(O), as well as the Hurricane Protection, Flood Control and Coastal Restoration Act, which requires that restoration be used for, and be consistent with, comprehensive integrated coastal protection, including hurricane protection, coastal conservation, or coastal restoration; and

(3) Ordering the payment of costs, reasonable attorneys' fees, and for full, general, and equitable relief pursuant to Louisiana law.

By attorneys:

J. BLAKE CANFIELD (#30426)
Executive Counsel
Department of Natural Resources
Post Office Box 94396
Baton Rouge, Louisiana 70804
(225) 342-2710 / (225) 342-5861 (fax) blake.canfield@la.gov

MEGAN K. TERRELL (Bar #29443)
Office of Governor John Bel Edwards
Governor's Office for Coastal Activities
900 North 3rd Street, Fourth Floor
Baton Rouge, Louisiana 70802
(225) 342-7669 / (225) 342-7099 (fax) megan.terrell2@la.gov

## Office of the Governor
### State of Louisiana



**JOHN BEL EDWARDS**
GOVERNOR

P.O. BOX 94004
BATON ROUGE, LOUISIANA 70804-9004
(225) 342-7015
GOV.LA.GOV

April 7, 2016

Honorable Cynthia P. King
Clerk of Court - Cameron Parish
Post Office Box 549
Cameron, LA 70631-0549

   RE: The Parish of Cameron v. Bay Coquille, Inc., et al.
      Number: 10-19581, 38th JDC, Cameron
      Our File Number 00062

Dear Ms. King:

Enclosed are an original and one copy of a Petition in Intervention to be filed on behalf of State of Louisiana, through the Louisiana Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris in the above matter.

Please file the original, date-stamp the copy and return it to me in the enclosed self-addressed, stamped envelope. It is my understanding that there are no filing fees due at this time since the filer is a State entity. Please hold service at this time.

If you have any questions, please give me a call (225) 342-8212 or email (sherry.lassere@la.gov). With kindest regards, I remain

Very truly yours,

Sherry G. Lassere, CP
Assistant to Executive Counsel
   to the Governor, Matthew F. Block

enclosures

# TALBOT, CARMOUCHE & MARCELLO

DONALD T. CARMOUCHE*
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH COTTEN

AUBERT D. TALBOT
(1925-2005)

April 20, 2016

**TO:**     Cameron Parish Clerk of Court
            Attn: Debbie
            337-775-7172

**FROM:**   John H. Carmouche

**NUMBER OF PAGES:      4
(INCLUDING COVER SHEET)**

**RE:**
            Cameron Parish v. Bay Coquille, Inc., et al.
            Docket No. 10-19581 (North Deep Lake)
            38th JDC; Parish of Cameron; State of Louisiana

| DOCUMENTS | NUMBER OF PAGES |
|---|---|
| Cover letter for service for Original Petition for Damages | 3 |
| | |
| | |

*Please file the attached into the record today and confirm that you received this fax transmission.  The original will be forwarded to your office within five days along with a check for your services.  If you should have any questions, please call.*

If you have any problems with this fax transmission, please call 225-400-9991.

### CONFIDENTIALITY NOTICE
This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.  you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.

# TALBOT, CARMOUCHE & MARCELLO

DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE
*Member of the Texas Bar

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE

AUBERT D. TALBOT
(1926-2005)

April 22, 2016

*VIA HAND DELIVERY*
Honorable Cynthia P. King
Cameron Parish Clerk of Court
122 Recreation Lane
Post Office Box 459
Cameron, LA 70631-0549

RECEIVED & FILED
2016 APR 21 PM 1 56
CLERK OF COURT
CAMERON PARISH, LA.

      Re:  Cameron Parish v. Bay Coquille, Inc., et al.
           Docket No. 10-19581 (North Deep Lake)
           38th JDC; Parish of Cameron; State of Louisiana

Dear Ms. King:

    Please effect service of the Original Petition for Damages with regard to the referenced manner as follows:

1. **BAY COQUILLE, INC.**
   Through its registered agent for service of process:
   Richard F. Price, Jr.
   474 Metairie Road #203
   Metairie, LA 70005

2. **BURLINGTON RESOURCES OIL & GAS COMPANY LP**
   Through its registered agent for service of process:
   Corporation Service Company
   320 Somerulos Street
   Baton Rouge, LA 70802

3. **CHEVRON U.S.A. HOLDINGS, INC.**
   Through its registered agent for service of process:
   Angie Wang c/o ChevronTexaco
   P.O. Box 6028
   San Ramon, CA 94583

4. **ENDEAVOR ENERGY RESOURCES, L.P.**
   Through its registered agent for service of process:
   C T Corporation System
   5615 Corporate Blvd., Suite 400B
   Baton Rouge, LA 70808

Cynthia P. King
Page 2

5. **EXXON MOBIL CORPORATION**
   Through its registered agent for service of process:
   Corporation Service Company
   320 Somerulos Street
   Baton Rouge, LA 70802

6. **HELIS OIL & GAS COMPANY, LLC**
   Through its registered agent for service of process:
   David A. Kerstein
   228 St. Charles Avenue, Suite 912
   New Orleans, LA 70130

7. **HILCORP ENERGY COMPANY**
   Through its registered agent for service of process:
   C T Corporation System
   5615 Corporate Blvd., Suite 400B
   Baton Rouge, LA 70808

8. **KILROY COMPANY OF TEXAS, INC.**
   Through its registered agent for service of process:
   C T Corporation System
   350 North St. Paul Street
   Dallas, TX 75201

9. **MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC.**
   Through its registered agents for service of process:
   Corporation Service Company
   320 Somerulos Street
   Baton Rouge, LA 70802

10. **SOUTHPORT EXPLORATION, INC.**
    Through its registered agent for service of process:
    Michael D. Cooke
    4100 Bank of Oklahoma Tower
    Tulsa, OK 74172

11. **THE TEXAS COMPANY**
    Through its registered agent for service of process:
    The Prentice-Hall Corporation System
    320 Somerulos Street
    Baton Rouge, LA 70802

Cynthia P. King
Page 3

12. **VINTAGE PETROLEUM, LLC**
   Through its registered agent for service of process:
   The Corporation Trust Company
   Corporation Trust Center
   1209 Orange Street
   Wilmington, DE 19801

Also enclosed is a check which represents the filing and service fees.

      With kindest regards, I am

                       Very truly yours,

                       John H. Carmouche

JHC/sls
Enclosures
cc:     via e-mail only
Chad Mudd
Keith Prudhomme
David P. Bruchhaus
Matthew P. Keating

APR. 21. 2016  3:07PM    TALBOT & CARMOUCHE                    NO. 723   P. 5

# TALBOT, CARMOUCHE & MARCELLO

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE
*Member of the Texas Bar

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE

AUBERT D. TALBOT
(1925-2005)

April 22, 2016

**VIA HAND DELIVERY**
Honorable Cynthia P. King
Cameron Parish Clerk of Court
122 Recreation Lane
Post Office Box 459
Cameron, LA 70631-0549

Re:  Cameron Parish v. Bay Coquille, Inc., et al.
Docket No. 10-19581 (North Deep Lake)
38th JDC; Parish of Cameron; State of Louisiana

Dear Ms. King:

Please effect service of the Original Petition for Damages with regard to the referenced manner as follows:

1. **BAY COQUILLE, INC.**
   Through its registered agent for service of process:
   Richard F. Price, Jr.
   474 Metairie Road #203
   Metairie, LA 70005

2. **BURLINGTON RESOURCES OIL & GAS COMPANY LP**
   Through its registered agent for service of process:
   Corporation Service Company
   320 Somerulos Street
   Baton Rouge, LA 70802

3. **CHEVRON U.S.A. HOLDINGS, INC.**
   Through its registered agent for service of process:
   Angie Wang c/o ChevronTexaco
   P.O. Box 6028
   San Ramon, CA 94583

4. **ENDEAVOR ENERGY RESOURCES, L.P.**
   Through its registered agent for service of process:
   C T Corporation System
   5615 Corporate Blvd., Suite 400B
   Baton Rouge, LA 70808

Cynthia P. King
Page 2

5. **EXXON MOBIL CORPORATION**
   Through its registered agent for service of process:
   Corporation Service Company
   320 Somerulos Street
   Baton Rouge, LA 70802

6. **HELIS OIL & GAS COMPANY, LLC**
   Through its registered agent for service of process:
   David A. Kerstein
   228 St. Charles Avenue, Suite 912
   New Orleans, LA 70130

7. **HILCORP ENERGY COMPANY**
   Through its registered agent for service of process:
   C T Corporation System
   5615 Corporate Blvd., Suite 400B
   Baton Rouge, LA 70808

8. **KILROY COMPANY OF TEXAS, INC.**
   Through its registered agent for service of process:
   C T Corporation System
   350 North St. Paul Street
   Dallas, TX 75201

9. **MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC.**
   Through its registered agents for service of process:
   Corporation Service Company
   320 Somerulos Street
   Baton Rouge, LA 70802

10. **SOUTHPORT EXPLORATION, INC.**
    Through its registered agent for service of process:
    Michael D. Cooke
    4100 Bank of Oklahoma Tower
    Tulsa, OK 74172

11. **THE TEXAS COMPANY**
    Through its registered agent for service of process:
    The Prentice-Hall Corporation System
    320 Somerulos Street
    Baton Rouge, LA 70802

Cynthia P. King
Page 3

12. **VINTAGE PETROLEUM, LLC**
Through its registered agent for service of process:
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Also enclosed is a check which represents the filing and service fees.

With kindest regards, I am

Very truly yours,

John H. Carmouche

JHC/sls
Enclosures
cc:      via e-mail only
Chad Mudd
Keith Prudhomme
David P. Bruchhaus
Matthew P. Keating

# KUCHLER POLK

## Schell Weiner & Richeson, LLC

**K⚜P**

www.kuchlerpolk.com

NEW ORLEANS, LA                    HOUSTON, TX

**Leigh Ann Schell**
LSchell@kuchlerpolk.com
Admitted In Louisiana

1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Phone: 504•592•0691
Fax: 504• 592•0696

April 25, 2016

Honorable Cynthia P. King
Clerk of Court, Cameron Parish
119 Smith Circle, Room 21
P.O. Box 549
Cameron, LA 70631

Re:   The Parish of Cameron v. Bay Coquille, Inc., et al.
38th JDC Case No. 10-19581

Dear Ms. King:

Enclosed please find your receipt for Fax Filing, the Original and two (2) copies of Defendants Notice of Filing Notice of Removal, with exhibits, and a check in the amount of $158.00 for associated fees in the above-referenced matter.  Please file the Notice into the record and return at least one (1) date stamped, conformed copy to us via return post.

Thank You,

Sincerely,

*Jason Carr*

Jason W. Carr
Paralegal to Leigh Ann Schell

/jwc
Attachment(s)
cc:  All Counsel of Record (*via e-mail*)

**38TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CAMERON**

**STATE OF LOUISIANA**

CIVIL NO. 10-19581                                    DIVISION "A"

**THE PARISH OF CAMERON**

**VERSUS**

**BAY COQUILLE, INC., ET AL** FAX FILED:

FILED:_____          April 22, 2016
                                                          D. Savoie
                                        DEPUTY CLERK  Deputy Clerk of Court

RECEIVED & FILED
2016 APR 26 PM 3 46
CLERK OF COURT
CAMERON PARISH, LA

<u>NOTICE OF FILING NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that on April 21, 2016, Defendants, Burlington Resources

Oil & Gas Company LP, Chevron U.S.A. Holdings, Inc., The Texas Company, Exxon Mobil

Corporation, and Mobil Oil Exploration & Producing Southeast Inc. ("Defendants") filed in the

office of the Clerk of the United States District Court for the Western District of Louisiana, a

Notice of Removal of the above action to said United States District Court.

A copy of such Notice of Removal is annexed hereto.

