UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **THE PARISH OF CAMERON** | * | **CIVIL ACTION NO. 2:18-cv-000685** |
| | * | |
| **VERSUS** | * | **UNASSIGNED DISTRICT JUDGE** |
| | * | |
| **BAY COQUILLE, INC.,** *et al.* | * | **MAGISTRATE JUDGE KAY** |
| | * | |

---

**DEFENDANTS EXXON MOBIL CORPORATION AND MOBIL OIL EXPLORATION
AND PRODUCING SOUTHEAST INC.'S ANSWER TO PETITION FOR DAMAGES
TO THE CAMERON PARISH COASTAL ZONE AND
TO INTERVENORS' PETITIONS FOR INTERVENTION**

---

NOW INTO COURT, through undersigned counsel, comes Defendant Exxon Mobil Corporation, as alleged successor to Mobil E & P North America, Inc. and The Superior Oil Company, and Mobil Oil Exploration and Producing Southeast Inc. (collectively, referred to as "ExxonMobil"), who respectfully submit their Answer and Affirmative Defenses to:

(1) The *Petition for Damages to the Cameron Parish Coastal Zone* of the Parish of Cameron and State of Louisiana *ex rel.* Parish of Cameron,

(2) the *Petition in Intervention of the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management*, and

(3) the *Petition for Intervention* filed by the State of Louisiana, *ex rel.* Jeff Landry. Attorney General.

For purposes of this Answer, "ExxonMobil" shall also refer to ExxonMobil's alleged predecessors and "Plaintiffs" shall refer to the Parish of Cameron, State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris and the State of Louisiana, *ex rel.* Jeff Landry, Attorney General.  ExxonMobil denies every

allegation, except for those specifically admitted below. ExxonMobil denies Plaintiffs' interpretations of the State and Local Coastal Resources Management Act of 1978, La. Rev. Stat. § 49.214.21, *et seq.*, the Louisiana Administrative Code, and other state law insofar as Plaintiffs characterize the provisions cited as requirements and/or characterize alleged conduct as violations thereof.  Further, pursuant to Louisiana Code of Civil Procedure article 853 and Federal Rule of Civil Procedure 10(c), ExxonMobil raises and adopts by reference any and all motions, exceptions and/or affirmative defenses asserted by ExxonMobil or by any other defendant in response to any Petition filed in this matter, to the extent applicable.

**AFFIRMATIVE DEFENSES**

**I.   Affirmative Defenses in response to the Petition for Damages to the Cameron Parish Coastal Zone of the Parish of Cameron and State of Louisiana *ex rel.* Parish of Cameron**

ExxonMobil asserts the following affirmative defenses in response to the Petition for Damages to the Cameron Parish Coastal Zone of the Parish of Cameron and State of Louisiana *ex rel.* Parish of Cameron Parish (hereinafter referred to as the "Petition"):

1.

Plaintiffs cannot seek both restoration of property and damages with respect to such property, as it would constitute an impermissible double recovery.

2.

Plaintiffs have no right to seek restoration of property which Plaintiffs do not own, and Plaintiffs have no right to seek damages for the loss of and/or restoration costs for property which Plaintiffs do not own.

3.

The Petition is improper due to misjoinder of parties and/or improper cumulation of defendants.  In particular, the Petition purports to join, in a single lawsuit, twelve (12) individual oil and gas exploration and production companies that Plaintiffs allege are responsible for a number of entirely distinct alleged violations.  Plaintiffs' attempt to try all the alleged violations against all defendants in a single trial is prejudicial in violation of ExxonMobil's due process rights.

4.

The Petition is improper due to failure to join necessary or indispensable parties.  All or part of the restoration requested by Plaintiffs requires permits or approvals from various state and federal agencies, some of whom are not parties to the litigation, but without whose consent such restoration would be unlawful.  Thus, those agencies are also indispensable parties to the litigation.

5.

Plaintiffs' claims are barred, in whole or in part, by prescription or laches.  Furthermore, Plaintiffs' delay in bringing claims has denied ExxonMobil the ability to fully discover and defend the claims in the premises, and/or to act to limit or preclude any damages, such that the Plaintiffs' actions at this late date constitute a denial of due process of law and related rights under the United States Constitution and the Constitution of the State of Louisiana.