Respectfully submitted,

/s/ Leigh Ann Schell_____
Deborah D. Kuchler, T.A. (#17013)
Leigh Ann Schell (#19811)
Robert E. Guidry (#28064)
Sarah E. Iiams (#22418)
**KUCHLER POLK SCHELL**
**WEINER & RICHESON, L.L.C.**
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
T. 504-592-0691
F. 504-592-0697
Email:dkuchler@kuchlerpolk.com
lschell@kuchlerpolk.com
rguidry@kuchlerpolk.com
siiams@kuchlerpolk.com

*Attorneys for Burlington Resources Oil & Gas*
*Company LP*

/s/ Claire Elizabeth Juneau_____
Charles S. McCowan III (No. 19699)
trey.mccowan@keanmiller.com
L. Victor Gregoire (No. 22400)
victor.gregoire@keanmiller.com
Pamela R. Mascari (No. 25162)
pam.mascari@keanmiller.com
**KEAN MILLER LLP**
400 CONVENTION STREET, SUITE 700
P. O. BOX 3513 (70821-3513)
BATON ROUGE, LOUISIANA 70802
TELEPHONE:  (225) 387-0999

Michael R. Phillips (No. 21020)
mike.phillips@keanmiller.com
Michelle Purchner Cumberland (No. 30681)
michelle.cumberland@keanmiller.com
Claire Elizabeth Juneau (No. 33209)
claire.juneau@keanmiller.com
**KEAN MILLER LLP**
909 Poydras, Suite 3600
New Orleans, Louisiana 70112
Telephone:  (504) 585-3050
Facsimile:  (504) 585-3951

-and-

Eric J. Mayer (No. 14184)
emayer@susmangodfrey.com
Alexandra White (No. 29478)
awhite@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

***Attorneys for Chevron U.S.A. Holdings Inc.***
***and The Texas Company***

/s/ Robert B. McNeal_____
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Michael P. Cash (No. 31655)
mcash@liskow.com
**LISKOW & LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas  77002-6756

2

Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone:  (337) 232-7424
Facsimile:  (337) 267-2399

-and-

Martin A. Stern (No. 17154)
martin.stern@arlaw.com
Glen M. Pilié (No. 1539)
glen.pilie@arlaw.com
Jeffrey E. Richardson (No. 23273)
jeffrey.richardson@arlaw.com
David M. Stein (No. 31977)
david.stein@arlaw.com
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

-and-

Roy C. Cheatwood (No. 04010
rcheatwood@bakerdonelson.com
Monica A. Frois (No. 20187)
mfrois@bakerdonelson.com
Matthew A. Woolf (No. 27146)
mwoolf@bakerdonelson.com
Tyler L. Weidlich (No. 30790)
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Attorneys for Exxon Mobil Corporation and Mobil
Oil Exploration and Producing Southeast Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail, fax, and/or depositing same in the United States mail, postage prepaid and properly addressed, this 21st day of April, 2016.

/s/ Leigh Ann Schell _____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### (LAKE CHARLES DIVISION)

| | | |
|---|---|---|
| THE PARISH OF CAMERON,<br>    Plaintiff | * <br> * <br> * <br> * | Civil Action No. _____ <br><br> Section: __ |
| v. | * <br> * | Judge: Hon. _____ |
| BAY COQUILLE, INC., BURLINGTON<br>RESOURCES OIL & GAS COMPANY, LP,<br>CHEVRON U.S.A. HOLDINGS, INC., ENDEAVOR<br>ENERGY RESOURCES, L.P., EXXON MOBIL<br>CORPORATION, HELIS OIL & GAS COMPANY,<br>L.L.C., HILCORP ENERGY COMPANY, KILROY<br>COMPANY OF TEXAS, INC., MOBIL OIL<br>EXPLORATION & PRODUCING SOUTHEAST INC.,<br>SOUTHPORT EXPLORATION, INC., THE TEXAS<br>COMPANY, AND VINTAGE PETROLEUM, L.L.C.<br>    Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Mag. Judge: Hon. _____ |

RECEIVED & FILED

2016 APR 26 PM 3 46

CLERK OF COURT
CAMERON PARISH, LA

**FAX FILED:**

April 22, 2016

D. Savoie

~~Deputy Clerk of Court~~

## DEFENDANTS' NOTICE OF REMOVAL

On February 4, 2016, the Parish of Cameron filed its Original Petition for Damages in the 38th Judicial District Court for the Parish of Cameron (the "Petition") against Defendants Burlington Resources Oil & Gas Company LP, Chevron U.S.A. Holdings, Inc., The Texas Company, Exxon Mobil Corporation, and Mobil Oil Exploration & Producing Southeast Inc. ("Defendants"). Without waiving any of their jurisdictional and other defenses, Defendants respectfully remove this civil action from the 38th Judicial District Court of the Parish of Cameron to the United States District Court for the Western District of Louisiana.

## INTRODUCTION

Counsel for the Parish has now filed 39 near-identical lawsuits in 3 coastal parishes. Private landowners have filed 4 follow-on petitions. The Attorney General of Louisiana and the Secretary of the Louisiana Department of Natural Resources have since intervened in all of the parish cases. These lawsuits ask state trial judges to preside over what the Parish views as a referendum on a century of prosperous oil and gas activities in Louisiana's coastal zone.[1] Neither the parishes nor the state entities see any role for the federal government in this process.

But the Parish cannot avoid the fact that Defendants' oil and gas activities are a critical component of the nation's energy security and intersect with federal issues. Critically, because the challenged activities here include the dredging and maintenance of navigable waterways, this Court has removal jurisdiction under general maritime law. And it is beyond dispute that, if successful, the Louisiana coastal cases could have a seismic effect on federal energy policy and regulation of Louisiana's coastal zone.

---

[1] *See, e.g., Board of Comm'rs of the Se. La. Flood Protection Auth. v. Tennessee Gas Pipeline Co., LLC*, 2:13-cv-05410, at *80–81 (E.D. La. June 27, 2014) (order denying remand) ("While Plaintiff may not be expressly challenging a specific action of a federal agency, the breadth of Plaintiff's claims amounts to a collateral attack on an entire regulatory scheme.... Plaintiff's claims are premised on the notion that this regulatory framework provides inadequate protection for the residents of southeastern Louisiana, and through this litigation, Plaintiff seeks to have the entire oil and gas industry compensate residents for the shortfall.").

It bears noting, however, that the federal jurisdictional questions in this case are shrouded in uncertainty. Previously, the Eastern District of Louisiana remanded the 28 cases that the Parishes' counsel brought in Jefferson and Plaquemines Parishes. Key jurisdictional questions at issue in those cases — including the removability of general maritime claims — remain "hotly contested." *See, e.g., Riverside Const. Co. v. Entergy Miss., Inc.*, 626 Fed. App'x 443, 445 (5th Cir. 2015), *as revised* (Oct. 16, 2015). Until the Fifth Circuit clarifies the jurisdictional impact of general maritime claims, uncertainty will cause further protracted battles over removal and remand. This Court should consider ending the uncertainty by asserting jurisdiction and certifying an appeal to the Fifth Circuit under 28 U.S.C. § 1292(b).

## REMOVAL PREREQUISITES

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because this case satisfies all prerequisites of removal, it belongs in federal court.

*Venue.* This notice of removal is properly directed to this Court pursuant to § 1441 because this Court is "the district court of the United States for the district and division" within which the State Court Petition is pending. *See* 28 U.S.C. § 98(a).

*State Court Record.* Pursuant to 28 U.S.C. § 1446(a), Defendants attach as Exhibit 1 a copy of all process, pleadings, and orders in this action and available in the state court record.

*Notice of Removal is Timely.* Defendants have not yet been served with the Parish of Cameron's Original Petition for damages. Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

*Consent.* Consents are unnecessary because no Defendants have been served. 28 U.S.C. § 1446(b)(2).

*Service.* Undersigned counsel certifies that, promptly after the filing of this Notice of Removal, copies of the Notice will be served on opposing counsel and filed with the Clerk of Court of the 38th Judicial District Court for the Parish of Cameron, State of Louisiana, to effect the removal of the state court action. 28 U.S.C. § 1446(d).

*Ground for Removal.* This case is removable because the Parish's claims are subject to maritime jurisdiction.

## GROUND FOR REMOVAL:

## THE PARISH'S CLAIMS ARE SUBJECT TO MARITIME JURISDICTION

"A federal court's authority to hear cases in admiralty flows initially from the Constitution, which 'extend[s]' federal judicial power 'to all Cases of admiralty and maritime Jurisdiction.'" U.S. Const., Art. III, § 2; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). "Congress has embodied that power in a statute giving federal district courts 'original jurisdiction [over] . . . [a]ny civil case of admiralty or maritime jurisdiction . . . .'" 28 U.S.C. § 1333(1).

Here, many of the injuries alleged by the Parish have allegedly occurred and continue to occur on navigable waters. For example, the Parish asserts that Defendants' allegedly unlawful conduct stems in large part from "the dredging of numerous canals in, through, and across the Operational Area." Pet. ¶ 25. Because these canals are part of a network of navigable waterways through the lands at issue, this case implicates traditional maritime activities and belongs in federal court. Moreover, whereas in prior coastal lawsuits Jefferson and Plaquemines Parishes

expressly disclaimed maritime claims, Cameron Parish's Petition includes no such disclaimer. *See id.* ¶ 33.

Defendants recognize that the legal basis of this removal ground is unsettled: there is a well-defined split in authority regarding whether Congress's recent amendments to 28 U.S.C. § 1441 allow general maritime cases to be removed to federal court. Some courts have found that § 1441 does not allow general maritime cases to be removed. *See, e.g., Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, 64 F. Supp. 3d 872, 898–900 (E.D. La. 2014); *Plaquemines Parish v. Rozel Operating Co.*, 2015 WL 403791, at *4 (E.D. La. 2015). Other courts in this Circuit, however, have taken the opposite view that Congress's recent amendments to 28 U.S.C. § 1441 *do allow* general maritime cases to be removed to federal court. *See, e.g. Carrigan v. M/V AMC Ambassador*, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, 2013 WL 6092803 (M.D. La. Nov. 19, 2013) (adopting report and recommendations). Likewise, the only federal appellate court to address the issue held that § 1441 allows general maritime cases to be removed. *Lu Junhong v. Boeing Co.*, 792 F.3d 805 (7th Cir. 2015).[2] And notably, the removability of general maritime claims currently is before the Fifth Circuit in *Board of Commissioners of the Southeast Louisiana Flood Protection Authority—East, et al v. Tennessee Gas Pipeline Company, LLC, et al*, No. 15-30162 (5th Cir.). This split in authority reflects disagreement among respected jurists on an important question of federal law. Therefore, removal is appropriate and, ultimately, appellate guidance is necessary. *See Riverside Const.*, 626 Fed. App'x at 445 (removal of maritime claims is "objectively reasonable" because removability of maritime claims is a "hotly contested and unresolved" issue).

---

[2] Although *Lu Junhong* did not address the effect of the "saving-to-suitors" clause of 28 U.S.C. § 1333, the Fifth Circuit has found that that the "saving-to-suitors" clause does not guarantee a state-court forum. *See Tenn. Gas Pipeline v Hous. Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996).

## CONCLUSION

Defendants respectfully remove to this Court case number 10-19581 from the 38th District Court of Cameron Parish, Louisiana.

Dated: April 21, 2016

Respectfully submitted,

/s/ Leigh Ann Schell
Deborah D. Kuchler, T.A. (#17013)
Leigh Ann Schell (#19811)
Robert E. Guidry (#28064)
Sarah E. Iiams (#22418)
**KUCHLER POLK SCHELL**
**WEINER & RICHESON, L.L.C.**
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
T. 504-592-0691
F. 504-592-0697
Email:dkuchler@kuchlerpolk.com
lschell@kuchlerpolk.com
rguidry@kuchlerpolk.com
siiams@kuchlerpolk.com

*Attorneys for Burlington Resources Oil & Gas Company LP*

/s/ Claire Elizabeth Juneau
Charles S. McCowan III (No. 19699)
trey.mccowan@keanmiller.com
L. Victor Gregoire (No. 22400)
victor.gregoire@keanmiller.com
Pamela R. Mascari (No. 25162)
pam.mascari@keanmiller.com
**KEAN MILLER LLP**
400 CONVENTION STREET, SUITE 700
P. O. BOX 3513 (70821-3513)
BATON ROUGE, LOUISIANA 70802
TELEPHONE:  (225) 387-0999

Michael R. Phillips (No. 21020)
mike.phillips@keanmiller.com
Michelle Purchner Cumberland (No. 30681)
michelle.cumberland@keanmiller.com
Claire Elizabeth Juneau (No. 33209)
claire.juneau@keanmiller.com
**KEAN MILLER LLP**
909 Poydras, Suite 3600
New Orleans, Louisiana 70112
Telephone:  (504) 585-3050
Facsimile:  (504) 585-3951

-and-

Eric J. Mayer (No. 14184)
emayer@susmangodfrey.com
Alexandra White (No. 29478)
awhite@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

***Attorneys for Chevron U.S.A. Holdings Inc.
and The Texas Company***

/s/ Robert B. McNeal
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Michael P. Cash (No. 31655)
mcash@liskow.com
**LISKOW & LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas  77002-6756
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone:  (337) 232-7424
Facsimile:  (337) 267-2399

-and-

Martin A. Stern (No. 17154)
martin.stern@arlaw.com
Glen M. Pilié (No. 1539)
glen.pilie@arlaw.com
Jeffrey E. Richardson (No. 23273)
jeffrey.richardson@arlaw.com
David M. Stein (No. 31977)
david.stein@arlaw.com
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

-and-

Roy C. Cheatwood (No. 04010)
rcheatwood@bakerdonelson.com
Monica A. Frois (No. 20187)
mfrois@bakerdonelson.com
Matthew A. Woolf (No. 27146)
mwoolf@bakerdonelson.com
Tyler L. Weidlich (No. 30790)
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Attorneys for Exxon Mobil Corporation and Mobil
Oil Exploration and Producing Southeast Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2016, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by electronic mail and/or regular mail.

/s/ Leigh Ann Schell_____

### CYNTHIA P. KING
### CAMERON PARISH CLERK OF COURT
### P O BOX 549
### CAMERON, LA. 70631
### TELEPHONE: 337/775-5316 FAX: 337/775-7172

## RECEIPT OF CIVIL FAXED FILINGS

The Parish of Cameron                    : 38TH Judicial District Court

Vs No: _10-19581_                         : Parish of Cameron

Bay Coquille Inc et al                    : State of Louisiana

Dear _Council_ ,

I hereby acknowledge receipt of your _notice of filing notice of_

_Removal & notice of Removal_

for filing on this _22nd_ day of _April_ . 2016. Within 7

days, exclusive of legal holidays, you must forward to the following:

    (1) The original signed document.