6.

Plaintiffs' claims are barred, in whole or in part, under the doctrines of collateral and equitable estoppel, res judicata, claim or issue preclusion, and retraxit.

7.

Plaintiffs' claims are barred, in whole or in part, under the doctrine of waiver.

8.

Plaintiffs' claims are barred, in whole or in part, under the doctrines of unclean hands and *in pari delicto*.

9.

ExxonMobil affirmatively pleads that, in the event of any award, legal interest is not due.

10.

Plaintiffs lack authority or standing to bring some or all of the claims raised in the Petition.

11.

The Petition fails to state a cause of action against ExxonMobil.

12.

The relief sought by Plaintiffs is barred because it violates the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the Constitution of the State of Louisiana.  Due process violations include, but are not limited to, the failure to give notice of conduct proscribed under SLCRMA if Plaintiffs' interpretation of the law—which ExxonMobil denies—is accepted.

13.

Plaintiffs' alleged injuries were, all or in part, the result of unavoidable circumstances, which could not have been prevented.

14.

ExxonMobil affirmatively pleads the terms and conditions of any and all releases, transactions, or compromises, or accord and satisfaction, that may be found to exist in the premises at issue.

15.

Plaintiffs' claims are premature in that Plaintiffs have failed to exhaust their administrative remedies prior to filing their Petition.  Namely, the State and Local Coastal Resources Management Act (SLCRMA)[1] under which Plaintiffs purport to bring their claims and Cameron Parish's coastal zone management plan and related ordinances provide administrative remedies for alleged coastal use permit violations, which must be exhausted before suit may proceed.

16.

No act or omission by ExxonMobil was the proximate cause, contributing cause, or otherwise the cause of any legally recoverable damages alleged by Plaintiffs, and, to the extent Plaintiffs' claims are based upon any theory providing for liability without proof of causation, they violate SLCRMA and ExxonMobil's rights under the United States Constitution and the Constitution of the State of Louisiana.

17.

ExxonMobil affirmatively avers that Plaintiffs may not recover for conditions caused by operations conducted pursuant to an oil, gas, and mineral lease, or other contract or permit, or for conditions that were contemplated by the parties within the ambit of any applicable contracts or permits.  In that regard, ExxonMobil specifically pleads that its operations were (1) in compliance with accepted and permissible practices, customs, and procedures of the oil and gas industry, (2) in compliance with the reasonably prudent operator standard, (3) in compliance with all legal, regulatory, and contractual requirements, (4) performed in good faith, and (5) reasonably necessary and conducted as contemplated by the parties to the applicable agreements, contracts, and permits.

---

[1] LA. REV. STAT. § 49.214.21, *et seq.*

18.

Plaintiffs solely allege damages stemming from alleged violations of the SLCRMA coastal use permitting regime; ExxonMobil therefore is not liable for any damages allegedly caused by (1) any activity commenced or conducted prior to the implementation of the coastal use permitting regime, (2) any activity for which a coastal use permit was not required, or (3) any activity conducted in accordance with a coastal use permit.

19.

Plaintiffs' claims are tied to ExxonMobil's alleged operation of wells identified in Exhibit F to the Petition.  To the extent the operation of a well identified in Exhibit F ceased before 1980, it is impossible for Plaintiffs to assert a claim against ExxonMobil under SLCRMA.

20.

ExxonMobil's actions were in accordance with applicable permits, laws, and regulations and conformed to accepted industry practices and customs, and this compliance bars Plaintiffs' claims for violations of SLCRMA, including claims relating to activities that Plaintiffs purport were not "lawfully commenced" prior to SLCRMA's enactment.

21.

The prosecution of Plaintiffs' claims against ExxonMobil, to the extent that Plaintiffs purport to retroactively apply the provisions of SLCRMA to activities commenced or conducted before the law was implemented, violates the Due Process, Takings, and *Ex Post Facto* Clauses of the United States Constitution and the Constitution of the State of Louisiana.

22.

Plaintiffs' claims are preempted to the extent they interfere, including ex post facto interference, with the drilling of wells or other activities within the purview of the Commissioner

of Conservation. Any interpretation or application of law which has such an effect is unconstitutional under the Constitution of the State of Louisiana.

23.

Plaintiffs' claims constitute a change in the application and/or interpretation of regulation without proper rulemaking procedures.