    (2) Filing fee of $ _138.00_ of which will include a $5.00
        transmission fee and fax charges.

    (3) _____ SUIT HAS ENOUGH MONEY TO COVER COST

Please send a check for the total charges due.

**DEBBIE SAVOIE**
**Deputy Clerk of Court**

_There is a charge for Exhibits. Please include an additional $2.00 per page for exhibits_

504-592-0696

# Fax Cover Page

To:              Clerk of Ccourt
Company:         38th JDC
Address:
Fax Number:      1-337-775-7172


From:            Tracy Gallinghouse
Address:         1615 Poydras St


Fax Number:      504.592.0697
Voice Phone:     504.592.0691
E-Mail:          tgallinghouse@kuchlerpolk.com


Date:            4/21/2016
Time:            18:56:02
Pages:           15


Subject:         38th JDC Case No. 10-19581



Message:

RECEIVED & FILED

2016 APR 22  AM 9 28

CLERK OF COURT
CAMERON PARISH, LA.

38TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CAMERON

STATE OF LOUISIANA

CIVIL NO. 10-19581                                    DIVISION "A"

THE PARISH OF CAMERON

VERSUS

BAY COQUILLE, INC., ET AL.

FILED:_____        _____
                                              DEPUTY CLERK

### NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on April 21, 2016, Defendants, Burlington Resources Oil & Gas Company LP, Chevron U.S.A. Holdings, Inc., The Texas Company, Exxon Mobil Corporation, and Mobil Oil Exploration & Producing Southeast Inc. ("Defendants") filed in the office of the Clerk of the United States District Court for the Western District of Louisiana, a Notice of Removal of the above action to said United States District Court.

A copy of such Notice of Removal is annexed hereto.

Respectfully submitted,

/s/ Leigh Ann Schell_____
Deborah D. Kuchler, T.A. (#17013)
Leigh Ann Schell (#19811)
Robert E. Guidry (#28064)
Sarah E. Iiams (#22418)
**KUCHLER POLK SCHELL**
**WEINER & RICHESON, L.L.C.**
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
T. 504-592-0691
F. 504-592-0697
Email: dkuchler@kuchlerpolk.com
lschell@kuchlerpolk.com
rguidry@kuchlerpolk.com
siiams@kuchlerpolk.com

*Attorneys for Burlington Resources Oil & Gas*
*Company LP*

# KUCHLER POLK
## Schell Weiner & Richeson, LLC



www.kuchlerpolk.com

NEW ORLEANS, LA           HOUSTON, TX

**Leigh Ann Schell**
LSchell@kuchlerpolk.com
Admitted In Louisiana

1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Phone: 504•592•0691
Fax: 504• 592•0696

April 21, 2016

*Via Facsimile: 337.775.7172*
     *& U.S. Mail*
Honorable Cynthia P. King
Clerk of Court, Cameron Parish
119 Smith Circle, Room 21
P.O. Box 549
Cameron, LA 70631

         Re:    The Parish of Cameron v. Bay Coquille, Inc., et al.
                38th JDC Case No. 10-19581

Dear Ms. King:

     Attached please find a Notice to State Court of Removal filed in the above-captioned matter.

     Pursuant to La. R.S. 13:850, we are filing the attachment by facsimile transmission. Also required by La. R.S. 13:850, we are delivering to you, by U.S. Mail, the original and one copy of the attached pleading. We understand that your office will fax to us an invoice for filing costs due. Upon receipt of your invoice, we will forward our firm check to you with the pleading. Please file the pleading in the record and return a date-stamped copy in the attached self-addressed, stamped envelope.

     Thank you for your assistance in this matter. Please do not hesitate to contact me, should you have any questions.

                Sincerely,

                Tracy W. Gallinghouse
                Paralegal to Leigh Ann Schell

:twg
Attachment(s)
cc: All Counsel of Record (*via e-mail*)

/s/ Claire Elizabeth Juneau
Charles S. McCowan III (No. 19699)
trey.mccowan@keanmiller.com
L. Victor Gregoire (No. 22400)
victor.gregoire@keanmiller.com
Pamela R. Mascari (No. 25162)
pam.mascari@keanmiller.com
**KEAN MILLER LLP**
400 CONVENTION STREET, SUITE 700
P. O. BOX 3513 (70821-3513)
BATON ROUGE, LOUISIANA 70802
TELEPHONE:  (225) 387-0999

Michael R. Phillips (No. 21020)
mike.phillips@keanmiller.com
Michelle Purchner Cumberland (No. 30681)
michelle.cumberland@keanmiller.com
Claire Elizabeth Juneau (No. 33209)
claire.juneau@keanmiller.com
**KEAN MILLER LLP**
909 Poydras, Suite 3600
New Orleans, Louisiana 70112
Telephone:  (504) 585-3050
Facsimile:  (504) 585-3951

-and-

Eric J. Mayer (No. 14184)
emayer@susmangodfrey.com
Alexandra White (No. 29478)
awhite@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

***Attorneys for Chevron U.S.A. Holdings Inc.
and The Texas Company***

/s/ Robert B. McNeal
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Michael P. Cash (No. 31655)
mcash@liskow.com
**LISKOW & LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas  77002-6756

2

Telephone: (713) 651-2900
Facsimile: (713) 651-2908

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Facsimile: (337) 267-2399

-and-

Martin A. Stern (No. 17154)
martin.stern@arlaw.com
Glen M. Pilié (No. 1539)
glen.pilie@arlaw.com
Jeffrey E. Richardson (No. 23273)
jeffrey.richardson@arlaw.com
David M. Stein (No. 31977)
david.stein@arlaw.com
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210

-and-

Roy C. Cheatwood (No. 04010)
rcheatwood@bakerdonelson.com
Monica A. Frois (No. 20187)
mfrois@bakerdonelson.com
Matthew A. Woolf (No. 27146)
mwoolf@bakerdonelson.com
Tyler L. Weidlich (No. 30790)
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Attorneys for Exxon Mobil Corporation and Mobil
Oil Exploration and Producing Southeast Inc.*

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic mail, fax, and/or depositing same in the United States mail, postage prepaid and properly addressed, this 21st day of April, 2016.

/s/ Leigh Ann Schell _____

4

RECEIVED & FILED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**(LAKE CHARLES DIVISION)**

2016 APR 22  AM 9 28

CLERK OF COURT
CAMERON PARISH, LA.

| | | |
|---|---|---|
| THE PARISH OF CAMERON, | * | Civil Action No. |
| Plaintiff | * | |
| | * | Section: __ |
| v. | * | |
| | * | Judge: Hon. _____ |
| BAY COQUILLE, INC., BURLINGTON | * | |
| RESOURCES OIL & GAS COMPANY, LP, | * | Mag. Judge: Hon. _____ |
| CHEVRON U.S.A. HOLDINGS, INC., ENDEAVOR | * | |
| ENERGY RESOURCES, L.P., EXXON MOBIL | * | |
| CORPORATION, HELIS OIL & GAS COMPANY, | * | |
| L.L.C., HILCORP ENERGY COMPANY, KILROY | * | |
| COMPANY OF TEXAS, INC., MOBIL OIL | * | |
| EXPLORATION & PRODUCING SOUTHEAST INC., | * | |
| SOUTHPORT EXPLORATION, INC., THE TEXAS | * | |
| COMPANY, AND VINTAGE PETROLEUM, L.L.C. | * | |
| Defendants. | * | |

---

**DEFENDANTS' NOTICE OF REMOVAL**

---

Powered by Goldfax  4/21/2016 18:56

On February 4, 2016, the Parish of Cameron filed its Original Petition for Damages in the 38th Judicial District Court for the Parish of Cameron (the "Petition") against Defendants Burlington Resources Oil & Gas Company LP, Chevron U.S.A. Holdings, Inc., The Texas Company, Exxon Mobil Corporation, and Mobil Oil Exploration & Producing Southeast Inc. ("Defendants"). Without waiving any of their jurisdictional and other defenses, Defendants respectfully remove this civil action from the 38th Judicial District Court of the Parish of Cameron to the United States District Court for the Western District of Louisiana.

## INTRODUCTION

Counsel for the Parish has now filed 39 near-identical lawsuits in 3 coastal parishes. Private landowners have filed 4 follow-on petitions. The Attorney General of Louisiana and the Secretary of the Louisiana Department of Natural Resources have since intervened in all of the parish cases. These lawsuits ask state trial judges to preside over what the Parish views as a referendum on a century of prosperous oil and gas activities in Louisiana's coastal zone.[1] Neither the parishes nor the state entities see any role for the federal government in this process.

But the Parish cannot avoid the fact that Defendants' oil and gas activities are a critical component of the nation's energy security and intersect with federal issues. Critically, because the challenged activities here include the dredging and maintenance of navigable waterways, this Court has removal jurisdiction under general maritime law. And it is beyond dispute that, if successful, the Louisiana coastal cases could have a seismic effect on federal energy policy and regulation of Louisiana's coastal zone.

---

[1] *See, e.g., Board of Comm'rs of the Se. La. Flood Protection Auth. v. Tennessee Gas Pipeline Co., LLC*, 2:13-cv-05410, at *80–81 (E.D. La. June 27, 2014) (order denying remand) ("While Plaintiff may not be expressly challenging a specific action of a federal agency, the breadth of Plaintiff's claims amounts to a collateral attack on an entire regulatory scheme.... Plaintiff's claims are premised on the notion that this regulatory framework provides inadequate protection for the residents of southeastern Louisiana, and through this litigation, Plaintiff seeks to have the entire oil and gas industry compensate residents for the shortfall.").

It bears noting, however, that the federal jurisdictional questions in this case are shrouded in uncertainty. Previously, the Eastern District of Louisiana remanded the 28 cases that the Parishes' counsel brought in Jefferson and Plaquemines Parishes. Key jurisdictional questions at issue in those cases — including the removability of general maritime claims — remain "hotly contested." *See, e.g., Riverside Const. Co. v. Entergy Miss., Inc.*, 626 Fed. App'x 443, 445 (5th Cir. 2015), *as revised* (Oct. 16, 2015). Until the Fifth Circuit clarifies the jurisdictional impact of general maritime claims, uncertainty will cause further protracted battles over removal and remand. This Court should consider ending the uncertainty by asserting jurisdiction and certifying an appeal to the Fifth Circuit under 28 U.S.C. § 1292(b).

## REMOVAL PREREQUISITES

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because this case satisfies all prerequisites of removal, it belongs in federal court.

*Venue.* This notice of removal is properly directed to this Court pursuant to § 1441 because this Court is "the district court of the United States for the district and division" within which the State Court Petition is pending. *See* 28 U.S.C. § 98(a).

*State Court Record.* Pursuant to 28 U.S.C. § 1446(a), Defendants attach as Exhibit 1 a copy of all process, pleadings, and orders in this action and available in the state court record.

*Notice of Removal is Timely.* Defendants have not yet been served with the Parish of Cameron's Original Petition for damages. Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

*Consent.* Consents are unnecessary because no Defendants have been served. 28 U.S.C. § 1446(b)(2).

*Service.* Undersigned counsel certifies that, promptly after the filing of this Notice of Removal, copies of the Notice will be served on opposing counsel and filed with the Clerk of Court of the 38th Judicial District Court for the Parish of Cameron, State of Louisiana, to effect the removal of the state court action. 28 U.S.C. § 1446(d).

*Ground for Removal.* This case is removable because the Parish's claims are subject to maritime jurisdiction.

## GROUND FOR REMOVAL:

## THE PARISH'S CLAIMS ARE SUBJECT TO MARITIME JURISDICTION

"A federal court's authority to hear cases in admiralty flows initially from the Constitution, which 'extend[s]' federal judicial power 'to all Cases of admiralty and maritime Jurisdiction.'" U.S. Const., Art. III, § 2; *see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). "Congress has embodied that power in a statute giving federal district courts 'original jurisdiction [over] . . . [a]ny civil case of admiralty or maritime jurisdiction . . . .'" 28 U.S.C. § 1333(1).

Here, many of the injuries alleged by the Parish have allegedly occurred and continue to occur on navigable waters. For example, the Parish asserts that Defendants' allegedly unlawful conduct stems in large part from "the dredging of numerous canals in, through, and across the Operational Area." Pet. ¶ 25. Because these canals are part of a network of navigable waterways through the lands at issue, this case implicates traditional maritime activities and belongs in federal court. Moreover, whereas in prior coastal lawsuits Jefferson and Plaquemines Parishes

Powered by GoldFax   4/21/2016   18:56

Case 2:18-cv-00685-RRS-KK   Document 1-59   Filed 05/23/18   Page 89 of 124 PageID #: 850   Page 11/1!

Case 2:16-cv-00541   Document 1   Filed 04/21/16   Page 5 of 9 PageID #:  5

expressly disclaimed maritime claims, Cameron Parish's Petition includes no such disclaimer. *See id.* ¶ 33.