24.

Plaintiffs' claims constitute a change in the application and or interpretation of Louisiana's Coastal Resources Program, which changes have not been approved by the National Oceanic and Atmospheric Administration, and thus contravene federal law.

25.

The prosecution of Plaintiffs' claims against ExxonMobil, to the extent that Plaintiffs purport to change the requirements of SLCRMA after the law was implemented, violates the Due Process guarantees of the United States Constitution and the Constitution of the State of Louisiana.

26.

ExxonMobil affirmatively pleads that it is not liable under SLCRMA for any damages allegedly caused by traditional oil and gas production activities, such as drilling and producing wells, using pits for storing fluid, disposing of exploration and production waste, discharges of produced water, and other similar activities, which are and historically have been permitted and enforced by various state agencies other than the Coastal Management Division or Office of Coastal Management of the Louisiana Department of Natural Resources, including but not limited to Office of Conservation of the Louisiana Department of Natural Resources and the Louisiana Department of Environmental Quality, for which coastal use permits are not required. *See* LA.

Rev. Stat. § 49:214.31(B).  Such activities are outside the purview of SLCRMA and therefore cannot form the basis for liability in this coastal use permit enforcement proceeding.

27.

ExxonMobil's obligations under SLCRMA, if any, are limited exclusively to the terms and conditions of its coastal use permits.  Unless a coastal use permit explicitly so requires, SLCRMA does not require operators, *inter alia*, to restore properties to their original condition or to revegetate, refill, clean, detoxify, plug, or backfill canals.

28.

Plaintiffs' reliance on "cumulative impacts" as a theory of liability and/or recovery violates SLCRMA and principles of due process.  Plaintiffs' entitlement to recovery, if any, must be established by proof of specific damage proven to be caused by a specific violation.   Plaintiffs must prove that a specific Coastal Use Permit has been violated according to the terms of that permit or that a specific activity of ExxonMobil was required to have received a Coastal Use Permit but did not.  No other claim is permitted under SLCRMA. If any other claims are allowed to be prosecuted, it constitutes a violation of ExxonMobil's right to due process of law, under both the federal and Louisiana Constitutions.

29.

If Plaintiffs are entitled to recover any restoration costs or actual restoration, which ExxonMobil denies, any such costs and/or restoration must be both "feasible and practical" pursuant to La. R.S. 49:214.36.

30.

ExxonMobil has no liability under SLCRMA for the actions of any predecessor or successor.

31.

Plaintiffs' claims interpret the State and Local Coastal Resources Management Act of 1978, La. Rev. Stat. § 49.214.21, *et seq.*, the Louisiana Administrative Code, and other state law inconsistently with its text and/or agency practice, violating principles of fair notice and due process.

32.

Plaintiffs' claims rely on erroneous interpretations of provisions of law which are ambiguous to the point of unconstitutional vagueness.

33.

Plaintiffs consented to all operations described in the Petition and to the manner in which those operations were conducted by their grant of permits, receipt of royalties, and decades of acquiescence.

34.

Plaintiffs' claim for damages must be offset by the value of royalties, rentals, bonuses, or other payments received from ExxonMobil; Plaintiffs' revenues were realized based on the operations as they were conducted, and operations under more onerous standards than those required by the relevant coastal use permits, law, and industry custom would have decreased the revenue to which Plaintiffs were entitled.

35.

If Plaintiffs were injured, the alleged damage was due to the actions or fault of other persons for whom ExxonMobil is not liable.  Any such third-party actors may be indispensable to this action.

36.

Plaintiffs assumed the risk of the property damages alleged in this matter.

37.

Plaintiffs' alleged damages are barred or subject to reduction due to their and/or others' actions, omissions, fault, comparative fault, contributory negligence, indemnity, and/or pre-existing conditions.

38.

Plaintiffs' recovery in this matter, if any, should not exceed for each individual defendant the diminution in value, if any, of the property or the value of the property that was allegedly caused by that defendant's individual violation or violations of SLCRMA.

39.

Plaintiffs have no right to assert any claims that have been extinguished through confusion, compromise, or release.

40.