Defendants recognize that the legal basis of this removal ground is unsettled: there is a well-defined split in authority regarding whether Congress's recent amendments to 28 U.S.C. § 1441 allow general maritime cases to be removed to federal court. Some courts have found that § 1441 does not allow general maritime cases to be removed. *See, e.g., Parish of Plaquemines v. Total Petrochemical & Refining USA, Inc.*, 64 F. Supp. 3d 872, 898–900 (E.D. La. 2014); *Plaquemines Parish v. Rozel Operating Co.*, 2015 WL 403791, at *4 (E.D. La. 2015). Other courts in this Circuit, however, have taken the opposite view that Congress's recent amendments to 28 U.S.C. § 1441 *do allow* general maritime cases to be removed to federal court. *See, e.g. Carrigan v. M/V AMC Ambassador*, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, 2013 WL 6092803 (M.D. La. Nov. 19, 2013) (adopting report and recommendations). Likewise, the only federal appellate court to address the issue held that § 1441 allows general maritime cases to be removed. *Lu Junhong v. Boeing Co.*, 792 F.3d 805 (7th Cir. 2015).[2] And notably, the removability of general maritime claims currently is before the Fifth Circuit in *Board of Commissioners of the Southeast Louisiana Flood Protection Authority—East, et al v. Tennessee Gas Pipeline Company, LLC, et al*, No. 15-30162 (5th Cir.). This split in authority reflects disagreement among respected jurists on an important question of federal law. Therefore, removal is appropriate and, ultimately, appellate guidance is necessary. *See Riverside Const.*, 626 Fed. App'x at 445 (removal of maritime claims is "objectively reasonable" because removability of maritime claims is a "hotly contested and unresolved" issue).

---

[2] Although *Lu Junhong* did not address the effect of the "saving-to-suitors" clause of 28 U.S.C. § 1333, the Fifth Circuit has found that that the "saving-to-suitors" clause does not guarantee a state-court forum. *See Tenn. Gas Pipeline v Hous. Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996).

# CONCLUSION

Defendants respectfully remove to this Court case number 10-19581 from the 38th District Court of Cameron Parish, Louisiana.


Dated: April 21, 2016


Respectfully submitted,

/s/ Leigh Ann Schell
Deborah D. Kuchler, T.A. (#17013)
Leigh Ann Schell (#19811)
Robert E. Guidry (#28064)
Sarah E. Iiams (#22418)
**KUCHLER POLK SCHELL**
**WEINER & RICHESON, L.L.C.**
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
T. 504-592-0691
F. 504-592-0697
Email:dkuchler@kuchlerpolk.com
lschell@kuchlerpolk.com
rguidry@kuchlerpolk.com
siiams@kuchlerpolk.com

***Attorneys for Burlington Resources Oil & Gas***
***Company LP***


/s/ Claire Elizabeth Juneau
Charles S. McCowan III (No. 19699)
trey.mccowan@keanmiller.com
L. Victor Gregoire (No. 22400)
victor.gregoire@keanmiller.com
Pamela R. Mascari (No. 25162)
pam.mascari@keanmiller.com
**KEAN MILLER LLP**
400 CONVENTION STREET, SUITE 700
P. O. BOX 3513 (70821-3513)
BATON ROUGE, LOUISIANA 70802
TELEPHONE:  (225) 387-0999

Powered by GoldFax - 4/21/2016 18:56
Case 2:18-cv-00085-RRS-KK Document 1-59 Filed 05/23/18 Page 91 of 124 PageID #: 858 Page 13/15

Case 2:16-cv-00541 Document 1 Filed 04/21/16 Page 7 of 9 PageID #: 7

Michael R. Phillips (No. 21020)
mike.phillips@keanmiller.com
Michelle Purchner Cumberland (No. 30681)
michelle.cumberland@keanmiller.com
Claire Elizabeth Juneau (No. 33209)
claire.juneau@keanmiller.com
**KEAN MILLER LLP**
909 Poydras, Suite 3600
New Orleans, Louisiana 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3951

-and-

Eric J. Mayer (No. 14184)
emayer@susmangodfrey.com
Alexandra White (No. 29478)
awhite@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

***Attorneys for Chevron U.S.A. Holdings Inc.
and The Texas Company***

/s/ Robert B. McNeal
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Michael P. Cash (No. 31655)
mcash@liskow.com
**LISKOW & LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas 77002-6756
Telephone: (713) 651-2900
Facsimile: (713) 651-2908

Powered by GoldFax   4/21/2016   18:56   Page 14/15

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Facsimile: (337) 267-2399

-and-

Martin A. Stern (No. 17154)
martin.stern@arlaw.com
Glen M. Pilié (No. 1539)
glen.pilie@arlaw.com
Jeffrey E. Richardson (No. 23273)
jeffrey.richardson@arlaw.com
David M. Stein (No. 31977)
david.stein@arlaw.com
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210

-and-

Roy C. Cheatwood (No. 04010)
rcheatwood@bakerdonelson.com
Monica A. Frois (No. 20187)
mfrois@bakerdonelson.com
Matthew A. Woolf (No. 27146)
mwoolf@bakerdonelson.com
Tyler L. Weidlich (No. 30790)
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Attorneys for Exxon Mobil Corporation and Mobil*
*Oil Exploration and Producing Southeast Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2016, a copy of the above and foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by electronic mail and/or regular mail.

/s/ Leigh Ann Schell

MEMORY TRANSMISSION   RT

|   |   |
|---|---|
| TIME | :04-22-2016 09:... |
| FAX NO.1 | :337-775-7172 |
| NAME | :Cameron Clerk Court |

| | | |
|---|---|---|
| FILE NO. | : | 296 |
| DATE | : | 04.22 09:29 |
| TO | : ☎ | 15045920696-3400 |
| DOCUMENT PAGES | : | 3 |
| START TIME | : | 04.22 09:30 |
| END TIME | : | 04.22 09:31 |
| PAGES SENT | : | 3 |
| STATUS | : | OK |

***SUCCESSFUL TX NOTICE***

**CYNTHIA P. KING**
**CAMERON PARISH CLERK OF COURT**
**P O BOX 549**
**CAMERON, LA. 70631**
**TELEPHONE: 337/775-5316 FAX: 337/775-7172**
**RECEIPT OF CIVIL FAXED FILINGS**

The Parish of Cameron                                    : 38TH Judicial District Court

Vs No: ___10-19581___                                   : Parish of Cameron

Bay Coquille Inc  et al                                  : State of Louisiana

Dear _Council_ .

I hereby acknowledge receipt of your _notice of filing notice of_
_Removal & notice of Removal_

for filing on this ___22nd___ day of ___April___ . 2016.  Within 7

days, exclusive of legal holidays, you must forward to the following:

    (1) The original signed document. ·

    (2) Filing fee of $ _125.00_ of which will include a $5.00
        transmission fee and fax charges.

    (3) _____ SUIT HAS ENOUGH MONEY TO COVER COST

Please send a check for the total charges due.

**DEBBIE SAVOIE** _There is a charge for Exhibits -_
**Deputy Clerk of Court** _Please include an additional_
        _$2.00 per page for exhibits_

    504-592-0696

# TALBOT, CARMOUCHE & MARCELLO

DONALD T. CARMOUCHE
VICTOR L. MARCELLO
JOHN H. CARMOUCHE

*Member of the Texas Bar

17405 PERKINS ROAD
BATON ROUGE, LOUISIANA 70810
TELEPHONE: (225) 400-9991
FAX: (225) 448-2568

WILLIAM R. COENEN, III
BRIAN T. CARMOUCHE
TODD J. WIMBERLEY
ROSS J. DONNES
D. ADELE OWEN
LEAH C. POOLE
CHRISTOPHER D. MARTIN

AUBERT D. TALBOT
(1925-2005)

May 11, 2018

Honorable Susan Racca
Cameron Parish Clerk of Court
119 Smith Circle
Room 21
Post Office Box 549
Cameron, LA 70631-0549

      Re:  Cameron Parish v. Bay Coquille, Inc., et al.
            Docket No. 10-19581 (North Deep Lake)
            38th JDC; Parish of Cameron; State of Louisiana

Dear Ms. Racca:

      Please effect service of the Original Petition for Damages in the referenced manner as follows:

**SOUTHPORT EXPLORATION, INC.**
Through its registered agent for service of process:
The Prentice-Hall Corporation System, Inc.
501 Louisiana Avenue
Baton Rouge, LA 70802

Also enclosed is a check which represents the filing and service fees.

      With kindest regards, I am

                   Very truly yours,

                   John H. Carmouche/sls

                   John H. Carmouche

JHC/sls
Enclosures
cc:    All counsel of record via e-mail only

# CITATION

__THE PARISH OF CAMERON__          38TH JUDICIAL DISTRICT COURT

VS NO. __10-19581__         PARISH OF CAMERON

__BAY COQUILLE INC ET AL__        STATE OF LOUISIANA

TO: __SOUTHPORT EXPLORATION INC,  THROUGH ITS REGISTERED AGENT FOR__
       __SERVICE OF PROCESS:   THE PRENTICE-HALL CORPORATION SYSTEM, INC.__
       __501 LOUISIANA AVENUE, BATON ROUGE,  LA 70802__

You are hereby cited to appear before said Court, for said Parish, and to comply with the demand contained

in the petition of__DAMAGES__ against you,  a certified copy  of which petition

accompanied this citation, or file your answers  thereto in writing in the office of the Clerk of Court, in the City

of Cameron, in said Parish, within Fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable __PENELOPE RICHARD__ , Judge of said court, this __11TH__ day of

_____ __MAY__ _____ , A.D. 20__18__ .

Issued and delivered ____ __MAY 11,__ ____ A.D. 2018.

_Kevin Warren_

Deputy Clerk of Court

REQUESTED BY: JOHN CARMOUCHE P1

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * STATE COST EXEMPT * * * * * *

_____ SHERIFF'S RETURN - PERSONAL OR DOMICILIARY _____

FEE  $_____ SERVED:_____ PERSONAL _____ DOMICILIARY

_____ MILEAGES_____ SERVED TO:_____

TOTAL $_____ REMARKS:_____

DATE SERVED:_____ _____
           DEPUTY SIGNATURE & BADGE NUMBER

RECEIVED & FILED

**38TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CAMERON**

2018 MAY 11

**STATE OF LOUISIANA**

CLERK OF COURT

**DOCKET NO. 10-19581**

CA... ....MERON, LA.

**THE PARISH OF CAMERON**

**VERSUS**

**BAY COQUILLE, INC., BURLINGTON RESOURCES OIL & GAS COMPANY LP, CHEVRON U.S.A. HOLDINGS, INC., ENDEAVOR ENERGY RESOURCES, L.P., EXXON MOBIL CORPORATION, HELIS OIL & GAS COMPANY, L.L.C., HILCORP ENERGY COMPANY, KILROY COMPANY OF TEXAS, INC., MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST INC., SOUTHPORT EXPLORATION, INC., THE TEXAS COMPANY AND VINTAGE PETROLEUM, L.L.C.**

**FILED:** _____      _____

                                                    **DEPUTY CLERK OF COURT**

**REQUEST FOR NOTICE OF TRIAL, NOTICE OF**
**JUDGMENT, AND NOTICE OF REPRESENTATION**

TO:   CLERK OF COURT
       PARISH OF CAMERON

        Please be advised that undersigned counsel will represent plaintiff, The Parish of Cameron, and to hereby request that written notice be mailed to undersigned counsel by the Clerk, by certified mail, properly stamped and addressed, at least ten (10) days before the date fixed for the trial on the merits hereof, or any hearing on any other matter herein, all in accordance with La. C. C. P. art. 1572.

        It is further requested that the undersigned be sent notice of the rendition and signing of all final judgments and interlocutory orders or judgments pursuant to La. C. C. P. articles 1913 and 1914.

By Attorneys:

TALBOT, CARMOUCHE & MARCELLO
17405 Perkins Road
Baton Rouge, LA 70810
Telephone: (225) 400-9991
Fax: (225) 448-2568

Donald T. Carmouche, Bar #2226
Victor L. Marcello, Bar # 9252
John H. Carmouche, Bar #22294
William R. Coenen, III, Bar #27410
Brian T. Carmouche, Bar #30430
Todd J. Wimberley, Bar #34862
Ross J. Donnes, Bar #33098
D. Adele Owen, Bar #21001
Leah C. Poole, Bar #35092
Christopher D. Martin, Bar #30613

Chad E. Mudd, #25188
David P. Bruchhaus, #24326
M. Keith Prudhomme, #14336
Matthew P. Keating, #30911
**MUDD & BRUCHHAUS, L.L.C.**
410 E. College St.
Lake Charles, LA  70605

*Attorneys for Plaintiffs*

38TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CAMERON

STATE OF LOUISIANA

DOCKET NO. 10-19581

THE PARISH OF CAMERON

VERSUS

BAY COQUILLE, INC., BURLINGTON RESOURCES OIL & GAS COMPANY LP,
CHEVRON U.S.A. HOLDINGS, INC., ENDEAVOR ENERGY RESOURCES, L.P.,
EXXON MOBIL CORPORATION, HELIS OIL & GAS COMPANY, L.L.C., HILCORP
ENERGY COMPANY, KILROY COMPANY OF TEXAS, INC., MOBIL OIL
EXPLORATION & PRODUCING SOUTHEAST INC., SOUTHPORT EXPLORATION,
INC., THE TEXAS COMPANY AND VINTAGE PETROLEUM, L.L.C.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and forgoing pleading has been forwarded
to the following counsel of record by electronic mail and/or by placing same in the United States
mail, postage prepaid, and properly addressed.