Plaintiffs' damages, if any, were caused by a *force majeure*, including natural and supervening causes, and/or the actions or inactions of third parties, including but not limited to Plaintiffs and Intervenors, for which ExxonMobil is not answerable in damages.  ExxonMobil affirmatively pleads all such acts of *force majeure* and/or third-party acts and damages that bar Plaintiffs' claims.

41.

Any payments or settlements which Plaintiffs receive or have received from ExxonMobil or other persons should be credited against any damages otherwise recoverable from ExxonMobil.

-10-

42.

If Plaintiffs have stated a claim or cause of action and sustained any injuries or damages, such damages should be barred, or, alternatively, reduced, to the extent that Plaintiffs have failed to mitigate their damages.

43.

ExxonMobil's liability, if any, is not *in solido* with any party and no *in solido* liability is allowed under SLCRMA.

44.

Any award against ExxonMobil must be reduced by the share of fault assigned to any settling parties or other persons alleged or found to be responsible for the damages alleged by Plaintiffs.

45.

ExxonMobil reserves the right to raise all affirmative defenses that may be revealed in the course of discovery.

46.

Plaintiffs have no cause of action for attorneys' fees.

47.

Plaintiffs cannot recover under a theory of enterprise liability.

48.

Plaintiffs' claims are barred to the extent they constitute a collateral attack on orders, permits, or decisions from or by federal or state agencies.

49.

Plaintiffs have no right or cause of action to recover for damages relating to past and future economic loss.

50.

The claims asserted in the Petitions are barred by Subsection 36(D) of SLCRMA, which provides that enforcement may be undertaken by "[t]he secretary, the attorney general, an appropriate district attorney, *or* a local government with an approved program." LA. REV. STAT. § 49:214.36(D).  Further, SLCRMA only permits the Parish to enforce uses of local concern—not uses of state concerns, which are enforceable only by the State—and the only claims in this case pertain to uses of state concern.  *See id.* § 49:214.25.  The Parish cannot "co-enforce" alleged violations of SLCRMA when the State of Louisiana has intervened in its own right with respect to those same alleged violations.

51.

To the extent Plaintiffs' claims are based upon activities conducted pursuant to federal laws, or federal permits or contracts, including permits issued by the United States Army Corps of Engineers, Plaintiffs' claims are preempted by federal law.

52.

To the extent Plaintiffs have disclaimed certain claims or reliance on certain law, including but not limited to those claims or laws referenced in Petition ¶ 33, such claims or reliance on such law cannot be the subject of any right to relief by Plaintiffs.

53.

Plaintiffs' claims constitute unconstitutional impairment of the obligation of contracts.

54.

To the extent Plaintiffs' claims are based upon activities conducted pursuant to federal directives or activities in which ExxonMobil was otherwise operating as a federal officer, ExxonMobil is immune from such claims.

55.

Exxon Mobil Corporation is not the corporate successor of Mobil E & P North America, Inc. or The Superior Oil Company and therefore has no responsibility or liability for any claims arising from their activities alleged by Plaintiffs.

## II.     Affirmative Defenses in Response to Intervenors' Petitions

In response to the Petitions for Intervention filed by the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris and by the State of Louisiana, *ex rel.* Jeff Landry, Attorney General (hereinafter referred to collectively as "Intervenors' Petitions"), ExxonMobil asserts the following affirmative defenses:

1.

ExxonMobil hereby adopts and incorporates by reference all affirmative defenses pled above in Paragraphs 1–55 as if fully asserted herein against the Intervenors' Petitions.

2.

The claims asserted in the Intervenors' Petitions are barred by Subsection 36(D) of SLCRMA, which provides that enforcement may be undertaken by "[t]he secretary, the attorney general, an appropriate district attorney, *or* a local government with an approved program." LA. REV. STAT. § 49:214.36(D).  SLCRMA grants the right to *either* the Secretary of the Department

-13-

of Natural Resources or the Attorney General, but not to both.  The State's attempt to enforce

SCLRMA through two separate entities violates the express provisions of SLCRMA.

3.

The attempted dual enforcement of SLCRMA by the State through the two Intervenors'

Petitions would allow the State to enforce the statute in a duplicative or inconsistent manner.  This

fundamental unfairness constitutes a denial of due process of law and related rights under the

United States Constitution and the Constitution of the State of Louisiana.

4.