Michele DeShazo
(mdeshazo@kuchlerpolk.com)
Deborah D. Kuchler
(dkuchler@kuchlerpolk.com)
Robert E. Guidry
(rguidry@kuchlerpolk.com)
Sarah E. Iiams
(siiams@kuchlerpolk.com)
KUCHLER POLK SCHELL WEINER &
RICHESON, L.L.C.
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
*Attorneys for Burlington Resources Oil &
Gas Company LP*

Bradley J. Schlotterer
Daniel B. Stanton
Blake Crohan
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, LA 70112
*Attorneys for Bay Coquille, Inc.*

Edward C. Abell, Jr.
Karen D. Ancelet
ONEBANE LAW FIRM
1200 Camellia Blvd., Suite 300
Post Office Box 3507
Lafayette, LA 70502-3507
*Attorneys for Kilroy Company of Texas, Inc.*

Charles S. McCowan, III
(trey.mccowan@keanmiller.com)
L. Victor Gregoire
(victor.gregoire@keanmiller.com)
Pamela R. Mascari
(pam.mascari@keanmiller.com)
KEAN MILLER LLP
400 Convention Street, Suite 700
P.O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
*and*
Michael R. Phillips
(mike.phillips@keanmiller.com)
Claire E. Juneau
(claire.juneau@keanmiller.com)
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, LA 70112
*and*
Eric J. Mayer
(emayer@susmangodfrey.com)
Alexandra White
(awhite@susmangodfrey.com)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 1500
Houston, TX 77002-5096
*and*
Ashley C. Parrish (*pro hac vice*)
(aparrish@kslaw.com)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW Suite 200
Washington, D.C. 20006
*Attorneys for Chevron U.S.A. Holdings, Inc.,
and The Texas Company*

Robert B. McNeal
(rbmcneal@liskow.com)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
and
Michael P. Cash
(mcash@liskow.com)
LISKOW & LEWIS
First City Tower
1001 Fannin Street
Houston, TX 77002-6756
and
Jamie D. Rhymes
(jdrhymes@liskow.com)
LISKOW & LEWIS
822 Harding Street
Lafayette, LA 70503
and
Martin A. Stern
(martin.stern@arlaw.com)
Glen M. Pilie
(glen.pilie@arlaw.com)
Jeffrey E. Richardson
(Jeffrey.richardson@arlaw.com)
David M. Stein
(david.stein@arlaw.com)
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
and
Roy C. Cheatwood
(rcheatwood@bakerdonelson.com)
Monica A. Frois
(mfrois@bakerdonelson.com)
Matthew A. Woolf
(mwoolf@bakerdonelson.com)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
*Attorneys for Exxon Mobil Corporation and
Mobil Oil Exploration and Producing
Southeast Inc.*

Ryan M. Seidemann
(seidemannr@ag.louisiana.gov)
Elizabeth B. Murrill
(murrille@ag.louisiana.gov)
Wilbur L. Stiles, III
(stilesw@ag.louisiana.gov)
Assistant Attorneys General
LOUISIANA DEPARTMENT OF
JUSTICE
1185 North 3rd Street
Baton Rouge, LA 70802
*Attorneys for The State of Louisiana, ex rel.
Jeff Landry, Attorney General*

Blake L. Canfield
(blake.canfield@la.gov)
Executive Counsel
Departement of Natural Resources
P.O. Box 94396
Baton Rouge, LA 70804
and
Megan K. Terrell
(megan.terrell2@la.gov)
Office of Governor John Bel Edwards
Governor's Office for Coastal Activities
900 North 3rd Street, Fourth Floor
Baton Rouge, LA 70802
*Attorneys for State of Louisiana through the
Department of Natural Resources, Office of
Coastal Management and its Secretary,
Thomas F. Harris*

Craig Isenberg
(cisenberg@barrassousdin.com)
David N. Luder
(dluder@barrassousdin.com)
Kelsey L. Meeks
(kmeeks@barrassousdin.com)
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, LA 70112
*Attorneys for Hilcorp Energy Company*

John Michael Parker
Edward D. Hughes
Kelley Dick, Jr.
TAYLOR, PORTER, BROOKS &
PHILLIPS LLP
450 Laurel Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821-2471
*Attorneys for Helis Oil & Gas Company,
LLC*

Baton Rouge, Louisiana this 11th day of ____MAY____, 2018.

_____
Todd J. Wimberley

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
OFFICE OF THE CLERK**

May 9, 2018

Susan Racca, Clerk of Court
38th Judicial District Court
Cameron Parish
P O Box 549
Cameron, LA 70631

RECEIVED & FILED
2018 MAY 14   A 10:30
CLERK OF COURT
CAMERON PARISH, LA.

In re: Civil Action No. 2:16‒cv‒00541‒TAD‒KK
CAMERON V. BAY COQUILLE INC ET AL
Your Case No. 10‒19581

Dear Clerk:

Please be advised that the above captioned matter has been remanded to your Court. We enclose herewith a certified copy of our docket sheet and the Judgment or Order to Remand.

The official court record for the Western District of Louisiana is the electronic case filing system, CM/ECF. Our website is: http://ecf.lawd.uscourts.gov; counsel may access this database to obtain any pleadings you require.

Please acknowledge receipt on the enclosed copy of this letter.

ATTORNEYS ARE ADVISED THAT ALL FUTURE FILINGS SHOULD BE DIRECTED TO THE RECEIVING COURT NAMED ABOVE.

For questions regarding this document or transmission, please call our CM/ECF help desk at 1‒866‒323‒1101.

THUS DONE  May 9, 2018.

TONY R. MOORE
CLERK OF COURT

A Crawford
DEPUTY CLERK OF COURT

ATTENTION

# U.S. District Court
## Western District of Louisiana (Lake Charles)
## CIVIL DOCKET FOR CASE #: 2:16-cv-00541-TAD-KK

Cameron v. Bay Coquille Inc et al
Assigned to: Judge Terry A Doughty
Referred to: Magistrate Judge Kathleen Kay
Demand: $0
Related Cases: 2:16-cv-00531-TAD-KK
              2:16-cv-00532-TAD-KK
              2:16-cv-00535-TAD-KK
              2:16-cv-00530-TAD-KK
              2:16-cv-00536-TAD-KK
              2:16-cv-00540-TAD-KK
              2:16-cv-00537-TAD-KK
              2:16-cv-00538-TAD-KK
              2:16-cv-00539-TAD-KK
              2:16-cv-00542-TAD-KK
Case in other court: 38th JDC (Cameron), 10-19581
Cause: 28:1331 Fed. Question

Date Filed: 04/21/2016
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Parish of Cameron**

represented by **Todd J Wimberley**
Talbot Carmouche & Marcello (BR)
17405 Perkins Rd
Baton Rouge, LA 70810-3824
225-400-9991
Fax: 225-488-2568
Email: twimberley@tcmlawfirm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian T Carmouche**
Talbot Carmouche & Marcello (BR)
17405 Perkins Rd
Baton Rouge, LA 70810-3824
225-400-9991
Fax: 225-448-2568
Email: bcarmouche@tcmlawfirm.net
*ATTORNEY TO BE NOTICED*

**Chad E Mudd**



Mudd & Bruchhaus (LC)
410 E College St
Lake Charles, LA 70605
337-562-2327
Fax: 337-562-2391
Email: cmudd@mbklaw.net
*ATTORNEY TO BE NOTICED*

**D Adele Owen**
Talbot Carmouche & Marcello (BR)
17405 Perkins Rd
Baton Rouge, LA 70810-3824
225-400-9991
Fax: 225-448-2568
Email: aowen@tcmlawfirm.net
*ATTORNEY TO BE NOTICED*

**David P Bruchhaus**
Mudd & Bruchhaus (LC)
410 E College St
Lake Charles, LA 70605
337-562-2327
Fax: 337-562-2391
Email: dbruchhaus@camtel.net
*ATTORNEY TO BE NOTICED*

**Donald T Carmouche**
Talbot Carmouche & Marcello (BR)
17405 Perkins Rd
Baton Rouge, LA 70810-3824
225-644-7777
Fax: 225-644-5226
Email: dcoffice@tcmlawfirm.net
*ATTORNEY TO BE NOTICED*

**John H Carmouche**
Talbot Carmouche & Marcello (BR)
17405 Perkins Rd
Baton Rouge, LA 70810-3824
225-644-7777
Fax: 225-644-5226
Email: jcarmouche@tcmlawfirm.net
*ATTORNEY TO BE NOTICED*

**Leah Cotten Poole**
Talbot Carmouche & Marcello (BR)
17405 Perkins Rd

Baton Rouge, LA 70810-3824
225-400-9991
Fax: 225-448-2568
Email: lcotten@tcmlawfirm.net
*ATTORNEY TO BE NOTICED*

**Matthew Patrick Keating**
Mudd & Bruchhaus (LC)
410 E College St
Lake Charles, LA 70605
337-562-2327
Fax: 337-562-2391
Email: mkeating@mbklaw.net
*ATTORNEY TO BE NOTICED*

**Michael Keith Prudhomme**
Mudd & Bruchhaus (LC)
410 E College St
Lake Charles, LA 70605
337-562-2327
Fax: 337-562-2391
Email: kprudhomme@mbklaw.net
*ATTORNEY TO BE NOTICED*

**Ross J Donnes**
Talbot Carmouche & Marcello (BR)
17405 Perkins Rd
Baton Rouge, LA 70810-3824
225-400-9991
Fax: 225-448-2568
Email: rdonnes@tcmlawfirm.net
*ATTORNEY TO BE NOTICED*

**Victor L Marcello**
Talbot Carmouche & Marcello (BR)
17405 Perkins Rd
Baton Rouge, LA 70810-3824
225-644-7777
Fax: 225-644-5226
Email: vmarcello@tcmlawfirm.net
*ATTORNEY TO BE NOTICED*

**William Robert Coenen , III**
Talbot Carmouche & Marcello (BR)
17405 Perkins Rd
Baton Rouge, LA 70810-3824
225-644-7777

Fax: 225-644-5226
Email: wcoenen@tcmlawfirm.net
*ATTORNEY TO BE NOTICED*

V.

**Intervenor Plaintiff**

**State of Louisiana**                    represented by    **James Blake Canfield**
                                                            LA Dept of Natural Resources
                                                            P O Box 94396
                                                            Baton Rouge, LA 70804
                                                            225-342-2710
                                                            Fax: 225-342-5861
                                                            Email: blake.canfield@la.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Donald W Price**
                                                            LA Dept of Natural Resources
                                                            P O Box 94396
                                                            Baton Rouge, LA 70804
                                                            225-342-4274
                                                            Fax: 225-342-4313
                                                            Email: donald.price@la.gov
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Megan Kathleen Terrell**
                                                            LA Office of the Governor
                                                            900 N 3rd St
                                                            Baton Rouge, LA 70802
                                                            225-342-7669
                                                            Fax: 225-342-7099
                                                            Email: megan.terrell2@la.gov
                                                            *ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**State of Louisiana**                    represented by    **Elizabeth Baker Murrill**
*Ex Rel. Jeff Landry*                                       LA Dept of Justice (N 3rd St)
                                                            1885 N 3rd St
                                                            Baton Rouge, LA 70801
                                                            225-326-6766
                                                            Fax: 225-326-6797
                                                            Email: murrille@ag.louisiana.gov
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ryan Michael Seidemann**

LA Dept of Justice (N 3rd St)
1885 N 3rd St
Baton Rouge, LA 70801
225-326-6035
Fax: 225-326-6099
Email: seidemannr@ag.state.la.us
*ATTORNEY TO BE NOTICED*

**Steven B Jones**
LA Dept of Justice (94005)
P O Box 94005
Baton Rouge, LA 70804-9095
225-326-6085
Fax: 225-326-6099
Email: jonesst@ag.state.la.us
*TERMINATED: 06/13/2017*

**Wilbur Lafayette Stiles , III**
LA Dept of Justice (N 3rd St)
1885 N 3rd St
Baton Rouge, LA 70801
225-326-6708
Fax: 225-326-6797
Email: stilesb@ag.state.la.us
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bay Coquille Inc**

**Defendant**

**Burlington Resources Oil & Gas Co L P**     represented by **Deborah D Kuchler**
Kuchler Polk et al
1615 Poydras St Ste 1300
New Orleans, LA 70112
504-592-0691
Fax: 504-592-0696
Email: dkuchler@kuchlerpolk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leigh Ann Tschirn Schell**
Adams & Reese (NO)
701 Poydras St Ste 4500
New Orleans, LA 70139

504-581-3234
Fax: 504-566-0210
Email: leighann.schell@arlaw.com
*TERMINATED: 04/27/2017*