Intervenors' claims are barred, in whole or in part, by, *inter alia*, the doctrines of

prescription, laches, collateral and equitable estoppel, waiver, unclean hands, *in pari delicto*, res

judicata, retraxit, claim and issue preclusion, lack of standing, release, accord and satisfaction,

and/or failure to exhaust administrative remedies.


**ANSWER TO PETITION FOR DAMAGES TO THE CAMERON PARISH COASTAL
ZONE OF THE PARISH OF CAMERON AND STATE OF LOUISIANA *EX REL.*
PARISH OF CAMERON**

AND  NOW,  FURTHER  ANSWERING,  ExxonMobil  responds  as  follows  to  the

individually numbered paragraphs of the Petition:

1.

The allegations of Paragraph 1 of the Petition state a legal conclusion and/or mixed

statements of law and fact and therefore do not require an answer.  To the extent an answer may

be required, ExxonMobil denies that the Parish of Cameron is authorized by state statute to bring

actions on its own behalf for enforcement of SLCRMA and the applicable regulations, rules, orders

and ordinances promulgated or adopted thereunder by the State or Cameron Parish, to the extent

the Parish asserts that it is authorized to do so for the activities alleged in the Petition.  ExxonMobil further denies that the Parish of Cameron is authorized by state statute to bring actions in the name of the State of Louisiana for enforcement of SLCRMA and the applicable regulations, rules, orders and ordinances promulgated or adopted thereunder by the State or Cameron Parish.   The allegations of Paragraph 1 of the Petition are otherwise denied for lack of information sufficient to justify a belief therein.

2.

In response to Paragraph 2, Exxon Mobil Corporation and Mobil Oil Exploration and Producing Southeast, Inc.  admit that they are foreign corporations and that Corporation Service Company is their registered agent, but deny that their registered agent is located at 320 Somerulos St., Baton Rouge, LA 70802 and deny that Exxon Mobil Corporation is the successor of The Superior Oil Company or Mobil E&P North America, Inc.  The remaining allegations of Paragraph 2 are denied for lack of information to justify a belief therein

3.

The allegations of Paragraph 3 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer. The allegations of Paragraph 3 of the Petition are otherwise denied, except that ExxonMobil admits that it operated in the Operational Area.

4.

The allegations of Paragraph 4 of the Petition do not require an answer.  To the extent an answer may be required, the quoted statute is the best evidence of its contents.

-15-

5.

The allegations of Paragraph 5 of the Petition do not require an answer. To the extent an answer may be required, the cited statutes are the best evidence of their contents.

6.

The allegations of Paragraph 6 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 6 are denied for lack of information sufficient to justify a belief therein.

7.

The allegations of Paragraph 7 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 7 are denied for lack of information sufficient to justify a belief therein.

8.

The allegations of Paragraph 8 of the Petition do not require an answer.  To the extent an answer may be required, the cited statute is the best evidence of its contents.

9.

The allegations of Paragraph 9 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 9 are denied for lack of information sufficient to justify a belief therein.

10.

The allegations of Paragraph 10 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, ExxonMobil denies that the Parish of Cameron is authorized under the provisions of La. R.S. 49:214.36 to bring appropriate actions in the name of the State of Louisiana for enforcement of the CZM Laws and denies that Plaintiffs are empowered to bring declaratory, civil damages, and other actions to ensure that no uses of state concern are made of the coastal zone for which a coastal use permit has not been issued when required or which are not in accordance with the terms and conditions of a coastal use permit.  The allegations of Paragraph 10 are otherwise denied for lack of information sufficient to justify a belief therein.

11.

The allegations of Paragraph 11 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the cited statute is the best evidence of its contents.

12.

The allegations of Paragraph 12 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the cited statute is the best evidence of its contents.

13.

The allegations of Paragraph 13 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, ExxonMobil denies that Plaintiffs are the proper parties to bring the causes of action

set forth in the Petition.   The allegations of Paragraph 13 are otherwise denied for lack of information sufficient to justify a belief therein.

14.

The allegations of Paragraph 14 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 14 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

15.

The allegations of Paragraph 15 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the cited statute is the best evidence of its contents.

16.

The allegations of Paragraph 16 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 16 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

17.

The allegations of Paragraph 17 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 17 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

18.

The allegations of Paragraph 18 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 18 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

19.