**Michele Hale DeShazo**
Kuchler Polk Weiner
1615 Poydras St Ste 1300
New Orleans, LA 70112
504-592-0691
Fax: 504-592-0696
Email: mdeshazo@kuchlerpolk.com
*ATTORNEY TO BE NOTICED*

**Robert Edward Guidry**
Kuchler Polk et al
1615 Poydras St Ste 1300
New Orleans, LA 70112
504-592-0691
Fax: 504-592-0696
Email: rguidry@kuchlerpolk.com
*ATTORNEY TO BE NOTICED*

**Sarah E Iiams**
Kuchler Polk et al
1615 Poydras St Ste 1300
New Orleans, LA 70112
504-592-0691
Fax: 504-592-0696
Email: siiams@kuchlerpolk.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chevron U S A Holdings Inc**                   represented by   **Claire Elizabeth Juneau**
Kean Miller (NO)
909 Poydras St Ste 3600
New Orleans, LA 70112
504-585-3050
Fax: 504-585-3951
Email: claire.juneau@keanmiller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexandra Giselle White**
Susman Godfrey (HOU)
1000 Louisiana St Ste 5100
Houston, TX 77002-5096

713-653-7883
Fax: 713-654-6105
Email: lwhite@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Ashley C Parrish**
King & Spalding (DC)
1700 Pennsylvania Ave NW Ste 200
Washington, DC 20006
202-737-0500
Fax: 202-626-3737
Email: aparrish@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charles S McCowan , III**
Kean Miller (BR)
P O Box 3513
Baton Rouge, LA 70821
225-387-0999
Fax: 225-388-9133
Email: trey.mccowan@keanmiller.com
*ATTORNEY TO BE NOTICED*

**Eric J Mayer**
Susman Godfrey (HOU)
1000 Louisiana St Ste 5100
Houston, TX 77002-5096
713-651-9366
Fax: 713-654-6666
Email: emayer@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Louis V Gregoire , Jr**
Kean Miller (BR)
P O Box 3513
Baton Rouge, LA 70821
225-387-0999
Fax: 225-388-9133
Email: victor.gregoire@keanmiller.com
*ATTORNEY TO BE NOTICED*

**Michael R Phillips**
Kean Miller (NO)
909 Poydras St Ste 3600
New Orleans, LA 70112
504-620-3343

Fax: 504-585-3051
Email: mike.phillips@keanmiller.com
*ATTORNEY TO BE NOTICED*

**Michelle Chavonne Cumberland**
Lamothe Law Firm (NO)
400 Poydras St Ste 1760
New Orleans, LA 70130
504-704-1414
Fax: 504-262-0945
Email: mcumberland@lamothefirm.com
*ATTORNEY TO BE NOTICED*

**Pamela R Mascari**
Kean Miller (BR)
P O Box 3513
Baton Rouge, LA 70821
225-387-0999
Fax: 225-388-9133
Email: pam.mascari@keanmiller.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Endeavor Energy Resources L P**

**Defendant**

**Exxon Mobil Corp**                    represented by   **Robert B McNeal**
Liskow & Lewis (NO)
701 Poydras St Ste 5000
New Orleans, LA 70139
504-581-7979
Fax: 504-556-4108
Email: rbmcneal@liskow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M Stein**
Pugh Accardo et al (NO)
1100 Poydras St Ste 3300
New Orleans, LA 70163
504-799-4500
Fax: 504-799-4520
Email: dstein@pugh-law.com
*ATTORNEY TO BE NOTICED*

**Glen M Pilie'**
Adams & Reese (NO)

701 Poydras St Ste 4500
New Orleans, LA 70139
504-581-3234
Fax: 504-566-0210
Email: piliegm@arlaw.com
*ATTORNEY TO BE NOTICED*

**Jamie D Rhymes**
Liskow & Lewis (LAF)
P O Box 52008 O C S
Lafayette, LA 70505
337-232-7424
Fax: 337-267-2399
Email: jdrhymes@liskow.com
*ATTORNEY TO BE NOTICED*

**Jeffrey E Richardson**
Adams & Reese (NO)
701 Poydras St Ste 4500
New Orleans, LA 70139
504-581-3234
Fax: 504-566-0210
Email: jeff.richardson@arlaw.com
*ATTORNEY TO BE NOTICED*

**Martin A Stern**
Adams & Reese (NO)
701 Poydras St Ste 4500
New Orleans, LA 70139
504-581-3234
Fax: 504-566-0210
Email: martin.stern@arlaw.com
*ATTORNEY TO BE NOTICED*

**Matthew A Woolf**
Baker Donelson et al (NO)
201 St Charles Ave Ste 3600
New Orleans, LA 70170
504-566-5200
Fax: 504-636-4000
Email: mwoolf@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Michael P Cash**
Liskow & Lewis (HOU)
1001 Fannin St Ste 1800
Houston, TX 77002

713-651-2900
Fax: 713-651-2908
Email: mcash@liskow.com
*ATTORNEY TO BE NOTICED*

**Monica A Frois**
Baker Donelson et al (NO)
201 St Charles Ave Ste 3600
New Orleans, LA 70170
504-566-5200
Fax: 504-636-4000
Email: mfrois@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Roy C Cheatwood**
Baker Donelson et al (NO)
201 St Charles Ave Ste 3600
New Orleans, LA 70170
504-566-5200
Fax: 504-636-4000
Email: rcheatwood@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Tyler L Weidlich**
Beatty & Wozniak
216 16th St Ste 1100
Denver, CO 80202-5115
303-407-4499
Fax: 800-886-6566
Email: tweidlich@bwenergylaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Helis Oil & Gas Co L L C**          represented by **Edward Daniel Hughes**
Taylor Porter et al (BR)
P O Box 2471
Baton Rouge, LA 70821
225-387-3221
Fax: 225-346-8049
Email: eddie.hughes@taylorporter.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Michael Parker**
Taylor Porter et al (BR)
P O Box 2471
Baton Rouge, LA 70821

225-387-3221
Fax: 225-346-8049
Email: mike.parker@taylorporter.com
*ATTORNEY TO BE NOTICED*

**Kelley Randlev Dick , Jr**
Taylor Porter et al (BR)
P O Box 2471
Baton Rouge, LA 70821
225-387-3221
Fax: 225-215-8749
Email: kelley.dick@taylorporter.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kilroy Co of Texas Inc**          represented by   **Edward C Abell , Jr**
                                                     Onebane Law Firm
                                                     P O Box 3507
                                                     Lafayette, LA 70502-3507
                                                     337-237-2660
                                                     Fax: 337-266-1232
                                                     Email: abelle@onebane.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Mobil Oil Exploration & Producing**   represented by   **Robert B McNeal**
**Southeast Inc**                                        (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **David M Stein**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Glen M Pilie'**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jamie D Rhymes**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jeffrey E Richardson**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Martin A Stern**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew A Woolf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael P Cash**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monica A Frois**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roy C Cheatwood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tyler L Weidlich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Southport Exploration Inc**

**Defendant**

**Texas Co**                          represented by   **Claire Elizabeth Juneau**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Alexandra Giselle White**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ashley C Parrish**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Charles S McCowan , III**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Eric J Mayer**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Louis V Gregoire , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael R Phillips**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michelle Chavonne Cumberland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Pamela R Mascari**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**Vintage Petroleum L L C**

**Defendant**
**Hilcorp Energy Co**                    represented by **Craig Isenberg**
                                          Barrasso Usdin et al (NO)
                                          909 Poydras St Ste 2400
                                          New Orleans, LA 70112
                                          504-589-9700
                                          Fax: 504-589-9701
                                          Email: cisenberg@barrassousdin.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Kelsey Meeks**
                                          Barrasso Usdin et al (NO)
                                          909 Poydras St Ste 2400
                                          New Orleans, LA 70112
                                          504-589-9700
                                          Fax: 504-589-9701
                                          Email: kmeeks@barrassousdin.com
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **David N Luder**
                                          Barrasso Usdin et al (NO)
                                          909 Poydras St Ste 2400
                                          New Orleans, LA 70112

504-589-9798
Fax: 504-212-9618
Email: dluder@barrassousdin.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/21/2016 | 1 | NOTICE of Removal from 38th JDC Cameron Parish, Case Number 10-19581 (Filing fee $400, receipt number 0536-3052907) filed by Exxon Mobil Corp, The Texas Company, Burlington Resources Oil & Gas Co L P, Mobil Oil Exploration & Producing Southeast Inc, Chevron U S A Holdings Inc. (Attachments: # 1 Exhibit I-State Court Pleadings, # 2 Civil cover sheet)(Attorney Leigh Ann Tschirn Schell added to party Burlington Resources Oil & Gas Co L P(pty:dft))(aty,Schell, Leigh Ann) (Attachment 2 replaced on 4/25/2016) (Thigpen, M). (Entered: 04/21/2016), (QC'ed on 04/26/2016, by Thigpen , M) |
| 04/21/2016 | | INTERVENOR COMPLAINT filed by State of Louisiana. ADMINISTRATIVE ENTRY: (THE PDF IMAGE CAN BE FOUND IN ATTACHMENT #1 OF DOCUMENT 1 NOTICE OF REMOVAL).(Attorney J Blake Canfield added to party State of Louisiana(pty:dft), Attorney Megan Kathleen Terrell added to party State of Louisiana(pty:dft))(crt,Thigpen, M) (Entered: 04/25/2016), (QC'ed on 04/26/2016, by Thigpen , M) |
| 04/21/2016 | | CASE Assigned to Judge Patricia Minaldi and Magistrate Judge Kathleen Kay. (crt,Thigpen, M) (Entered: 04/25/2016) |
| 04/21/2016 | | INTERVENOR COMPLAINT filed by State of Louisiana(Ex Rel. Jeff Landry). ADMINISTRATIVE ENTRY: (THE PDF IMAGE CAN BE FOUND IN ATTACHMENT #2 OF DOCUMENT 1 NOTICE OF REMOVAL).(crt,Thigpen, M) (Entered: 04/26/2016), (QC'ed on 04/26/2016, by Thigpen , M) |
| 04/25/2016 | 2 | NOTICE of Corporate Disclosure Statement Requirement re: 1 Notice of Removal sent to Leigh Ann Tschirn Schell, Jeffrey E Richardson, David M Stein, Roy C Cheatwood, Monica A Frois, Matthew A Woolf, Tyler L Weidlich, Deborah D Kuchler, Robert Edward Guidry, Sarah E Iiams, Robert B McNeal, Michael P Cash, Jamie D Rhymes, Martin A Stern, Glen M Pilie' on behalf of Burlington Resources Oil & Gas Co L P, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc. Corporate Disclosure Statement due by 5/9/2016. (crt,Thigpen, M) (Entered: 04/25/2016) |
| 04/25/2016 | 3 | PROPOSED ORDER referred to Magistrate Judge Kay. (Public entry, but no electronic notice). (crt,Thigpen, M) (Entered: 04/25/2016) |
| 04/26/2016 | 4 | REMOVAL ORDER forwarded to all counsel of record. Signed by Magistrate Judge Kathleen Kay on 04/26/2016. (crt,LaCombe, L) (Entered: 04/26/2016) |
| 04/28/2016 | 5 | EX PARTE MOTION for Leave to File Summons and Complaint with consent by Parish of Cameron. Motions referred to Kathleen Kay. (Attachments: # 1 Certificate of No Opposition, # 2 Proposed order)(aty,Marcello, Victor) Modified on 4/28/2016 to modify motion and docket text (Whidden, C). (Entered: 04/28/2016), (QC'ed on |