The allegations of Paragraph 19 of the Petition are denied as to ExxonMobil, except that ExxonMobil admits that it drilled or operated wells in the Operational Area listed on Exhibit F to the Petition. The remaining allegations are denied for lack of information sufficient to justify a belief therein.

20.

The allegations of Paragraph 20 of the Petition are denied for lack of information sufficient to justify a belief therein.

21.

The allegations of Paragraph 21 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 21 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

22.

The allegations of Paragraph 22 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 22 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

23.

The allegations of Paragraph 23 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 23 are denied for lack of information sufficient to justify a belief therein.

24.

The allegations of Paragraph 24 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 24 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

25.

The allegations of Paragraph 25 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 25 are denied for lack of information sufficient to justify a belief therein.

26.

The allegations of Paragraph 26 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 26 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

27.

The allegations of Paragraph 27 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  Further, Paragraph 27 makes reference to a Memorandum of Understanding, which is not attached to the Petition.  Without admitting or agreeing to the accuracy or veracity of this Memorandum, ExxonMobil states that the Memorandum is the best evidence of its own contents.  To the extent an answer may be required, the allegations of Paragraph 27 are denied for lack of information to justify a belief therein, except that ExxonMobil admits that certain of its activities in the Operational Area have been permitted and/or authorized by the Louisiana Department of Natural Resources, Office of Conservation.

28.

The allegations of Paragraph 28 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 28 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

29.

The allegations of Paragraph 29 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 29 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

30.

The allegations of Paragraph 30 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may

be required, the allegations of Paragraph 30 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

31.

The allegations of Paragraph 31 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 31 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

32.

The allegations of Paragraph 32 of the Petition state a legal conclusion and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 32 are denied.

33.

Paragraph 33 of the Petition lists various causes of action that purportedly are not included in the claims in the Petition and does not require a response, except that ExxonMobil denies that Plaintiffs can disclaim the jurisdiction of a court where such jurisdiction exists under the facts and law of the case or disclaim the application of federal law which is intertwined with, and/or a basis for, Plaintiffs' claims.

34.

The allegations of Paragraph 34 of the Petition state a legal conclusion and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 34 are denied.

35.

The allegations of Paragraph 35 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 35 are denied as to ExxonMobil.  The remaining allegations are denied for lack of information sufficient to justify a belief therein.

36.

The allegations of Paragraph 36 of the Petition state a legal conclusion and/or mixed statements of law and fact and therefore do not require an answer.  To the extent an answer may be required, the allegations of Paragraph 36 are denied.

37.

The allegations of Paragraph 37 of the Petition do not require a response.

38.

ExxonMobil denies the Prayer for Relief and specifically denies that Plaintiffs are entitled to any relief whatsoever against it.  To the extent the Prayer for Relief relates to other Defendants, no response is required.


## ANSWER TO STATE OF LOUISIANA *EX REL.* JEFF LANDRY'S PETITION FOR INTERVENTION

AND NOW, FURTHER ANSWERING, ExxonMobil responds as follows to the individually numbered paragraphs of the Petition for Intervention filed by the State of Louisiana, *ex rel.* Jeff Landry, Attorney General:

-23-

1.

To the extent that Paragraph 1 adopts allegations stated in the Petition, those allegations are denied for the reasons stated above.  The remaining allegations of Paragraph 1 do not require a response.

2.

The allegations of Paragraph 2 do not require a response from ExxonMobil.

3.

The allegations of Paragraph 3 purport to characterize a decision from a federal district judge in a different case, which speaks for itself.  Moreover, the allegations state legal conclusions and therefore do not require an answer.

4.

The allegations of Paragraph 4 state legal conclusions and therefore do not require an answer.

5.

The allegations of Paragraph 5 state legal conclusions and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 5 are admitted to the extent that they allege the referenced case was removed and remanded.

6.

The allegations of Paragraph 6 do not require a response.

7.

The allegations of Paragraph 7 state legal conclusions and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 7 are denied for lack of information to justify a belief therein.

8.

The allegations of Paragraph 8 state legal conclusions and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 8 are denied for lack of information to justify a belief therein.

9.

The allegations of Paragraph 9 state legal conclusions and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 9 are denied for lack of information to justify a belief therein.

10.