04/28/2016, by Whidden , C)

| | | |
|---|---|---|
| 04/28/2016 | 6 | CORPORATE DISCLOSURE STATEMENT by Chevron U S A Holdings Inc, Texas Co identifying Corporate Parent Chevron Corp for Chevron U S A Holdings Inc, Texas Co. (aty,Juneau, Claire) (Entered: 04/28/2016), (QC'ed on 04/29/2016, by YocumSld , M) |
| 05/03/2016 | 7 | ELECTRONIC ORDER re 5 Motion for Leave to File Summons and Complaint. No leave of court is required for plaintiff to affect service and no action by plaintiff could serve as a waiver of any objection to subject matter jurisdiction as the defense is not waivable and cannot be conferred by consent. Accordingly the motion is DENIED. Signed by Magistrate Judge Kathleen Kay on 5/3/2016. (jud,Kay, Kathleen) (Entered: 05/03/2016), (QC'ed on 05/04/2016, by LaCombe , L) |
| 05/03/2016 | 8 | CORPORATE DISCLOSURE STATEMENT by Mobil Oil Exploration & Producing Southeast Inc identifying Corporate Parent Mobil Corp, Corporate Parent Mobil Exploration & Producing North America Inc, Corporate Parent Exxon Mobil Corp for Mobil Oil Exploration & Producing Southeast Inc. (aty,McNeal, Robert) Modified text on 5/4/2016 (YocumSld, M). (Entered: 05/03/2016), (QC'ed on 05/04/2016, by YocumSld , M) |
| 05/03/2016 | | REQUEST FOR ISSUANCE OF SUMMONS as to All Defendants, requested by Parish of Cameron. (aty,Marcello, Victor) (Entered: 05/03/2016), (QC'ed on 05/04/2016, by YocumSld , M) |
| 05/03/2016 | 9 | CORPORATE DISCLOSURE STATEMENT by Exxon Mobil Corp. (aty,McNeal, Robert) (Entered: 05/03/2016), (QC'ed on 05/04/2016, by YocumSld , M) |
| 05/03/2016 | 10 | RESPONSE TO REMOVAL ORDER by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co . (Attachments: # 1 Exhibit A)(aty,Schell, Leigh Ann) (Entered: 05/03/2016), (QC'ed on 05/05/2016, by YocumSld , M) |
| 05/04/2016 | 11 | SUMMONS ISSUED as to Bay Coquille Inc, Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Endeavor Energy Resources L P, Exxon Mobil Corp, Helis Oil & Gas Co L L C, Hillcorp Energy Co, Kilroy Co of Texas Inc, Mobil Oil Exploration & Producing Southeast Inc, Southport Exploration Inc, Texas Co, Vintage Petroleum L L C (crt,YocumSld, M) (Entered: 05/04/2016) |
| 05/04/2016 | | REMARK: Party name Hilcorp Energy Co corrected by clerk to be reflected as named in complaint. (crt,Reeves, T) (Entered: 05/04/2016) |
| 05/04/2016 | 12 | SUMMONS ISSUED as to Hilcorp Energy Co (crt,FinnSld, P) (Entered: 05/04/2016) |
| 05/05/2016 | 13 | CORPORATE DISCLOSURE STATEMENT by Burlington Resources Oil & Gas Co L P identifying Corporate Parent Burlington Resources Inc, Corporate Parent Conoco Phillips Co, Corporate Parent Conoco Phillips, Corporate Parent B R O G L P L L C, Corporate Parent B R O G G P L L C for Burlington Resources Oil & Gas Co L P. (aty,Schell, Leigh Ann) (Entered: 05/05/2016), (QC'ed on 05/05/2016, by YocumSld , M) |

| | | |
|---|---|---|
| 05/10/2016 | 14 | Joint MOTION FOR EXTENSION of Filing Deadlines and Delay Rule 26 Requirements Pending Ruling on Remand Motion with consent by Parish of Cameron, Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, State of Louisiana(Ex Rel. Jeff Landry), State of Louisiana, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. Motions referred to Kathleen Kay. (Attachments: # 1 Cert of No Opposition, # 2 Proposed order) (aty,McNeal, Robert) Modified text and filer on 5/11/2016 (Dunford, T). (Entered: 05/10/2016), (QC'ed on 05/11/2016, by Bunting , M) |
| 05/11/2016 | 15 | ELECTRONIC ORDER re 14 Motion for Extension. The motion is denied without prejudice to the rights of movers to refile when and if a Motion to Remand is actually filed. Signed by Magistrate Judge Kathleen Kay on 5/11/2016. (jud,Kay, Kathleen) (Entered: 05/11/2016), (QC'ed on 05/12/2016, by LaCombe , L) |
| 05/11/2016 | 16 | MOTION to Remand by Parish of Cameron. Motions referred to Kathleen Kay. (Attachments: # 1 Memorandum in Support of Motion to Remand, # 2 Proposed order)(aty,Marcello, Victor) (Entered: 05/11/2016), (QC'ed on 05/12/2016, by Bunting , M) |
| 05/12/2016 | 17 | NOTICE of Motion Setting regarding 16 MOTION to Remand. Motions referred to Kathleen Kay. (crt,Bunting, M) (Entered: 05/12/2016) |
| 05/12/2016 | 18 | Joint MOTION FOR EXTENSION of Filing Deadlines & Delay Rule 26 Requirements Pending Ruling on Remand Motion with consent by Parish of Cameron, Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, State of Louisiana(Ex Rel. Jeff Landry), State of Louisiana, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. Motions referred to Kathleen Kay. (Attachments: # 1 Exhibit Cert of No Opposition, # 2 Proposed order) (aty,McNeal, Robert) Modified text and added filer on 5/13/2016 (YocumSld, M). (Entered: 05/12/2016), (QC'ed on 05/13/2016, by YocumSld , M) |
| 05/16/2016 | 19 | ELECTRONIC ORDER granting 18 Motion for Extension. IT IS ORDERED that, until ordered to do so by the Court after a final ruling on Plaintiffs motion to remand, no defendant shall be required to file responsive pleadings, the Federal Rule of Civil Procedure 26(f) conference in this proceeding shall be delayed, and the obligations of the parties under Federal Rule of Civil Procedure 26 shall be delayed. Signed by Magistrate Judge Kathleen Kay on 5/16/2016. (jud,Kay, Kathleen) Modified on 5/16/2016 to edit text (LaCombe, L). (Entered: 05/16/2016), (QC'ed on 05/16/2016, by LaCombe , L) |
| 05/16/2016 | 20 | MOTION for Extension of Time to File Response/Reply as to 16 MOTION to Remand with consent by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. Motions referred to Kathleen Kay. (Attachments: # 1 Exhibit Cert of No Opposition, # 2 Proposed order)(aty,McNeal, Robert) (Entered: 05/16/2016), (QC'ed on 05/16/2016, by Putch , A) |
| 05/17/2016 | 21 | ELECTRONIC ORDER granting 20 Motion for Extension of Time to File Response/Reply re 16 MOTION to Remand. Responses due by 6/8/2016. Signed by Magistrate Judge Kathleen Kay on 5/17/2016. (jud,Kay, Kathleen) (Entered: |

|  |  |  |
|---|---|---|
|  |  | 05/17/2016), (QC'ed on 05/18/2016, by LaCombe , L) |
| 05/18/2016 | 22 | CORPORATE DISCLOSURE STATEMENT by Hilcorp Energy Co identifying Corporate Parent Hilcorp Energy Co for Hilcorp Energy Co. (aty,Isenberg, Craig) (Entered: 05/18/2016), (QC'ed on 05/18/2016, by Putch , A) |
| 05/23/2016 | 23 | MOTION to Remand by State of Louisiana(Ex Rel. Jeff Landry), State of Louisiana. Motions referred to Kathleen Kay. (Attachments: # 1 Memorandum / Brief, # 2 Proposed order)(aty,Jones, Steven) Modified on 5/24/2016 to edit text (Putch, A). (Entered: 05/23/2016), (QC'ed on 05/24/2016, by Putch , A) |
| 05/24/2016 | 24 | NOTICE of Motion Setting regarding 23 MOTION to Remand . Motions referred to Kathleen Kay. (crt,Putch, A) (Entered: 05/24/2016) |
| 05/26/2016 | 25 | CORPORATE DISCLOSURE STATEMENT by Helis Oil & Gas Co L L C. (aty,Hughes, Edward) (Entered: 05/26/2016), (QC'ed on 05/27/2016, by Putch , A) |
| 06/08/2016 | 26 | MEMORANDUM in Opposition re 23 MOTION to Remand *of the State of Louisiana* filed by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. (aty,McNeal, Robert) (Entered: 06/08/2016), (QC'ed on 06/08/2016, by Whidden , C) |
| 06/08/2016 | 27 | MOTION to Request Oral Argument re 23 MOTION to Remand , 16 MOTION to Remand by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. Motions referred to Kathleen Kay. (Attachments: # 1 Proposed order)(aty,McNeal, Robert) Modified on 6/8/2016 to modify motion and docket text (Whidden, C). (Entered: 06/08/2016), (QC'ed on 06/08/2016, by Whidden , C) |
| 06/08/2016 | 28 | MEMORANDUM in Opposition re 16 MOTION to Remand filed by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. (Attachments: # 1 Affidavit Declaration of Larry Lovas, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(aty,Juneau, Claire) (Entered: 06/08/2016), (QC'ed on 06/09/2016, by Whidden , C) |
| 06/10/2016 | 29 | ELECTRONIC ORDER granting 27 Motion for Hearing Motion day set for 9/1/2016 01:30 PM in Lake Charles, Courtroom 3 before Magistrate Judge Kathleen Kay.. Signed by Magistrate Judge Kathleen Kay on 6/10/2016. (jud,Kay, Kathleen) (Entered: 06/10/2016), (QC'ed on 06/15/2016, by LaCombe, L) |
| 06/17/2016 | 30 | REPLY MEMORANDUM IN SUPPORT OF 16 MOTION to Remand filed by Parish of Cameron. (aty,Marcello, Victor) Modified on 6/21/2016 to edit docket text (Crick, S). (Entered: 06/17/2016), (QC'ed on 06/21/2016, by Crick , S) |
| 06/20/2016 | 31 | MEMORANDUM IN SUPPORT OF STATE OF LOUISIANA'S 23 MOTION for Remand filed by State of Louisiana(Ex Rel. Jeff Landry), State of Louisiana. (aty,Seidemann, Ryan) Modified on 6/21/2016 to edit docket text (Crick, S). (Entered: 06/20/2016), (QC'ed on 06/21/2016, by Crick , S) |

| 08/25/2016 | 32 | MOTION for Ashley CParrish to Appear Pro Hac Vice ( Admission fee: $105, receipt number 0536-3159166) by Texas Co and Chevron U S A Holdings Inc. Motions referred to Kathleen Kay. (Attachments: # 1 Certificate of good standing, # 2 Proposed order)(aty,Mascari, Pamela) Modified on 8/25/2016 to modify motion and docket text and to add filer (Whidden, C). (Entered: 08/25/2016), (QC'ed on 08/25/2016, by Whidden , C) |
|---|---|---|
| 08/25/2016 | | ELECTRONIC ORDER: Given the pendency of Board of Comm'rs of the Southeast La. Flood Prot. Auth-East v. Tennessee Gas Pipeline Co., LLC, 29 F.Supp 3d 808 (E.D. La. 2014) before the U.S. Fifth Circuit Court of Appeals and its applicability to this proceeding, the hearing scheduled for September 1, 2016 at 1:30 p.m. is TERMINATED. Once the court of appeals has ruled we will allow the parties the opportunity to supplement or amend their memoranda, should they find supplementation or amendment warranted, and will proceed accordingly at that time. Signed by Magistrate Judge Kathleen Kay on 8/25/2016. (crt,Solari, E) (Entered: 08/25/2016), (QC'ed on 08/26/2016, by LaCombe , L) |
| 08/30/2016 | 33 | ORDER granting 32 Motion to Appear Pro Hac Vice for appearance of Ashley C Parrish for Chevron U S A Holdings Inc,Ashley C Parrish for Texas Co. Signed by Magistrate Judge Kathleen Kay on 08/30/2016. (crt,Crick, S) (Entered: 08/30/2016) |
| 09/14/2016 | 34 | MOTION for Donald W. Price to Enroll as Counsel by State of Louisiana. Motions referred to Kathleen Kay. (Attachments: # 1 Proposed order)(aty,Terrell, Megan) (Entered: 09/14/2016), (QC'ed on 09/15/2016, by Crick , S) |
| 09/21/2016 | 35 | ORDER granting 34 Motion to Enroll as Counsel. Added as counsel Donald W Price for State of Louisiana. Signed by Magistrate Judge Kathleen Kay on 09/21/2016. (crt,Crick, S) (Entered: 09/22/2016) |
| 03/08/2017 | 36 | ELECTRONIC ORDER: Considering the recent ruling by the Fifth Circuit Court of Appeals in the case of Board of Commrs of the Southeast La. Flood Prot. Auth-East v. Tennessee Gas Pipeline Co., LLC, et al, 2017 WL 874999 (5th Cir. Mar. 3, 2017), the court will allow the parties the opportunity to supplement or amend their memoranda to brief the applicability of that ruling to this proceeding. Plaintiff has 30 days or until April 7, 2017 to file a supplemental memorandum in support of its motion to remand. Defendant has 15 days from the filing of plaintiff's memorandum to file a response and plaintiff has 7 days from the filing of defendant's memorandum to file any reply. Signed by Magistrate Judge Kathleen Kay on 3/8/2017. (crt,Solari, E) (Entered: 03/08/2017), (QC'ed on 03/09/2017, by LaCombe , L) |
| 03/08/2017 | | Set/Reset Deadlines: Compliance Deadline set for 4/7/2017. See Electronic Entry 36 . (crt,LaCombe, L) (Entered: 03/09/2017) |
| 03/22/2017 | 37 | MOTION to Substitute Attorney Michele Hale DeShazo in place of Leigh Ann Schell by Burlington Resources Oil & Gas Co L P. Motions referred to Kathleen Kay. (Attachments: # 1 Proposed order)(aty,Guidry, Robert) Modified on 3/23/2017 to modify docket text. (Crick, S). (Entered: 03/22/2017), (QC'ed on 03/23/2017, by Crick , S) |