The allegations of Paragraph 10 state legal conclusions and therefore do not require a response.  To the extent a response is required, the cited statutes provide the best evidence of their own contents.

11.

The allegations of Paragraph 11 state legal conclusions and therefore do not require a response.

12.

To the extent that Paragraph 12 alleges that ExxonMobil is responsible for dredging activities contributing to the degradation of property in the coastal zone, those allegations are denied.  The remaining allegations of Paragraph 12 are denied for lack of information to justify a belief therein.

13.

The allegations stated in Paragraph 13 do not require a response, except to the extent that they incorporate by reference the claims made in paragraphs 25-33 of the Petition.   ExxonMobil incorporates by reference its responses to those paragraphs herein.

14.

The allegations of Paragraph 14 state legal conclusions and therefore do not require a response.  To the extent a response is required, ExxonMobil denies that the State of Louisiana is entitled to any relief whatsoever against it and denies any remaining allegations for lack of information to justify a belief therein.

15.

The allegations of Paragraph 15 state legal conclusions and therefore do not require a response.  To the extent a response is required, ExxonMobil denies that the State of Louisiana is entitled to any relief whatsoever against it and denies any remaining allegations for lack of information to justify a belief therein.

16.

The allegations of Paragraph 16 state legal conclusions and therefore do not require a response.  To the extent a response is required, ExxonMobil denies that the State of Louisiana is entitled to any relief whatsoever against it and denies any remaining allegations for lack of information to justify a belief therein.

17.

The allegations of Paragraph 17 state legal conclusions and therefore do not require a response.  To the extent a response is required, ExxonMobil denies that the State of Louisiana is

4769658

entitled to any relief whatsoever against it and denies any remaining allegations for lack of information to justify a belief therein.

18.

ExxonMobil denies the Prayer for Relief and specifically denies that the State of Louisiana is entitled to any relief whatsoever against it.  ExxonMobil denies any remaining allegations for lack of information to justify a belief therein.

**ANSWER TO PETITION IN INTERVENTION OF THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF NATURAL RESOURCES, OFFICE OF COASTAL MANAGEMENT**

AND NOW, FURTHER ANSWERING, ExxonMobil responds as follows to the individually numbered paragraphs of the Petition for Intervention filed by the State of Louisiana, through the Department of Natural Resources, Office of Coastal Management and its Secretary, Thomas F. Harris ("LDNR"):

1.

The allegations of Paragraph 1 require no response.  To the extent a response is required, the cited statute is the best evidence of its terms.

2.

The allegations of Paragraph 2 state legal conclusions and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 2 are denied for lack of information to justify a belief therein, except that ExxonMobil denies that LDNR has concurrent authority to enforce the provisions of law at issue in the current matter.

-27-

3.

The allegations of Paragraph 3 state legal conclusions and therefore do not require a response.

4.

The allegations of Paragraph 4 are denied for lack of information to justify a belief therein.

5.

The allegations of Paragraph 5 purport to characterize a decision from a federal district judge in an unspecified case, which speaks for itself.  The allegations also state legal conclusions and/or mixed statements of law and fact and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 5 are denied for lack of information to justify a belief therein.

6.

The allegations of Paragraph 6 state legal conclusions and/or mixed statements of law and fact and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 6 are denied for lack of information to justify a belief therein, except that ExxonMobil admits that Attorney General Jeff Landry intervened in this matter and other suits in Cameron Parish purportedly seeking recovery under SLCRMA.

7.

The allegations of Paragraph 7 state legal conclusions and/or mixed statements of law and fact and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 7 are denied for lack of information to justify a belief therein.

8.

The allegations of Paragraph 8 do not require a response.  To the extent a response is required, the cited article is the best evidence of its content.

9.

The allegations of Paragraph 9 state legal conclusions and/or mixed statements of law and fact and therefore do not require a response.  To the extent a response is required, ExxonMobil admits that the Louisiana Legislature enacted SLCRMA in 1978.  The remaining allegations of Paragraph 9 are denied for lack of information to justify a belief therein.

10.

The allegations of Paragraph 10 are admitted.

11.

The allegations of Paragraph 11 state legal conclusions and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 11 are denied for lack of information to justify a belief therein, and ExxonMobil denies any characterization that the Louisiana Coastal Use Guidelines are "enforceable" in terms of a cause of action against ExxonMobil.

12.

The allegations of Paragraph 12 state legal conclusions and therefore do not require a response.  To the extent a response is required, the cited statute provides the best evidence of its own content.

13.

The allegations of Paragraph 13 contain mixed statements of law and fact and therefore do not require a response.

4769658

14.

The allegations of Paragraph 14 contain mixed statements of law and fact and therefore do not require a response.

15.

The allegations of Paragraph 15 contain mixed statements of law and fact and therefore do not require a response.  To the extent a response is required, the cited statute provides the best evidence of its own content.

16.

The allegations of Paragraph 16 state legal conclusions and therefore do not require a response.  To the extent a response is required, the cited statute provides the best evidence of its own content.

17.

The allegations of Paragraph 17 contain mixed statements of law and fact and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 do not require a response.

19.

The allegations of Paragraph 19 purport to characterize the Petition, which speaks for itself. Further, the allegations state legal conclusions and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 19 are denied for lack of information sufficient to justify a belief therein.

-30-

20.

The allegations of Paragraph 20 state legal conclusions and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 20 are denied for lack of information sufficient to justify a belief therein.

21.

The allegations of Paragraph 21 state legal conclusions and therefore do not require a response.  To the extent a response is required, the cited statute provides the best evidence of its own content.

22.

The allegations of Paragraph 22 state legal conclusions and/or contain mixed statements of law and fact and therefore do not require a response.

23.

The allegations of Paragraph 23 state legal conclusions and/or contain mixed statements of law and fact and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 23 are denied for lack of information sufficient to justify a belief therein.

24.

The allegations of Paragraph 24 state legal conclusions and/or contain mixed statements of law and fact and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 24 are denied as any alleged failure of ExxonMobil to obtain permits or comply with permits.  The remaining allegations are denied for lack of information to justify a belief therein.

25.

The allegations of Paragraph 25 state legal conclusions and therefore do not require a response.  To the extent a response is required, the allegations of Paragraph 25 are denied for lack of information sufficient to justify a belief therein.

26.

ExxonMobil denies the Prayer for Relief and specifically denies that the State of Louisiana through the Department of Natural Resources is entitled to any relief whatsoever against it.  To the extent the Prayer for Relief relates to other Defendants, no response is required.

WHEREFORE, after due proceedings had, ExxonMobil Corporation and Mobil Oil Exploration & Producing Southeast, Inc. pray that their affirmative defenses and answer be deemed good and sufficient, that all petitions and claims of Plaintiffs be dismissed with prejudice with costs to be borne by Plaintiffs, and for such other and further relief to which they may be entitled.

Respectfully submitted,

/s/ Robert B. McNeal
Robert B. McNeal (No. 14211)
rbmcneal@liskow.com
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

4769658

Michael P. Cash (No. 31655), T.A.
mcash@liskow.com
**LISKOW & LEWIS**
First City Tower
1001 Fannin Street
Houston, Texas  77002-6756
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908

Jamie D. Rhymes (No. 24621)
jdrhymes@liskow.com
**LISKOW & LEWIS**
822 Harding Street
Lafayette, Louisiana 70503
Telephone:  (337) 232-7424
Facsimile:  (337) 267-2399

-and-

Martin A. Stern (No. 17154)
martin.stern@arlaw.com
Glen M. Pilié (No. 1539)
glen.pilie@arlaw.com
Jeffrey E. Richardson (No. 23273)
jeffrey.richardson@arlaw.com
Alexandra G. Roselli (#37847)
alexandra.roselli@arlaw.com
**ADAMS AND REESE LLP**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210

-and-

4769658

Roy C. Cheatwood (No. 04010
rcheatwood@bakerdonelson.com
Monica A. Frois (No. 20187)
mfrois@bakerdonelson.com
Matthew A. Woolf (No. 27146)
mwoolf@bakerdonelson.com
Tyler L. Weidlich (No. 30790)
tweidlich@bakerdonelson.com
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ**
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

*Attorneys for Exxon Mobil Corporation and Mobil
Oil Exploration and Producing Southeast Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2018, a copy of the above and foregoing Notice of Removal

was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing

will be sent to all counsel of record by electronic mail and/or regular mail.


/s/ Robert B. McNeal

4769658