| 04/07/2017 | 38 | SUPPLEMENTAL MEMORANDUM in Support re 16 MOTION to Remand filed by Parish of Cameron. (aty,Marcello, Victor) Modified on 4/7/2017 (Crick, S). (Entered: 04/07/2017), (QC'ed on 04/07/2017, by Crick , S) |
|---|---|---|
| 04/07/2017 | 39 | SUPPLEMENTAL MEMORANDUM in Support re 23 MOTION to Remand filed by State of Louisiana(Ex Rel. Jeff Landry), State of Louisiana. (aty,Jones, Steven) (Entered: 04/07/2017), (QC'ed on 04/07/2017, by Crick , S) |
| 04/21/2017 | 40 | SUPPLEMENTAL MEMORANDUM in Opposition re 23 MOTION to Remand , 16 MOTION to Remand *Regarding the Effect of the Fifth Circuit's Ruling in the Board of Commissioners Case per Doc 36* filed by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. (aty,McNeal, Robert) (Entered: 04/21/2017), (QC'ed on 04/22/2017, by Whidden , C) |
| 04/27/2017 | 41 | ORDER granting 37 Motion to Substitute Attorney. Added attorney Michele Hale DeShazo for Burlington Resources Oil & Gas Co L P. Attorney Leigh Ann Tschirn Schell terminated. Signed by Magistrate Judge Kathleen Kay on 4/27/2017. (crt,Crick, S) (Entered: 04/27/2017) |
| 04/27/2017 | 42 | REPLY to Response to Motion re 16 MOTION to Remand *Regarding the Supplemental Briefing on the Effect of the Fifth Circuit's Ruling in the Board of Commissioners Case filed by Burlington Resources Oil & Gas Co LP, Chevron USA Holdings Inc., Exxon Mobil Corporation, Mobil Oil Exploration & Producing Southeast Inc and The Texas Company* filed by Parish of Cameron. (aty,Marcello, Victor) (Entered: 04/27/2017), (QC'ed on 04/27/2017, by FinnSld , P) |
| 06/10/2017 | 43 | MOTION to Withdraw Steven B Jones as Counsel of Record by State of Louisiana (Ex Rel. Jeff Landry). Motions referred to Kathleen Kay. (Attachments: # 1 Proposed order)(aty,Jones, Steven) Modified on 6/12/2017 to modify docket text. (Crick, S). (Entered: 06/10/2017), (QC'ed on 06/12/2017, by Crick , S) |
| 06/13/2017 | 44 | ELECTRONIC ORDER granting 43 Motion to Withdraw as Attorney. Attorney Steven B Jones terminated as counsel for State of Louisiana (Ex Rel Jeff Landry). Signed by Magistrate Judge Kathleen Kay on 6/13/2017. (jud,Kay, Kathleen) (Entered: 06/13/2017), (QC'ed on 06/14/2017, by LaCombe , L) |
| 06/23/2017 | 45 | CORPORATE DISCLOSURE STATEMENT by Kilroy Co of Texas Inc (Attorney Edward C Abell, Jr added to party Kilroy Co of Texas Inc(pty:dft)). (aty,Abell, Edward) (Entered: 06/23/2017), (QC'ed on 06/23/2017, by Crick , S) |
| 07/28/2017 | 46 | MOTION to Schedule Oral Argument, and in the Alternative, Motion for Ruling re 23 MOTION to Remand , 16 MOTION to Remand by Parish of Cameron. Motions referred to Kathleen Kay. (Attachments: # 1 Memorandum / Brief, # 2 Proposed order)(aty,Marcello, Victor) Modified on 7/31/2017 to modify docket text. (Crick, S). (Entered: 07/28/2017), (QC'ed on 07/31/2017, by Crick , S) |
| 08/09/2017 | 47 | ELECTRONIC MINUTE ENTRY issued by the Clerk. Case reassigned to Unassigned District Judge. Judge Patricia Minaldi no longer assigned to case. All pending motions are referred to Magistrate Judge Kathleen Kay for processing. All deadlines and hearings remain as set pending further review by the court. All future |

filings should bear the name of the new judge assignment. Approved by Chief Judge
Dee D Drell on 8/7/2017. (crt,FinnSld, P) (Entered: 08/09/2017)

10/26/2017 | 48 | MOTION for Status Conference by Parish of Cameron. Motions referred to
Magistrate Judge Kathleen Kay. (Attachments: # 1 Proposed order)(aty,Bruchhaus,
David) Modified on 10/27/2017 to capture proper motion event (Reeves, T).
(Entered: 10/26/2017), (QC'ed on 10/27/2017, by Reeves , T)

11/14/2017 | 49 | NOTICE by Parish of Cameron of Letter to Chief Judge S. Maurice Hicks, Jr
(aty,Marcello, Victor) (Entered: 11/14/2017), (QC'ed on 11/15/2017, by Crick , S)

12/04/2017 | 50 | ORDER granting (85) Motion for Status Conference in case 2:16-cv-00530-UDJ-
KK; granting (120) Motion for Status Conference in case 2:16-cv-00531-UDJ-KK;
granting (70) Motion for Status Conference in case 2:16-cv-00532-UDJ-KK;
granting (63) Motion for Status Conference in case 2:16-cv-00535-UDJ-KK;
granting (89) Motion for Status Conference in case 2:16-cv-00536-UDJ-KK;
granting (54) Motion for Status Conference in case 2:16-cv-00537-UDJ-KK;
granting (77) Motion for Status Conference in case 2:16-cv-00538-UDJ-KK;
granting (69) Motion for Status Conference in case 2:16-cv-00539-UDJ-KK;
granting (63) Motion for Status Conference in case 2:16-cv-00540-UDJ-KK;
granting (48) Motion for Status Conference in case 2:16-cv-00541-UDJ-KK;
granting (61) Motion for Status Conference in case 2:16-cv-00542-UDJ-KK.
District Judge Status Conference set for 12/6/2017 10:00 AM by telephone before
Chief Judge S Maurice Hicks Jr. Counsel shall use the following information to call
into the status conference: 1-877-848-7030, Access Code 4212407. Lead Counsel for
Plaintiff, Cameron Parish, shall identify all counsel who will participate in the status
conference and supply a list of counsel participating to the Court via email
(motions_hicks@lawd.uscourts.gov) no later than 3:00 p.m. on December 5, 2017.
Signed by Chief Judge S Maurice Hicks, Jr on 12/4/2017. (crt,Crick, S) (Entered:
12/04/2017)

12/04/2017 | | Set Deadlines: Deadline to submit list of counsel participating in status conference
on 12/6/2017 before Judge Hicks set for 12/5/2017 at 3:00 p.m. (crt,Crick, S)
(Entered: 12/04/2017)

12/06/2017 | 51 | MINUTES for proceedings held before Chief Judge S Maurice Hicks, Jr: STATUS
CONFERENCE held on 12/6/2017, denying 49 expedited consideration of pending
motions to remand. (crt,McDonnell, D) (Entered: 12/07/2017)

01/24/2018 | 52 | ELECTRONIC ORDER re 23 MOTION to Remand filed by State of Louisiana, 16
MOTION to Remand filed by Parish of Cameron.

On 1/17/2018 this court issued a Report and Recommendation in related case 16-
cv-530, Cameron v. Auster Oil & Gas. Doc. 89. We recommended that the matter be
remanded. If there exist any factual issues in this case that would cause the court to
treat the Motions To Remand pending herein differently than the court treated the
motions in the related case, counsel is to notify the court of those facts through
supplemental memorandum to be filed on or before 2/6/2018. *Facts alleged in the
Cameron v Auster matter are not to be repeated*. The court seeks only information
that would cause a result that would be different in this case than the result reached

in the related case. Signed by Magistrate Judge Kathleen Kay on 1/24/2018. (jud,Kay, Kathleen) (Entered: 01/24/2018), (QC'ed on 01/25/2018, by LaCombe , L)

| 02/06/2018 | 53 | RESPONSE to 52 Order entitled Supplemental Briefing in Opposition to Remand re 16 , 23 Motions to Remand by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. (aty,McNeal, Robert) Modified on 2/6/2018 to modify docket entry relationships and modify docket text. (Crick, S). (Entered: 02/06/2018), (QC'ed on 02/06/2018, by Crick , S) |

| 02/22/2018 | 54 | REPORT AND RECOMMENDATIONS: IT`IS RECOMMENDED that the Motions to Remand 16 MOTION to Remand filed by Parish of Cameron, and 23 MOTION to Remand filed by State of Louisiana in this matter be GRANTED and that the matter be remanded to the 38th Judicial District Court, Cameron Parish, Louisiana. IT IS ALSO RECOMMENDED that 46 MOTION to Schedule Oral Argument be DENIED AS MOOT. Objections to R&R by 3/8/2018. Signed by Magistrate Judge Kathleen Kay on 2/22/2018. (crt,LaCombe, L) (Entered: 02/22/2018) |

| 03/08/2018 | 55 | OBJECTION to 54 Report and Recommendations *of Magistrate Judge* by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. Response to Objection to R&R due by 3/22/2018 (Attachments: # 1 Memorandum / Brief, # 2 Exhibit A - Auster Report, # 3 Exhibit B - Alsup Order)(aty,McNeal, Robert) Modified on 3/9/2018 to edit text (Putch, A). (Entered: 03/08/2018), (QC'ed on 03/09/2018, by Putch , A) |

| 03/22/2018 | 56 | RESPONSE TO OBJECTION filed by Defendants to 54 Report and Recommendations by Parish of Cameron, State of Louisiana(Ex Rel. Jeff Landry), State of Louisiana. (Attachments: # 1 Exhibit A)(aty,Marcello, Victor) Modified on 3/22/2018 to modify docket text. (Crick, S). (Entered: 03/22/2018), (QC'ed on 03/22/2018, by Crick , S) |

| 03/22/2018 | 57 | Unopposed MOTION for Leave to File Notice of Supplemental Authority Regarding 55 Defendants' Objections to 54 Magistrate Judge's Report & Recommendation by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. Motions referred to Magistrate Judge Kathleen Kay. (Attachments: # 1 Proposed order, # 2 Proposed pleading)(aty,McNeal, Robert) Modified on 3/22/2018 to create docket entry relationship and modify docket text. (Crick, S). (Entered: 03/22/2018), (QC'ed on 03/22/2018, by Crick , S) |

| 03/26/2018 | 58 | ELECTRONIC ORDER granting 57 Motion for Leave to File Notice of SupplementalAuthority Regarding Defendants Objections to the Magistrate Judges Report &Recommendation. Signed by Magistrate Judge Kathleen Kay on 3/26/2018. (jud,Kay, Kathleen) (Entered: 03/26/2018), (QC'ed on 03/27/2018, by Benoit , T) |

| 03/26/2018 | 59 | NOTICE of Supplemental Authority Regarding 55 Objection to 54 Report and Recommendations by Burlington Resources Oil & Gas Co L P, Chevron U S A Holdings Inc, Exxon Mobil Corp, Mobil Oil Exploration & Producing Southeast Inc, Texas Co. (crt,Crick, S) (Entered: 03/27/2018) |

| 05/07/2018 | 60 | ELECTRONIC MINUTE ENTRY issued by the Clerk. Case reassigned to Judge Terry A Doughty. All motions previously pending are transferred to Judge Doughty. All deadlines and hearings remain as set pending further review by the court. All future filings should bear the name of the new judge assignment. Approved by Chief Judge S Maurice Hicks, Jr on 5/7/2018. (crt,Reasor, M) (Entered: 05/07/2018) |
| 05/09/2018 | 61 | MEMORANDUM RULING re 54 REPORT AND RECOMMENDATION of the Magistrate Judge, 16 MOTION to Remand filed by Parish of Cameron and 23 MOTION to Remand filed by State of Louisiana. Signed by Judge Terry A Doughty on 5/9/2018. (Attachments: # 1 Memrandum Ruling Filed in 16-cv-0530) (crt,Crawford, A) (Entered: 05/09/2018) |
| 05/09/2018 | 62 | JUDGMENT Adopting in part 54 Report and Recommendation of the Magistrate Judge. It Is Ordered that 16 and 23 Motions to Remand are Granted. This matter is remanded to the 38th Judicial District Court, Cameron Parish, Louisiana. It Is Further Ordered that 46 Motion for Hearing is Denied As Moot. Signed by Judge Terry A Doughty on 5/9/2018. (crt,Crawford, A) (Entered: 05/09/2018) |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

PARISH OF CAMERON, ET AL.                    CIVIL ACTION NO. 16-0541

VERSUS                                        JUDGE TERRY A. DOUGHTY

BAY CONQUILLE, INC., ET AL.                   MAG. JUDGE KATHLEEN KAY

## JUDGMENT

For the reasons set forth in the Report and Recommendation of the Magistrate Judge, to the extent adopted by this Court after a *de novo* review of the entire record, and for those additional reasons set forth in this Court's Ruling in the related case of *Parish of Cameron v. Auster Oil & Gas Co.*, No. 16-cv-0530,

IT IS ORDERED that the Motions to Remand [Doc. Nos. 16 & 23] filed by Plaintiff Parish of Cameron and Intervenor the State of Louisiana *ex rel.* Jeff Landry, Attorney General and through the Louisiana Department of Natural Resources, Office of Costal Management, and Louisiana Department of Natural Resources, Thomas F. Harris are GRANTED.   The Clerk of Court is hereby instructed to remand this matter to the 38th Judicial District Court, Cameron Parish, Louisiana, forthwith.

IT IS FURTHER ORDERED that the related Motion for Oral Argument [Doc. No. 46] is DENIED AS MOOT.

MONROE, LOUISIANA, this 9th day of May, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE